# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KEITH STANSELL, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,<br><br>　　　　　　　Defendants. | Civil Action: 1:10-mc-22724-RNS |

## INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION TO INTERVENE

Glen M. Lindsay, Esq.
Florida Bar No: 59200
SAAVERDA GOODWIN
312 SE 17th Street., 2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333
Fax: (954) 767-8111
Email: glindsay@saavlaw.com
Service Email: eservice@saavlaw.com

*Attorneys for Jose Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC*

## **TABLE OF CONTENTS**

                                                        **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

I.      PROCEDURAL HISTORY .......................................................................................... 1

II.     LEGAL ARGUMENT ................................................................................................ 3

        A.     The Intervenors' Motion Is Timely And Will Not Cause Any Prejudice To The Plaintiffs. ................................................................................................. 4

        B.     The Intervenors' Motion Must Be Granted In Order To Satisfy Due Process Requirements And Protect The Intervenors' Interest In Their Property Rights. .......................................................................................... 5

        C.     The Current Parties Will Not Be Able To Adequately Protect The Interest Of The Moving Parties. ............................................................................. 7

III.    CONCLUSION ........................................................................................................... 7

SAAVEDRA | GOODWIN · 312 SOUTHEAST 17TH STREET, SECOND FLOOR · FORT LAUDERDALE, FL 33316 · (954) 767-6333

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

Armstrong v. Manzo,
   380 U.S. 545 (1965)................................................................................................................6

Betty K Agencies, Ltd. v. M/V Monada,
   432 F.3d 1333 (11th Cir. 2005) ...............................................................................................5

Coe v. Armour Fertilizer Works,
   237 U.S. 413 (1915)................................................................................................................6

Connecticut v. Doehr,
   501 U.S. 1 (1991)....................................................................................................................5

Dillard v. Chilton County Com'n,
   495 F.3d 1324 (11th Cir. 2007) ...............................................................................................4

Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.,
   983 F.2d 211 (11th Cir. 1993) .................................................................................................4

Hamdi v. Rumsfeld,
   542 U.S. 507 (2004)................................................................................................................5

Hawes v. Gleicher,
   745 F.3d 1337 (11th Cir. 2014) ...............................................................................................5

Meek v. Metro. Dade Cty., Fla.,
   985 F.2d 1471 (11th Cir. 1993) ...............................................................................................4

Peralta v. Heights Med. Ctr., Inc.,
   485 U.S. 80 (1988)..................................................................................................................6

Stansell v. Revolutionary Armed Forces of Colombia (FARC),
   771 F.3d 713 (11th Cir. 2014) .................................................................................................2

Stansell v. Revolutionary Armed Forces Of Colombia (FARC), et al.,
   Civ. No.8:09-cv-2308-T-26MAP...........................................................................................1

Stone v. First Union Corp.,
   371 F.3d 1305 (11th Cir. 2004) ...............................................................................................3

...
...

Tech. Training Assoc., Inc. v. Buccaneers Ltd. Partnership,
   874 F.3d 692 (11th Cir. 2017) ..................................................................................3

United States v. State of Georgia,
   19 F.3d 1388 (11th Cir. 1994) ..................................................................................7

Wahl v. McIver,
   773 F.2d 1169 (11th Cir. 1985) (per curiam)...........................................................5

**Rules**

Federal Rule of Civil Procedure 24(a)(2) ................................................................1, 3, 4

# INTERVENORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24(a)(2) Jose Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC (collectively referred to herein as the "Intervenors"), hereby submit their Motion to Intervene (the "Motion") in the above-captioned matter.

## I.     PROCEDURAL HISTORY

On June 15, 2010, Plaintiffs obtained a default judgment in the United States District Court for the Middle District of Florida against the above-captioned defendants (hereinafter the "FARC defendants") in the amount of $301,276,178.28.  See Stansell v. Revolutionary Armed Forces Of Colombia (FARC), et al., Civ. No.8:09-cv-2308-T-26MAP.  The Intervenors were not parties to or defendants in the prior action nor were they named in the default judgment.  On February 13, 2019, Plaintiffs filed an Expedited Motion for Issuance of Post-Judgment Writs of Garnishment and Execution without any Notice to Intervenors. (Doc. No. 18).  It is undisputed that Plaintiffs did not serve the Intervenors with their expedited motion until February 25, 2019.  (Doc. No. 47)

On Thursday, February 14, 2019, the District Court set a hearing on Plaintiffs' Expedited Motion for 5:30 p.m., that same night.  The Intervenors had no notice of the hearing, which lasted only ten (10) minutes. (Doc. Nos. 20, 21).  On February 15, 2019, without any opportunity for the Intervenors to challenge the Plaintiffs' assertions of "agency and/or instrumentality," the District Court granted Plaintiffs' Expedited Motion and made a finding that the Intervenors were "agents and/or instrumentalities" of the FARC.  The District Court then permitted Plaintiffs to serve Post-Judgment Writs of Garnishments and Post Judgment Writs of execution.  (Doc. No. 22).  All of these proceedings were ex parte and kept under seal until February 25, 2019.  Id.

On February 20, 2019, Plaintiffs served Writs of Execution upon various third-party garnishees. (Doc. Nos. 24-29.) On February 25, 2019, the Court, upon Plaintiffs' application, ordered the United States Marshal to serve several Writs of Execution/Levy upon various third-party garnishees and certain real and personal property. These levies will operate to divest Intervenors of their property rights in order to satisfy the default judgment obtained by Plaintiffs <u>against other individuals,</u> which was entered without any notice to Intervenors. (Doc. Nos. 39-46.) To do so without an opportunity to contest the Plaintiffs' proposed findings will deprive Intervenors of their due process rights. The Intervenors did not receive notice of any of these proceedings until February 25, 2019. (Doc. No. 47.)

On February 26, 2019, Plaintiffs' counsel notified the undersigned that the United States Marshal levied bank accounts located at Citibank, N.A., three condominium units and two Waku sea vessels owned by the Intervenors based on the Writs of Execution issued by the District Court.

The District Court must not allow the writs of execution on the real property and vessels proceed to a Marshal's sale without providing Intervenors an opportunity to rebut the perfunctory finding that Intervenors are "agents or instrumentalities" of FARC. <u>Stansell v. Revolutionary Armed Forces of Colombia (FARC)</u>, 771 F.3d 713, 727 (11th Cir. 2014). <u>Stansell</u> makes it very clear that the Intervenors are entitled to notice and an opportunity to contest the those allegations:

> It may be argued that agencies or instrumentalities are on constructive notice because, as agencies or instrumentalities of the judgment debtor—in this case, FARC—they share a legal identity with the judgment debtor … While that reasoning seems rational in a vacuum, when considered in context, it is circular and illogical. That is, a third party can only be deemed to be on notice if it is associated with the judgment debtor, so it cannot be considered to have such notice until the district court makes the agency or instrumentality determination. <u>Without notice and a fair hearing where both sides are permitted to present evidence, the third party</u>

2

<u>never has an opportunity to dispute its classification as an agency or instrumentality</u>.

<u>Id.</u> (emphasis supplied).

Thus, the <u>Stansell</u> Court held that a non-party judgment debtor is "entitled to the basic constitutional protection of due process… [and] entitled to be heard on their challenge to the agency and instrumentality issue."). If Intervenors are denied the right and opportunity to a full and fair hearing, the Order issuing writs of execution and levies based upon a finding of agency or instrumentality against the Intervenors, who were not parties to the underlying default judgment, will operate to strip the Intervenors of their most fundamental right; the right to meaningful notice and a meaningful opportunity to be heard. Based on these reasons, and those set forth below, the Intervenors request this Court to grant this uncontested motion.

**II.   <u>LEGAL ARGUMENT</u>**

Federal Rule of Civil Procedure 24(a)(2) permits that, upon the timely filing of a motion, the court must permit anyone to intervene who:

> "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest."

In order for a court to grant a motion to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), the moving party must show that: "(1) [their] application to intervene is timely; (2) [they have] an interest relating to the property or transaction which is the subject of the action; (3) [they are] so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest; and (4) [their] interest is represented inadequately by the existing parties to the suit." <u>Tech. Training Assoc., Inc. v. Buccaneers Ltd. Partnership</u>, 874 F.3d 692, 695-

3

96 (11th Cir. 2017) (quoting Stone v. First Union Corp., 371 F.3d 1305, 1308-09 (11th Cir. 2004)). "Any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors because it allows the court to resolve all related disputes in a single action." Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211, 216 (11th Cir. 1993). The Intervenors can properly meet all the requirements of Rule 24(a)(2) and so should be permitted to intervene in this matter.

### A. The Intervenors' Motion Is Timely And Will Not Cause Any Prejudice To The Plaintiffs.

In considering whether a movant's intervention is timely, a court must consider:

> (1) [t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene[;] (2) [t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case[;] (3) [t]he extent of prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied[;] and (4) [t]he existence of unusual circumstances militating either for or against a determination that the application is timely.

Meek v. Metro. Dade Cty., Fla., 985 F.2d 1471, 1477 (11th Cir. 1993)(alterations in original), abrogated on other grounds, Dillard v. Chilton County Com'n, 495 F.3d 1324 (11th Cir. 2007).

There is no dispute that Intervenors were not parties to the underlying action, that they did not have any notice of the request and entry of the underlying default judgment and that they were not named as defendants in the underlying default judgment. Because this is the first notice and opportunity afforded to Intervenors, their Motion is timely. Plaintiffs did not serve the Intervenors with any pleadings in this civil action. The Intervenors did not receive notice of the Court's Order of February 15, 2019 until February 25, 2019. Furthermore, the Plaintiffs cannot argue that they would be prejudiced by intervention because intervention does not affect the underlying default

4

judgment against the original FARC defendants. Intervention will allow for due process and provide the Intervenors an opportunity to be heard and rebut Plaintiffs' assertions of agency and instrumentality. In this regard, the Plaintiffs are not "prejudiced" because intervenors are merely being provided the process that is due. Stansell , 771 F.3d at 727 (11th Cir. 2014) (holding that non-party judgment debtor "[was] entitled to the basic constitutional protection of due process… [and] entitled to be heard on their challenge to the agency and instrumentality issue.").

Requiring Plaintiffs to prove their allegations does not create any prejudice in light of the strong preference for resolving matters on the merits. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam) (noting the Eleventh Circuit expresses a "strong preference that cases be heard on the merits."); Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005) (noting the Court "strive[s] to afford a litigant his or her day in court, if possible."). Indeed, allowing Intervenors an opportunity to hold Plaintiffs to their proofs fulfills the Court's obligation to ensure that matters are decided on the merits and not based on self-serving untested assertions. There is no prejudice to the Plaintiffs and the Plaintiffs do not contest the right of the Intervenors to appear in the case.

**B.     The Intervenors' Motion Must Be Granted In Order To Satisfy Due Process Requirements And Protect The Intervenors' Interest In Their Property Rights.**

To meet the interest requirement, the moving parties' relationship to the property must be "direct, substantial and legally protectable." Hawes v. Gleicher, 745 F.3d 1337, 1339 n.5 (11th Cir. 2014). The Court's Order of February 15, 2019 and the issuance of the Writs of Garnishment/Execution operate to both arrest and sell the property of the Intervenors. The Intervenors clearly have an interest in their property. It is an essential principle of due process that a deprivation of life, liberty or property be preceded by notice and an opportunity for hearing

5

appropriate to the nature of the case. Hamdi v. Rumsfeld, 542 U.S. 507, 533 (2004); Connecticut v. Doehr, 501 U.S. 1, 12, 19 (1991); Stansell, 771 F.3d at 727 (holding that non-party judgment debtor "[was] entitled to the basic constitutional protection of due process… [and] entitled to be heard on their challenge to the agency and instrumentality issue.").

The Court's Order of February 15, 2019 will operate to deprive the Intervenors of their property rights. Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, "it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense upon the merits." Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 86-87 (1988)(citing Coe v. Armour Fertilizer Works, 237 U.S. 413, 424 (1915)). As the Supreme Court observed in Armstrong v. Manzo, 380 U.S. 545, 552 (1965), only "wip[ing] the slate clean ... [will allow the Intervenors to be placed into the position they would] have occupied had due process of law been accorded to [them] in the first place." The Due Process Clause demands no less in this case. Thus, the Intervenors' interest here is undeniable.

Because the Intervenors' property is an interest that is "direct, substantial and legally protectable," the impairment of that interest that would result from a denial of the Intervenors' Motion is significant. Denial would preclude the opportunity to challenge the Plaintiffs' baseless allegations that the Intervenors were "agents or instrumentalities" of the FARC defendants.

This Motion to Intervene is a critical first step in allowing Intervenors to fully pursue their due process rights and to seek any and all post-judgment and appellate relief that may be available. Thus, in looking at the "practical consequences" of a denial of the Intervenors' Motion, it is clear that the requirement of impairment is met.

### C. The Current Parties Will Not Be Able To Adequately Protect The Interest Of The Moving Parties.

Finally, the Intervenors' position is not adequately protected by the parties already in the action. In determining the question of adequacy of representation, Courts in the 11th Circuit presume that "a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." United States v. State of Georgia, 19 F.3d 1388, 1394 (11th Cir. 1994). In this matter, the only other parties to the current action would be the non-party garnishees, maritime lien holders, and mortgagees. While these other parties will likely raise objections to Plaintiffs' writs on procedural grounds, they have no standing or interest in challenging the prerequisite finding of "agency or instrumentality." Thus, because the "ultimate objective" for the Intervenors differs substantially than those of the maritime lien holders, and mortgagees, the Intervenors' position is not adequately protected by the parties already involved.

### III. CONCLUSION

For the above-outlined reasons the Court should GRANT the Intervenors' Motion.

Respectfully submitted,

*/s/ Glen M. Lindsay*
Glen M. Lindsay, Esq.
Florida Bar No: 59200
SAAVEDRA | GOODWIN
312 SE 17th Street., 2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333 | Fax: (954) 767-8111
Email: glindsay@saavlaw.com
Service Email: eservice@saavlaw.com
*Attorneys for Samark Jose Lopez Bello, Yakima Trading Company, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B*

7

*LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC.*

**CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and reports that Plaintiffs' Counsel does not oppose this Motion but takes the position that "Lopez Bello et al. are already parties who may simply appear without formal intervention."

Dated: February 27, 2019

*/s/ Glen M. Lindsay*
Glen M. Lindsay, Esq.
Florida Bar No: 59200
SAAVERDA GOODWIN
312 SE 17th Street., 2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333
Fax: (954) 767-8111
Email: glindsay@saavlaw.com
Service Email: eservice@saavlaw.com

*Attorneys for Samark Jose Lopez Bello, Yakima Trading Company, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC.*

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on February 27, 2019, I electronically filed the foregoing Motion to Intervene with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document on all counsel of record via CM/ECF as follows:

NEWTON P. PORTER
TONY KORVICK
Attorneys for Intervenor Plaintiffs
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone: (305) 373-5040
Fax: (305) 668-9154
tkorvick@porterandkorvick.com
nporter@porterandkorvick.com

/s/
Glen M. Lindsay
Florida Bar I.D. Number
Saaverda Goodwin
312 SE 17th Street
2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333
Fax: (954) 767-8111
Email: glindsay@saavlaw.com

216021797v2