UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO.: 1:19-cv-20896

KEITH STANSELL, et al.,

    Plaintiffs,
vs.

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC); et al.,

    Defendants.
_____/

## ORDER

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Motion for TRIA Turnover Judgment (Dkt. Entry 116) on Garnishee UBS Financial Services, Inc. Answer (Dkt. Entry 58), and all legal authorities cited therein, including the Terrorism Risk Insurance Act of 2002 ("TRIA"), §201(a), 28 U.S.C. §1610 note; the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a) and (e); *Stansell v. FARC*, 771 F.3d 713 (11th Cir. 2014); Plaintiffs' supporting expert witness affidavits (Dkt. Entry 17) and appendix (Dkt. Entry 16); Fed. R. Civ. P. 4.1(a) and 69(a), ATA §2334(a) and the applicable Florida statutes governing procedures on post-judgment garnishment; Lopez Bello's Motion to Dissolve Writ (Dkt. Entry 97) and supporting expert witness affidavits and exhibits attached thereto, and Lopez Bello's untimely April 3, 2019 affidavit (DE 113-1); Lopez Bello's Supplemental Brief on Jurisdiction (Dkt. Entry 105); Plaintiffs' Response to the Motion to Dissolve (Dkt. Entry 114) and Plaintiffs' Response to Supplemental Brief (Dkt. Entry 115); and Lopez Bello's Reply (Dkt. Entry __); it is hereby

    **ORDERED AND ADJUDGED** as follows:

    (1)    Plaintiffs' Motion (Dkt. Entry 116) is hereby granted.

(2)     This court has subject matter jurisdiction to conduct post-judgment execution proceedings of plaintiffs' final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. §1963, with post-judgment execution under the ATA, TRIA §201, and Fed. Rules of Civ. Pro. 4.1(a) and 69(a).

(2)     There is no evidence before this Court that the subject Lopez Bello blocked account held by Garnishee UBS is not a Florida account.  Florida law rejects the "separate entity doctrine," meaning that even if Lopez Bello's funds are currently held outside Florida, they can still be garnished here in Florida by this Court.  Because this Court unquestionably has jurisdiction over the Garnishee (UBS), by definition, the Court also has jurisdiction over UBS's accounts, wherever "located" in the U.S.  Lopez Bello has appeared and is also subject to this court's jurisdiction, and the OFAC blocking notices only mention Florida.  The opinion in *Stansell v. Revolutionary Armed Forces of Colombia (FARC)*, 149 F. Supp. 3d 1337, 1342 (M.D. Fla. 2015) does not govern here, it is factually distinguishable, and this Court declines to follow the authorities relied upon in that opinion, including, but not limited to, the holding in *APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 425975 *2 (M.D. Fla. 2009) that bank accounts are "tangible assets".  Further, to the extent that federal law controls, Fed. R. Civ. P. 4.1(a) and the Anti-Terrorism Act provide for nationwide service of process, and thus nationwide jurisdiction.

(3)     Lopez Bello (including all movants on Dkt. Entry 97) have been afforded ample notice and opportunity to be heard after intervening and submitting to the jurisdiction of this Court without reservation.  Lopez Bello has had timely and adequate due process and a full opportunity to be heard.  Their counsel appeared and confirmed receiving notice of these proceedings on February 25, 2019 (Movants' Mot. to Amend ¶ 11, ECF No. 80, 4) and thereafter

Lopez Bello has received multiple forms of statutory mail notices, additional email notices to counsel, and notices of electronic filing for all record activity in this action to date.  Among many motions he has filed, Lopez Bello timely filed his motion to dissolve the UBS writ, with supporting evidence, then 17 days after the statutory and Local Rule deadlines filed two additional affidavits (Dkt. Entry 113), but the Court concludes that the Claimants' evidence:

    a.    fails to rebut any of the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") factual findings underlying his designation, or his connection to Tareck El Aissami or El Aissami's connections with narcotics trafficking activities, including the OFAC designated "FARC Drug Trafficking Partner Barrera Barrera" (Dkt. Entry 18-2).

    b.    fails to rebut any of the dispositive facts set forth in Plaintiffs' extensive submissions, including an appendix, and expert witness testimony, nor does his evidence rebut his indirect linking to the FARC satisfying the agency or instrumentality standard established in *Stansell v. FARC,* 8:09-CV-2308-T-26MAP, 2013 WL 12133661, *2 (M.D. Fla. May 2, 2013), adopted and affirmed in *Stansell v. FARC*, 771 F.3d 713, 732 (11th Cir. 2014), which standard is controlling in this action.

    c.    for example, does not rebut that: (i) Lopez Bello is a front man for El Aissami or that his companies are front companies for El Aissami; (ii) that Lopez Bello "was also designated for providing material assistance, financial support, or goods or services in support of the international narcotics trafficking activities" of El Aissami; or (iii) that El Aissami, a member of the El Aissami & Lopez Bello Network, provided protection to an OFAC designated FARC drug trafficking partner; or (iv) that The Cartel of the Suns *is involved in drug trafficking with* the FARC; or (v) that El Aissami and Lopez Bello are  members of The Cartel of the Suns.

    d. Lopez Bello's "evidence" essentially consists of the following: (i) OFAC has not *directly* linked Lopez Bello to the FARC; (ii) El Aissami is not a shareholder or officer in any of the Network entities; (iii) the FARC entered a "peace" agreement with the Colombian government in 2016 and in 2017 they ceased all criminal activity; and ==(iv) an untimely bald assertion that he and his entities have never, directly or indirectly, been associated with; provided material assistance to; engaged in financial transactions with; or supported in any way, financially, logistically, or otherwise, the FARC.==  These facts are simply irrelevant and raise no issue of material or triable fact.  It doesn't matter whether or not OFAC had already labeled Lopez Bello (or his corporations) as an "agency or instrumentality" of the FARC.  That doesn't do anything towards rebutting the TRIA "agency or instrumentality" determination *that Judge Scola made*.  *Stansell*, 771 F.3d at 739 ("The Partnerships had not previously been directly linked to FARC by OFAC or any other executive or judicial authority.").  The whole purpose of having a "frontman" or "testaferro" is to avoid the formal, traceable evidence of shareholders, corporate officers, and the like.  The Eleventh Circuit has held that the lack of a "corporate" relationship will not disturb an "agency or instrumentality" finding, because such a formality is immaterial.  *Stansell* 771 F.3d at 732.  Finally, even if it were true that the FARC ceased criminal activity in 2017, they remain a designated FTO – and therefore a "terrorist party" as defined by TRIA §201(d) – to this date.  Even if the FARC is someday removed from the U.S. list of designated FTOs, such a revocation "shall not affect any action or proceeding based on conduct committed prior to the effective date of such revocation."  8 U.S.C. §1189(7).

    e. *even if accepted as true*, fails to rebut the Court's determinations of agency or instrumentality in it February 15, 2019 Order, and therefore the allegations in plaintiffs' motion DE 18 are now proved to be true.  *Stansell*, 771 F.3d. at 741 ("The

Partnerships followed this procedure, and the district court, after due consideration of their argument, concluded that the agency or instrumentality allegation was "proved to be true.").

        f.    assert only conclusory statements and irrelevant facts, and fails to create a genuine, triable issue, and therefore, the Court finds that there is no need for any further hearing or trial. *See Tortuga Marine Salvage Co. v. Hartford Acc. & Indem. Co.*, 171 So.2d 54, 55 (Fla. Dist. Ct. App.1965); *SEC v. Mut. Benefits Corp.*, No. 04–60573–CIV, 2010 WL 5148461, at *2 (S.D. Fla. Nov. 30, 2010).

    (4)    Based upon the unrebutted OFAC factual findings, and Plaintiffs' supporting and unrebutted expert witness testimony and appendix, the court again finds that the OFAC Kingpin Act designated members of the "EL AISSAMI & LOPEZ BELLO NETWORK" (identified on OFAC Chart Dkt. Entry 18-1) are each an agency or instrumentality of the FARC, and their blocked assets are therefore subject to attachment and execution pursuant to TRIA and 18 U.S.C. 2333(e), and their blocked assets are therefore subject to attachment and execution pursuant to TRIA and 18 U.S.C. 2333(e) and further the Court determines that the allegations in Plaintiffs' motion DE 18 for issuance of the TRIA writs are "proved to be true".

    (5)    The Court concludes that Plaintiffs, through their extensive submissions, have adequately established that 1) they have obtained an Anti-Terrorism Act judgment against a terrorist party (the FARC) that is based on an act of international terrorism, (2) the assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333(e), (3) the total amount of the executions does not exceed the amount outstanding of the Plaintiffs' ATA Judgment, and (4) the Kingpin Act blocked parties and owners of the subject blocked assets identified in OFAC Chart (Dkt. Entry 18-1) are each an agency or instrumentality of the FARC.

(6). SAMARK JOSE LOPEZ BELLLO is the owner of the blocked assets held by UBS and the SDNTK blocked assets are subject to execution under TRIA and the assets remain blocked by the OFAC.

(7). LOPEZ BELLO received the requisite notice under Florida garnishment statutes and in accordance with *Stansell v. FARC et al.*, 713 F.3d 714 (11th Cir. 2014). Plaintiffs have complied with Florida's garnishment statutes for notice in this TRIA execution by:

- filing a motion for issuance of a writ of garnishment [DE 18];.
- the Court granting the motion [Order DE 22] on February 15, 2019 and the Clerk issuing a writ of garnishment to UBS on February 20, 2019 [DE 30];
- the U.S Marshal properly serving the writ of garnishment on Garnishee on February 21, 2019 [DE 39];
- Plaintiffs provided proper and timely notice under Fla. Stat. § 77.041 on February 25, 2019 to LOPEZ BELLO of the motion with exhibits and writ to his Florida and Venezuela addresses and to his three U.S. law firms [DE 47];
- Garnishee timely filed its Answer under seal to the writ of garnishment on March 1, 2019 identifying the blocked SDNTK funds of LOPEZ BELLO [DE 58].
- Plaintiffs provided proper timely notice and service under Fla. Stat. § 77.055 on March 1, 2019 to LOPEZ BELLO and his U.S. counsel of the Answer, Notice of right to dissolve the writ and certificate of service [DE 60].

(8). No other person or entity has ever appeared in this action to assert any claim of ownership in these blocked assets, or to otherwise challenge the Order DE 22, allegations in Motion DE 18 as untrue, and that no other person or entity has rights in the blocked proceeds that are superior to the perfected lien and rights of plaintiffs.

(9). The blocked proceeds held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

(10). The TRIA allows execution on the blocked assets held by Garnishee without delay, and the Court now orders that these SDNTK blocked assets are to be turned over to Plaintiffs by Garnishee pursuant to TRIA.

(11).    Garnishee is ordered to sell, liquidate and turn over the blocked cash, bonds and government securities in Lopez Bello's account XX952 identified in Paragraph 2 in Sealed Answer DE 58 pursuant to TRIA within 14 days, with the final turnover amount determined by the market prices in effect when the bonds and government securities are liquidated by Garnishee following entry of this Order.  Garnishee shall provide Plaintiffs with a confidential accounting of the specific securities (by symbols and quantities) in the account and the final liquidation prices obtained.  Such turnover to be by electronic funds transfer payable to "Porter & Korvick, P.A. Trust Account", within fourteen (14) days of receipt from Plaintiffs' counsel of a W-9 form with a tax identification number and bank transfer instructions, but such electronic funds transfer must not make any reference whatsoever to any blocked party name.

(12).    Garnishee to apply for attorney fees seven (7) days after the funds at issue are remitted to plaintiffs' counsel. Plaintiffs' counsel shall have seven (7) days to respond to the application for fees.  Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention. Plaintiffs' counsel is directed to hold in trust the amount of Garnishee's claimed attorneys fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to pay same from the trust proceeds upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses.

(13).    Plaintiffs' counsel shall immediately disburse the remaining proceeds over and above the total amount claimed by Garnishee for fees and expenses, including the $100 statutory garnishment fee deposit if not previously paid to Garnishee.

(14).   Upon turning over the cashier's check for the amounts set forth herein to Porter & Korvick, P.A. Trust Account, in satisfaction of this Court's Orders, Writ, and Turnover Judgment under TRIA, plaintiffs, plaintiffs' counsel, Garnishee UBS Financial Services, Inc. and its counsel, are all hereby released and absolved from any and all liability under the Writ, including to plaintiffs, or to SAMARK JOSE LOPEZ BELLO and any other member of the "EL AISSAMI & LOPEZ BELLO NETWORK", and to any other third parties, and they are fully discharged from this Writ of Garnishment for full compliance with the Writs, Orders and Judgments of this Court.

(15).   No OFAC license is required for Garnishee to turn over the blocked SDNTK funds to Plaintiffs.  *Harrison v. Republic of Sudan*, 802 F.3d 399, 406-07 (2d Cir. 2015); *Stansell v. FARC/Mercurio*, 11th Cir. Case Nos: 11-11125 & 11-11690, United States Amicus Brief p. 10.

**DONE AND ORDERED** in chambers, at Miami, Florida, on _____, 2019.

                                                         _____
                                                         Robert N. Scola, Jr.
                                                         United States District Judge