UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20896-CV-SCOLA/TORRES

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON MOVANTS' MOTION
TO STAY VESSEL SALES PENDING APPEAL**

The matter before this Court is an Expedited Motion to Stay the Sale of Certain Vessels filed by SAMAR JOSE LOPEZ BELLO, YAKIMA TRADING CORPORATION, 1425 BRICKELL AVE 63-F LLC, 1425 BRICKELL AVE UNIT 46B LLC, 1425 BRICKELL AVENUE 64E LLC, and 200G PSA HOLDINGS LLC ("Lopez Bello" or "Movants") on August 1, 2019. [D.E. 239]. Plaintiffs filed a Response in Opposition to the Motion on August 9, 2019 [D.E. 242], and Movants' Reply followed on August 9. [D.E. 244]. After our review of the pleadings and the relevant governing authorities, we hereby **RECOMMEND** that the Motion be **DENIED**.

### *I.   BACKGROUND*

On February 15, 2019, the Honorable Judge Robert N. Scola declared Movants to be agencies or instrumentalities of the FARC, thereby exposing various assets to

attachment and execution. [D.E. 22]. Included in the group of assets attached by Judge Scola are two vessels purportedly owned by Lopez Bello or entities he controls: the MV Waku Trinity ("Trinity") and the MV Waku Hawk-Sunseeker ("Hawk"). The U.S. Marshal's Service levied the Trinity on February 25, 2019. [D.E. 50] and the Hawk on March 13, 2019. [D.E. 74]. A sale of each vessel is now set to take place on September 4 [D.E. 239-2], and Movants ask that we stay that sale pending resolution of the challenge to Judge Scola's Order designating each an agency or instrumentality of the FARC.

## II. ANALYSIS

A stay pending appeal is akin to a preliminary injunction. *See Matter of Forth-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997). In determining whether a stay is appropriate, we must look to four particular factors: (1) whether the stay applicant can make a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent entry of a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hand v. Scott*, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)). A stay is not a matter of right – "even if irreparable injury might otherwise result" – and the decision to grant or deny a stay rests within the Court's sound discretion. *Nken*, 556 U.S. at 433-34 (citations omitted). The first two factors are the "most critical." *Id*. at 434.

We will deny the Motion because Movants have failed to establish a likelihood of success on the merits. For his first argument, Lopez Bello contends that Judge

Scola's Order contradicted the Eleventh Circuit's decision in *Stansell* because it allowed Plaintiffs not only to attach, but also to sell the vessels in question without providing notice. *See* D.E. 239-1, p. 8-9; *cf. Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 729 (11th Cir. 2014) ("In sum, Claimants were entitled to notice and to be heard before execution, though not necessarily before attachment."). This argument ignores the fact that any such failure has now been rendered harmless and cured, as Movants appeared before the undersigned at a hearing on July 11, 2019, whereby each challenged the agency or instrumentality designation and submitted evidence, elicited testimony, cross-examined Plaintiffs' experts and made legal argument on the issue. *See id*, 771 F.3d at 741-42 ("Any failure by the district court to conform to Florida's notice procedures was harmless because the Partnerships received actual notice and were able to contest the allegations […]; they merely failed to succeed on the merits.").

Next, Lopez Bello argues he is likely to succeed on appeal because he "sufficiently rebutted plaintiffs' allegations of agency or instrumentality." [D.E. 239-1, pp. 13]. We rejected this argument in our Report and Recommendation issued on August 21, 2019, whereby we found that not only had Lopez Bello failed to raise a genuine issue of material fact as to his agency or instrumentality designation, but that Plaintiffs' submissions established this fact to be true. [D.E. 248]. Indeed, the evidence shows that Movants can be connected to FARC through his association with Tareck Zaidan El Aissami and the Cartel of the Suns, *id*, and such indirect connections are sufficient according to the Eleventh Circuit. *See Stansell*, 771 F.3d at

3

742 ("The evidence presented to the district court was sufficient to establish the required relationship between FARC and the Partnerships, even if that relationship was indirect.").

Which brings us to our next point. Movants have, at various times, argued that the appeal of Judge Scola's Order divests this Court of jurisdiction to take any further action in this case. Lopez Bello makes this point again here, claiming the Court lacked authority to order the sale of the vessels based on the appeal. [D.E. 239-1, p. 8]. Once again, we rejected this interpretation of our authority because the orders at issue would not modify any matter pending before the Eleventh Circuit on appeal, but instead relate to enforcement of the judgment emanating from Judge Scola's Order. *See Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) ("The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded.") (citations omitted). Thus, the Court retains jurisdiction to order the sale to proceed.

In its last argument, Movants claim that the Trinity cannot be sold because the vessel is subject to a preexisting license allowing for its sale by other parties. [D.E. 239-1, p. 10-11]. According to Movants, the OFAC license given to these third parties supersedes any attempt by Plaintiffs to collect on their judgment utilizing the provisions of the Terrorist Risk Insurance Act ("TRIA"), 28 U.S.C. § 1610 (note). The stay, Movants argue, must be allowed because the vessel cannot be sold on account of Plaintiffs' actions here.

4

"By its terms, TRIA allows victims of terror to execute only on blocked assets." *United States v. All Funds on Deposit with R.J. O'Brien & Associates*, 783 F.3d 607, 622 (7th Cir. 2015). The statute defines blocked assets as

> (A) any asset seized or frozen by the United States Government under section 5(b) of the Trading With the Enemy Act (50 U.S.C. App. 5(b)) or under sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701; 1702); and
>
> (B) does not include property that –
>
>> (i) is subject to a license issued by the United States Government for final payment, transfer, or disposition by or to a person subject to the jurisdiction of the United States in connection with a transaction for which the issuance of such license has been specifically required by statute other than the International Emergency Economic Powers Act (50 U.S.C. 1701 et seq.) or the United Nations Participation Act of 1945 (22 U.S.C. 287 et seq.)[.]

TRIA Section 201(d). It is the latter provision that Movants argue now precludes Plaintiffs from selling the Hawk.

Once again, we disagree. OFAC granted DLA Piper – and, by assignment, Archer & Greiner, P.C. – a license to maintain and operate several of the vessels owned by Lopez Bello, including the Hawk. [D.E. 239-2, p. 2]. It also allowed the Licensees to sell the vessels and recover reasonable expenses *related to the sale* of those vessels, but required all remaining proceeds to be deposited into blocked accounts held in Lopez Bello's name. *Id*. As such, the vessel is not subject to a license "for *final* payment, transfer, or disposition," TRIA Section 201(d) (emphasis added), as it does not allow the Licensee to retain any possessory interest in the asset if sold. *Cf. R.J. O'Brien and Associates*, 783 F.3d at 624 (insurance companies could not, under TRIA, execute on assets subject to license issued to the U.S. Government by

5

OFAC that allowed *forfeiture* of such assets); *United States v. Holy Land Found. For Relief and Dev.*, 722 F.3d 677, 687 (5th Cir. 2013) (victims of terrorist attack could not execute against certain assets subject to license issued by OFAC that authorized U.S. Government to seek criminal *forfeiture* of those assets). The Hawk, therefore, does not fall within TRIA's exclusionary provision and remains a "blocked" asset subject to execution by Plaintiffs here.

We also disagree that the balance of the equities, represented by the other three factors, weigh in Movants' favor. *See Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) ("[T]he movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay."). With regard to "irreparable injury," the vessels in question are currently being housed in Miami, while maintenance costs accrue, rental fees become delinquent and crewmember wages go unpaid.[1] Despite the OFAC granting a license to pay such costs more than two years ago, it appears that no such payments have occurred. So any claim by Movants that it will be "irreparably harmed" if the vessels are sold falls flat in light of the fact that Lopez Bello seems entirely uninterested in paying the costs and fees associated with their maintenance and use. *See Nken*, 556 U.S. at 434-435 ("[S]imply showing some possibility of irreparable injury fails to satisfy the second factor.").

---

[1]   This is demonstrated by the fact that each vessel has been sued *in rem* prior to initiation of these proceedings. *See Rahn Bahia Mar LLC v. M/V Waku*, Case No. 17-cv-60447-JEM; *Jones Superyacht Miami, Inc.*, Case No. 19-cv-20735-FAM.

Additionally, the public interest lies in Plaintiffs' favor here. The legislative history of TRIA "evinces a broader Congressional purpose to 'deal *comprehensively* with the problem of enforcement of judgments rendered on behalf of victims of terrorism in any court of competent jurisdiction.'" *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 531 (S.D.N.Y. 2010) (emphasis original; quoting H.R. Conf. Rep. No. 107-779 at 27)). We are now at the stage where the only thing left to do is enforce a judgment against parties deemed agencies or instrumentalities of the FARC; any delay on our part would hinder one of the primary benefits Congress sought to further when it passed TRIA, and Plaintiffs are entitled to move forward to act in accordance with that purpose.

### III. CONCLUSION

A stay is considered an "extraordinary relief" for which the moving party bears a "heavy burden." *Winston-Salem/Forsyth County Bd. of Education v. Scott*, 404 U.S. 1221, 1231 (1971). We agree with Plaintiffs that the record fails to support Movants' claimed justification for its request to stay the sale pending appeal because the Motion fails to demonstrate a likelihood of success on the merits. For this reason, we **RECOMMEND** that the Motion be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the may file written objections, if any, with the Honorable Judge Robert N. Scola. However, due to the time-sensitive nature of the requested relief, any objections **must** be filed no later than **12:00 P.M. on Friday, August 30, 2019**. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual

7

or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 28th day of August, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge