United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others,<br>Plaintiffs,<br><br>v.<br><br>Revolutionary Armed Forces of<br>Columbia, Defendant. | )<br>)<br>)<br>)  Case No. 19-20896-Civ-Scola<br>)<br>)<br>) |

### Order Adopting Report and Recommendation

      This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 108.) Judge Torres issued a Report and Recommendation regarding six motions seeking dissolution of writs of garnishment (ECF Nos. 97, 103, 112, 123, 125, 134) and a motion for summary judgment (ECF No. 109) filed by Samark Jose Lopez Bello, Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave. 63-F, LLC, 1425 Brickell Ave. Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200G PSA Holdings LLC (collectively "Lopez Bello"). He recommends that the Court deny all seven motions. (ECF No. 248.) Jose Bello subsequently objected to Judge Torres's report (ECF No. 261) and the Plaintiffs responded to the objections (ECF No. 262). Having conducted a *de novo* review of the entire record and the applicable law, the Court **overrules** the objections (**ECF No. 261**) and **denies** Lopez Bello's motions (**ECF Nos. 97, 103, 112, 123, 125, 134, 109**).

      In his objections, Lopez Bello argues that: (1) the Court lacks subject matter jurisdiction over the assets because the accounts are located outside of Florida; (2) the Magistrate improperly shifted the burden to Lopez Bello to prove that the Court lacked subject matter jurisdiction; (3) the Magistrate improperly required Lopez Bello to overcome a rebuttable presumption that he was an agent or instrumentality of the Revolutionary Armed Forces of Columbia ("FARC"); (4) the Magistrate impermissibly denied Lopez Bello's demand for a jury trial; (5) in Terrorism Risk Insurance Act ("TRIA") actions, writs of garnishment issued on third parties should be treated as prejudgment writs; (6) the Magistrate did not find that the owners of the financial accounts were agents or instrumentalities of the FARC; (7) Judge Torres failed to address all of his arguments from his motion for summary judgment in the report; and (8) the district court lacked jurisdiction to adjudicate whether Lopez Bello is an agent of instrumentality of the FARC. The Court will address each in turn.

      First, Lopez Bello insists that Judge Torres misunderstood his argument. He contends that the Court lacks subject matter jurisdiction over the financial accounts because the bank accounts are not located in Florida, rather than

because the assets in the accounts are not located in Florida. Regardless of the accounts' locations, this Court has subject matter jurisdiction. *See Tribie v. United Development Group Intern. LLC*, 2008 WL 5120769, at *3 (S.D. Fla. Dec. 2, 2008) (Moreno, J.) (Florida has not adopted the "Separate Entity Rule, a somewhat dated and seldom-cited legal doctrine, [which] holds that each branch of a bank is a separate legal entity in the context of a garnishment action.")

Second, Lopez Bello's objection that Judge Torres improperly shifted the burden onto him to show that the Court lacked subject matter jurisdiction is unfounded. The Report and Recommendation states, "Plaintiffs have met their burden in showing that subject matter jurisdiction exists" because they "point to record evidence showing that each blocking act conducted by the U.S. Department of the Treasury's Office of Foreign Asset Control ("OFAC") pertain to assets located solely in Florida, and that all four of the levied properties are located here in Miami." (ECF No. 248 at 13-14.)

Third, Lopez Bello claims that Judge Torres improperly required him to overcome a rebuttable presumption that he was an agent or instrumentality of FARC. But Judge Torres concluded that the Plaintiffs had affirmatively proven their claims. The report stated that "Movants have failed to create a genuine dispute over a material fact [regarding the instrumentality issue] that requires a jury to resolve the conflict" and "Movants have not only failed to convince us that Plaintiffs' allegations are untrue…but Plaintiffs' claims have been proven." (ECF No. 248 at 21-23.)

Fourth, Lopez Bello argues that he was entitled to a jury trial. He is mistaken because there is no genuine dispute of material fact that requires resolution by a jury. *See Zelaya/Capital Intern. Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1304 (11th Cir. 2014) (a jury trial was not necessary because no issues remained).

Fifth, Lopez Bello re-argues that, even though Plaintiffs are seeking post-judgment relief, Florida post-judgment execution laws do not apply because they do not provide adequate due process. Specifically, he argues that he needed to have received notice and an opportunity to be heard prior to Judge Scola's issuance of the writs. As Judge Torres explained, the Eleventh Circuit rejected this argument. *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 728 (11th Cir. 2014) (claimants were not entitled to notice and to be heard before attachment).

Sixth, Lopez Bello's contention that Judge Torres did not find that the owners of the accounts are agents or instrumentalities of the FARC is meritless. Judge Torres explained that the writs "are directed at two categories of accounts— those that hold assets in Bello's name only, and those that name Lopez Bello in addition to other entities." (ECF No. 248 at 23.) Moreover, the argument that a writ should be dissolved because an account also holds the assets of an entity that is not subject to TRIA attachment must be raised by that entity and not by Lopez Bello. (*Id.* at 24.) Judge Torres also noted that the entity's accounts had been blocked by OFAC, which indicates to the Court that even if these arguments were properly raised they are likely meritless.

Seventh, Lopez Bello argues that Judge Torres did not specifically address all of his arguments from his summary judgment motion (ECF No. 109). He states that the report never addressed his argument that "it is unconstitutional to treat Lopez [Bello] as if he were the underlying judgment debtor in the absence of an opportunity for a trial to adjudicate the fact issues related to that determination." (ECF No. 261 at 22.) However, Judge Torres addressed this argument at length. (ECF No. 248 at 9-12, 21-22.) Moreover, a decisionmaker need not specifically address and reject every argument raised by one of the parties. *Guice v. Postmaster General, U.S. Postal Service*, 718 Fed. App'x 792, 795 (11th Cir. 2017).

Finally, Lopez Bello argues that the Court did not have jurisdiction to decide whether he was an agent or instrumentality of the FARC because he had filed a notice of appeal. This Court had previously denied his motion to administratively terminate the matter pending appeal. (ECF No. 247.) The Court points Lopez Bello to the analysis in that order, and re-iterates that the Court retains jurisdiction to enforce its orders and judgments. *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 855 F.2d 711, 713 (11th Cir. 1990).

Therefore, the Court **affirms and adopts** Magistrate Judge Torres's Report and Recommendation (ECF No. 248). The motions for dissolution of writs of garnishment and for summary judgment (**ECF Nos. 97, 103, 112, 123, 125, 134, 109**) are **denied**.

**Done and ordered** in chambers, at Miami, Florida, on September 25, 2019.

_____
Robert N. Scola, Jr.
United States District Judge