United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Revolutionary Armed Forces of )<br>Columbia, Defendant. ) | Case No. 19-20896-Civ-Scola |

### Order Adopting Report and Recommendation

     This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters, consistent with 28 U.S.C. § 636 and Local Magistrate Judge Rule 1. (ECF No. 108.) Judge Torres issued a Report and Recommendation on five motions seeking entry of final turnover judgments on writs of garnishment issued to banking institutions (ECF No. 116, 120, 155, 168, 170) filed by the Plaintiffs. He recommends that the Court grant the motions. (ECF No. 322.) The Defendants (collectively "Lopez Bello") subsequently objected to the report (ECF No. 330), and the Plaintiffs responded to Lopez Bello's objections. (ECF No. 335). Having conducted a *de novo* review of the entire record and the applicable law, the Court **overrules** Lopez Bello's objections (**ECF No. 330**). The Court **affirms and adopts** Judge Torres's report and recommendation (**ECF No. 322**), and it **grants** the Plaintiffs' motions seeking entry of final turnover judgments (**ECF Nos. 116, 120, 155, 168, 170**).

     Lopez Bello objects primarily because: (1) the agency or instrumentality designation is erroneous because his indirect ties to the FARC are insufficient to render him its agent; (2) the corporate account holders are not subject to the TRIA turnover; and (3) this Court lacks subject matter jurisdiction over the accounts at issue because each is allegedly located outside the state of Florida. None of these objections have merit.

     First, this Court has already held that Lopez Bello is an agent or instrumentality of the FARC due to his indirect ties to it, and the Eleventh Circuit has concluded that "indirect" ties are sufficient to establish the required relationship. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 742 (11th Cir. 2014) ("*Stansell I*") ("The evidence Plaintiffs presented to the district court was sufficient to establish the required relationship between FARC and the Partnerships, even if that relationship was indirect."). The Eleventh Circuit also

rejected Lopez Bello's arguments that the manner in which this Court made the "agency or instrumentality" finding violated his due process rights. *Stansell v. Lopez Bello*, -- Fed. App'x --, 2020 WL 290423 (11th Cir. Jan. 21, 2020) ("*Stansell II*") (Lopez Bello had received actual notice of the execution proceedings and had a full and fair opportunity to make his case). Therefore, the Court overrules these objections.

Second, this Court has already rejected Lopez Bello's contention that the corporate account owners are not subject to TRIA turnover even if the owners of the accounts have not been found to be agents or instrumentalities of the FARC. (ECF No. 279 at 2.) Judge Torres previously explained that the writs "are directed at two categories of accounts—those that hold assets in Bello's name only, and those that name Lopez Bello in addition to other entities." (ECF No. 248 at 23.) Moreover, the argument that a writ should be dissolved because an account also holds the assets of an entity that is not subject to TRIA attachment must be raised by that entity and not by Lopez Bello. (*Id.* at 24.) Judge Torres also noted that the entity's accounts had been blocked by U.S. Department of the Treasury's Office of Foreign Asset Control, which indicates to the Court that even if these arguments were properly raised they are likely meritless.

Third, Lopez Bello contends that the Court lacks subject matter jurisdiction over the financial accounts because the bank accounts are not located in Florida. Regardless of the accounts' locations, this Court has subject matter jurisdiction. *See Tribie v. United Development Group Intern. LLC*, 2008 WL 5120769, at *3 (S.D. Fla. Dec. 2, 2008) (Moreno, J.) (Florida has not adopted the "Separate Entity Rule, a somewhat dated and seldom-cited legal doctrine, [which] holds that each branch of a bank is a separate legal entity in the context of a garnishment action.")

To the extent that this Court did not thoroughly address every argument raised by Lopez Bello in his motion, reply, and objections, the Court notes that a decisionmaker need not specifically address and reject every argument raised by one of the parties. *Guice v. Postmaster General, U.S. Postal Service*, 718 Fed. App'x 792, 795 (11th Cir. 2017). Moreover, Lopez Bello has previously raised each of the arguments raised in his objections (or some version of these arguments), and this Court (or the Eleventh Circuit) has previously rejected each one. (*See* ECF No. 335 at 3-5) (citing specific orders in which the Court previously rejected Lopez Bello's objections).

Therefore, the Court **affirms and adopts** Magistrate Judge Torres's Report and Recommendation (**ECF No. 322**), and the Court further **orders** as follows:

- The Plaintiffs' Motion for TRIA Turnover Judgment on Garnishee UBS Financial Services, Inc. (**ECF No. 116**) is **GRANTED**. A final judgment of

garnishment is entered on the account identified in the Garnishee's Answer (ECF No. 58), XXX952, in the name of Samark Jose Lopez Bello, in the amount of $28,970,462 or the existing balance, in favor of the Plaintiffs.

- The Plaintiffs' Motion for TRIA Turnover Judgment on Garnishee RJA Financial Services, Inc. (**ECF No. 120**) is **GRANTED**. A final judgment of garnishment is entered on the account held by Raymond James & Assocs. and identified in the Garnishee's Answer (ECF No. 61), XXX540, in the name of Samark Lopez Bello, in the amount of $2,361,839.10 or the existing balance, in favor of the Plaintiffs.

- The Plaintiffs' Motion for TRIA Turnover Judgment on Garnishee Branch Banking & Trust Co. (**ECF No. 155**) is **GRANTED**. A final judgment of garnishment is entered on the account identified in the Garnishee's Answer (ECF No. 71), XXX9258, in the name of Samark Jose Lopez Bello, and XXX1848 in the name of Profit Corp. CA, and XXX9323 in the name of SMT Technologia CA, in the total amount of $1,332,859.11 or the existing balances, in favor of the Plaintiffs.

- The Plaintiffs' Motion for TRIA Turnover Judgment on Garnishee Morgan Stanley Smith Barney LLC (**ECF No. 168**) is **GRANTED**. A final judgment of garnishment is entered on the account identified in the Garnishee's Answer (ECF No. 76), XXX300, in the name of Yakima Trading Corp., and XXX945 in the name of Samark Jose Lopez Bello, in the total amount of $11,498,994.68 or the existing balances, in favor of the Plaintiffs.

- The Plaintiffs' Motion for TRIA Turnover Judgment on Garnishee Safra National Bank of New York (**ECF No. 170**) is **GRANTED**. A final judgment of garnishment is entered on the account identified in the Garnishee's Answer (ECF No. 78), XXX4131, in the name of Samark Jose Lopez Bello, and XXX5158 in the name of PYP International LLC, in the amount of $9,044,160.79 or the existing balances, in favor of the Plaintiffs.

**Done and ordered** in chambers, at Miami, Florida, on April 29, 2020.

_____
Robert N. Scola, Jr.
United States District Judge