United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Keith Stansell, and others,<br>Plaintiffs,<br><br>v.<br><br>Revolutionary Armed Forces of<br>Columbia, Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 19-20896-Civ-Scola |

**Order Denying Motion for Stay Pending Appeal**

Now before the Court is the Defendants' Expedited Motion to Waive the Bond Requirement and Stay the Enforcement of the Judgment Pending Appeal. For the reasons set forth below, the Court **denies** the motion to stay enforcement of the judgment pending appeal (**ECF No. 351**) and to waive the bond requirement (**ECF No. 349**).

**1. Enforcement of the Judgment Should Not Be Stayed**

The factors regulating the issuance of a stay under Federal Rule of Civil Procedure 62 are as follows: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 107 S.Ct. 2113, 2119 (1987). Here, the Court need not address each factor because the Defendants have not made a strong showing that they are likely to succeed on the merits on appeal.

This Court has already held that the Defendants are agents or instrumentalities of the FARC due to their indirect ties to it, and the Eleventh Circuit has concluded that "indirect" ties are sufficient to establish the required relationship. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 742 (11th Cir. 2014) ("*Stansell I*") ("The evidence Plaintiffs presented to the district court was sufficient to establish the required relationship between FARC and the Partnerships, even if that relationship was indirect."). The Eleventh Circuit also rejected the Defendants' arguments that the manner in which this Court made the "agency or instrumentality" finding violated his due process rights. *Stansell v. Lopez Bello*, -- Fed. App'x --, 2020 WL 290423 (11th Cir. Jan. 21, 2020) ("*Stansell II*") (Lopez Bello had received actual notice of the execution proceedings and had a full and fair opportunity to make his case). Moreover, the Defendants failed to substantially show that they were likely to succeed on the merits on

appeal in their motion (ECF No. 351) and in their reply (ECF No. 354). In fact, they did not even attempt to make this required showing.

### 2. The Bond Requirement Should Not Be Waived

The posting of a bond or security is not mandatory and can be waived in the Court's discretion if waiver is justified by "extraordinary circumstances." *Suntrust Bank v. Ruiz,* 2015 WL 11216713 at *2 (S.D. Fla. Nov. 6, 2015) (Lenard, J.). In order to meet this standard, the Defendants must adequately show either: (1) that "their ability to pay the judgment is plain" and the cost of the bond would be a waste of time or (2) "the bond requirement would put Defendants' other creditors in undue jeopardy." *Id*; *see also Avirgan v. Hull,* 125 F.R.D. 185, 186 (S.D. Fla. 1989) (King, J.).

The Defendants have not shown that their ability to pay the judgment is plain. To the contrary, they have submitted Samark Jose Lopez Bello's declaration, which states that he has "no available funds" inside or outside of the United States "that can be used to post any amount of security." (ECF No. 349-2 ¶¶ 8, 9.) And, the Defendants have not shown—or even suggested—that the bond requirement would put the Defendants' other creditors in undue jeopardy. Therefore, the Court declines to waive the bond requirement in this case.

**Done and ordered** in chambers, at Miami, Florida, on June 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge