UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20896-SCOLA/TORRES

KEITH STANSELL,  et al.

　　　Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

　　　Defendants.

_____/

**PLAINTIFFS' EX PARTE, EXPEDITED MOTION FOR ISSUANCE OF
POST-JUDGMENT WRITS OF GARNISHMENT & MEMORANDUM OF LAW**

Plaintiffs move for issuance of Court Ordered writs of garnishment and execution to enforce their Final Judgment entered in their favor as U.S. national terrorism victims against Defendants pursuant to: (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333;  (ii) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. §1610 note;  (iii) Fed. R. Civ. P. 69(a); (iv) Florida garnishment statutes [Ch. 77]; (v) *Stansell v. FARC*, 771 F.3d 713, (11th Cir. 2014); (vi) the International Emergency Economic Powers Act ("IEEPA") Executive Order 13857 (National Emergency with respect to Venezuela);  (vii) June 5, 2020 Order in *Doe v. FARC et al.*, SDFL Case No. 10-cv-21517, Dkt. Entry 288 (Huck, J.) ("Petrocedeño SA is an agency or instrumentality of the FARC.  Thus, Petrocedeño's blocked assets are subject to attachment and execution pursuant to the TRIA.");  and   (viii) SDFL Local Rule 7.1(d)(2) Expedited Motion.

The ATA Judgment was rendered June 15, 2010 by the U.S. District Court for the Middle District of Florida in the amount of $318,030,000 in compensatory damages, and was duly registered in this district on July 28, 2010 pursuant to 28 U.S.C. § 1963, and may now be

1

enforced like a judgment from this district.  *See* Order [Case No.: 8:09-cv-2308 MDFL DE 232]

and Judgment [MDFL DE 233] registered herein at Dkt. Entry 1.  There still remains due and

owing $273,900,403.80 on the Judgment awarded.[1]

### BACKGROUND

#### *Request for Expedited Relief to Attach*
#### *OFAC Blocked Assets under Venezuelan Sanctions*

This is a TRIA post-judgment execution that seeks to attach assets blocked by the U.S.

Treasury Department's Office of Foreign Assets Control ("OFAC") under the Venezuela

Sanctions Program 31 C.F.R. Part 591 and Executive Orders 13850 and 13857.  Under E.O.

13850 OFAC designated Petroleos de Venezuela, S.A. (PDVSA) for operating in the oil sector

of the Venezuelan economy.  PdVSA is a Venezuelan state-owned oil company and a primary

source of Venezuela's income and foreign currency.  Under E.O. 13857 the term ''Government

of Venezuela'' includes the state and Government of Venezuela, any political subdivision,

agency, or instrumentality thereof, including the Central Bank of Venezuela and Petroleos de

Venezuela, S.A. (PDVSA), any person owned or controlled, directly or indirectly, by the

foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf

of, any of the foregoing, including as a member of the Maduro regime.''

---

[1] A Judgment Lien Certificate has been filed with the Florida Secretary of State pursuant to
28 U.S.C. § 1962 and Fla. Stat. §§ 55.202(2)(a) and 55.203. Plaintiffs do not believe that the
Defendants have in their possession visible property on which levy can be made sufficiently to
satisfy the said Judgment.  The time for filing an appeal has lapsed.  None of the FARC
defendants have appeared and defaults were properly entered against them all
prior to entry of the Default Judgment in MDFL Case 8:09-cv-2308. Accordingly, no further
notice, service of pleadings, motions or writs is required to be served on the FARC or the
individual FARC members identified in the ATA Judgment. Fed. R. Civ. P. 5(a)(2).

### *Petrocedeño – FARC Agency or Instrumentality*

Petrocedeño, S.A. is a subsidiary of Venezuela's state-owned oil company, PDVSA, and is majority-owned and controlled by PDVSA. Under E.O. 13857, Petrocedeño is synonymous with and an a/k/a for PDVSA.  Petrocedeño is an upgrader of heavy crude found in Venezuela's Orinoco oil sands.  The carbonization of these oil sands to produce heavy crude creates a byproduct known as Petroleum Coke — a final carbon-rich solid material that derives from oil refining, and is referred to as "coke" or "petcoke."  Petcoke is typically used in either an energy application, as a source of British Thermal Units (BTUs) or in an industrial application, as a source of carbon.  Fuel grade petcoke represents roughly 80 percent of worldwide petcoke production and is most commonly used in electric power plants and cement kilns.

### *The U.S. Entity Holding the Blocked Assets*

Oxbow Carbon LLC and/or Oxbow Energy Solutions LLC  ("Oxbow"), both with corporate headquarters in this district, is the worldwide leader in fuel grade petcoke sourcing and sales, handling more than 11 million tons per year.  Oxbow is the parent company of SSM Petcoke LLC ("SSM") also with offices in this district.  Oxbow and SSM Petcoke LLC purchased petcoke from Petrocedeño and had accounts payable owed to Petrocedeno which are now blocked assets subject to execution in this district.  In June 2019 H.J. Baker & Bro., LLC purchased the Oxbow Sulphur Group.  In SSM's Answer in the *Doe* matter, SSM sets forth:

> 2.   SSM knows that H.J. Baker & Bro. LLC ("HJ Baker") is <u>also indebted to Petrocedeño S.A.</u> On June 21, 2019, H.J. Baker purchased Oxbow Sulphur, the sulphur business of SSM Petcoke LLC's parent, which prior to the sale held blocked assets of Petrocedeño S.A. pursuant to OFAC sanctions. Per H.J. Baker's website, the new company is doing business as ICEC, an H.J. Baker Company.

Dkt. Enrty 252 at 2, *Doe v. FARC et al*. (emphasis added).

3

### *Judge Huck's June 5th Order Finding PetroCedeño*
### *an Agency or Instrumentality of the FARC*

On February 26, 2019, funds in the possession of SSM, which were owed to Petrocedeño, became blocked property pursuant to 31.C.F.R. Part 591, Venezuela Sanctions and E.O 13857. **Ex. 1**.[2]  The owner of the blocked property is Petrocedeño S.A. and the amount reported blocked was $18,837,114.83.  **Ex. 2**[3].

On June 5, 2020 Senior District Judge Paul Huck entered a turnover order after extensive submissions finding that "Petrocedeño SA is an agency or instrumentality of the FARC.  Thus, Petrocedeño's blocked assets are subject to attachment and execution pursuant to the TRIA." **Ex. 3**.[4]  Dkt Entry 288, *Doe v. FARC et al.*, SDFL Case No. 10-cv-21517 (Huck, J.).  This Order turned over to an ELN/FARC victim $16,420,606.83 to satisfy his compensatory damage award. There remains approximately $2.4 million in blocked funds held by SSM, and SSM's Answer states that its parent Oxbow is holding additional blocked assets of Petrocedeño.  The *Doe* matter pleadings were unsealed on June 8, 2020.  Dkt Entry 289 in *Doe*.

Because of the fleeting nature of blocked assets, Plaintiffs seek to attach these Kingpin Act  blocked assets without delay. *See Stansell v. FARC et al*., 771 F.3d 713, 729 (11th Cir. 2014)(TRIA favors "immediate attachment").  Plaintiffs respectfully request expedited review under SDFL Local Rule 7.1(d(2) and relief by date certain – **June 19, 2020** (12 days after filing) to promptly attach these assets and perfect their judgment liens under Florida law.

In accordance with the Eleventh Circuit's decision on TRIA executions, "[m]ere

---

[2] Dkt Entry 275-2, Affidavit of Marsha McIntyre, Director of Compliance for Oxbow. Citation is to *Doe v. FARC et al*., SDFL Case No. 10-cv-21517 (Huck, J.).

[3] Dkt Entry 275-1 *Doe v. FARC*, SSM's Report to OFAC of blocked property.

[4] Dkt Entry 288 June 5, 2020 Order *Doe v. FARC et al*.  Plaintiffs also include the two sworn declarations filed in *Doe* establishing the agency or instrumentality connection to the FARC.  *See* **Ex. 4** (Affid. David Gaddis)[filed in *Doe* as DE 258-6]; and **Ex. 5** (Affid. Brian Fonseca)[filed in *Doe* as DE 258-7].

attachment is a minimally intrusive manner" of reducing the risks of fleeting assets. *Stansell v. FARC et al.*, 771 F.3d 713, 730 (11th Cir. 2014). *Id.* ("factors weigh in favor of immediate attachment, Claimants were not constitutionally entitled to a hearing before the writ issued. In sum, Claimants were entitled to notice and to be heard before execution, though not necessarily before attachment.").

Defendant Revolutionary Armed Forces of Colombia ("FARC") is a designated Foreign Terrorist Organization and the world's largest supplier of cocaine. Plaintiffs are U.S. national victims of acts of international terrorism by the FARC holding an Anti-Terrorism Act Judgment.

Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") provides the federal statutory procedure for the enforcement of judgments by victims of terrorism and for executing on any blocked assets of the FARC, *or any agency or instrumentality of the FARC*. Terrorism Risk Insurance Act of 2002, codified at 28 U.S.C. §1610 note.

### *Plaintiffs Satisfy the Requirements for TRIA Execution*

Plaintiffs have satisfied the requirements of TRIA, they obtained an ATA judgment against the FARC, a "terrorist party" as defined by the TRIA Section 201(d)(4), on a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B), and now seek to enforce that ATA judgment against blocked assets of "any agency or instrumentality of that terrorist party" which includes blocked assets of individuals, organizations, entities or cartels that have been designated by Department of Treasury's Office of Foreign Assets Control ("OFAC") and that have a nexus with the FARC. 18 U.S.C. § 2333. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

The TRIA allows terrorism victim judgment holders to execute on blocked assets of designated persons, entities or organizations not named in the ATA Judgment. *Weinstein v.*

*Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010)("Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment.").

OFAC does not require a license for plaintiffs to execute on blocked assets under the TRIA. *Weininger v. Castro*, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006); *Harrison v. Republic of Sudan*, 838 F.3d. 86, 98 (2nd Cir. 2016). Plaintiffs have complied with all litigation reporting requirements to OFAC under 31 C.F.R. 501.605.

## MEMORANDUM OF LAW

### *The Preclusive Effect of Judge Huck's Order*

Collateral estoppel (a/k/a issue preclusion) bars re-litigation of an issue when: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Dish Network Corp. v. Ace Am. Ins. Co*., No. 16-CV-4011 (ALC), 2019 WL 7047341, at *8 (S.D.N.Y. Dec. 23, 2019), *citing Ball v. A.O. Smith Corp*., 451 F.3d 66, 69 (2d Cir. 2006) (internal quotation marks omitted). Each of the four requisite elements for collateral estoppel is met here.

The agency or instrumentality issue was raised and decided by Judge Huck who made the finding after extensive submissions. Petrocedeños received full statutory notice of: the motion, writ and right to move to dissolve the writ; the garnishee's answer; and motion to release blocked assets. *See Doe v. FARC et al.*, SDFL Case No. 10-cv-21517 (Huck, J.), Dkt Entries 242, 258, 288. Resolution of the "agency of instrumentality" issue by the Southern District of Florida was necessary to support a valid     and final TRIA turnover judgment. *See Doe*, Dkt Entry 288, June 5, 2020

6

Order. Judge Huck was required to address the agency or instrumentality issue before it entertained the Doe Plaintiff's motion for release of blocked funds under the TRIA. *See Stansell v. FARC*, 771 F.3d 713, 741 (OFAC blocked partnerships received actual notice, took advantage of Florida law to seek dissolution of the writs, but district court, after due consideration of their argument, concluded that the agency or instrumentality allegation was "proved to be true" and properly denied the motion to dissolve the writ.). Judge Huck followed the Eleventh Circuit's framework in *Stansell v. FARC*, 771 F.3d 713 (11th Cir 2014).[5]

"[T]he principal aims of the collateral estoppel doctrine are to promote judicial efficiency and to avoid inconsistent rules of decision." *Dish* at *8. Here, it is judicial efficiency which is the most significant policy reason to apply the agency or instrumentality finding already made by Judge Huck in this district.

### *Judicial Notice of an Agency or Instrumentality Finding in the Southern District of Florida*

Plaintiffs request that this Court take judicial notice of the adjudicative facts in the June 5, 2020 Order of Senior Judge Paul Huck, United States District Court, Southern District of Florida that:

> (c) the assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under TRIA;

> (d) the "blocked assets" are assets "of" Petrocedeño, S.A., such that TRIA's ownership requirement has been met;

> (f) Petrocedeño SA is an agency or instrumentality of the FARC. Thus, its blocked assets are subject to attachment and execution pursuant to the TRIA.

---

[5] Complete identity of parties is not required here because we are not seeking to estop the state or federal government. Offensive, nonmutual collateral estoppel allows a plaintiff to assert that a defendant is barred from litigating an issue based on a decision rendered in a case in which the plaintiff was not involved. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327–28, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Kinon Surface Design, Inc. v Hyatt Intl. Corp.*, 19-81123-CV, 2019 WL 8989596, at *4 (S.D.F.L. Dec. 6, 2019) (Middlebrooks, D.) (mutuality of parties is not a requirement for issue preclusion).

June 5, 2020 Order, *Doe v. FARC et al.*, SDFL Case No. 10-cv-21517.

This Court may take judicial notice of records and decisions within this district. *See ITT Rayonier Inc. v. United States*, 651 F.3d 343, 345 n.2 (5th Cir. 1981). *See* Fed. R. Evid. 201; 401. *See also Booth v. Fletcher*, 101 F.2d 676, 679 n. 2 (D.C.Cir.1938) ("A court may take judicial notice of, and give effect to, its own records in another but interrelated proceeding...."). Indeed, as has been noted in other terrorism cases, this "Court may take judicial notice of related proceedings and records in cases before the same court." *Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, 50–51 (D.D.C. 2009) quoting *Heiser v. Islamic Republic of Iran*, 466 F.Supp.2d 229, 267 (D.D.C. 2006). *See Brewer*, 664 F. Supp.2d at 54 (Court not required to relitigate the issue of the terrorist relationship already decided in the same district).

### *Florida Garnishment and Execution Statutes Govern Procedure*

Federal Rule of Civil procedure 69(a)(1) governs the procedural framework of this post-judgment TRIA execution. Fed.R.Civ.P. 69(a)(1). *See Stansell*, 771 F.3d at 730 ("Florida's notice requirements simply provide the procedure for executing"). The timing of the notice requirements is governed by the Florida garnishment statutes. *Id*. at 729 ("not necessarily before attachment"). The Eleventh Circuit Court of Appeals held that "the factors weigh substantially in favor of immediate attachment" and that claimants and property owners are "not constitutionally entitled to a hearing before the writ issued." The *Stansell* Court noted that:

> The third factor weighs heavily in favor of a later hearing: <u>ensuring adequate satisfaction of judgments against terrorist parties</u>. During the pendency of execution proceedings, a number of events may occur which make satisfaction using a particular asset impossible. Other judgment creditors may seek to execute against the asset. The government may take action that makes the asset unreachable, including seizure . . . . <u>Because the factors weigh in favor of immediate attachment</u>, <u>Claimants were not constitutionally entitled to a hearing before the writ issued. In sum, Claimants were entitled to notice and to be heard before execution, though not necessarily before attachment</u>.

*Stansell*, 771 F.3d at 729 (emphasis added, citations omitted).

Under Florida garnishment statutes, a judgment lien is created at the moment a writ of garnishment is served (the "attachment") on the garnishee, *before any service on the debtor*, claimant or property owner is required.  See § 77.06(1), Fla. Stat.; § 77.041(2).

Plaintiffs have complied with the Florida garnishment statutes Fla. Stat. §77.03 by filing the instant motion with the requirements of Fla. Stat. §77.03, and with Fla. Stat. §77.04, form of the writ, and will further comply with all statutory notice requirements imposed by Fla. Stat. §77.041(2) [requiring service of the motion and writ] and §77.055 [requiring service of the garnishee's answer].  Plaintiff does not believe that the Defendants have in their possession visible property on which levy can be made sufficiently to satisfy Plaintiffs' ATA Judgment.

### *TRIA's Two-Step Procedure on Execution*

This Court must make two separate determinations in this post-judgment TRIA execution upon receiving a motion to issue a TRIA writ of garnishment or execution.  First, the Court must determine whether the property is blocked under IEEPA.   And, second, the Court must determine that the designated persons or entities owning the blocked property are agencies or instrumentalities of the terrorist party FARC.  *See Stansell et al.  v. FARC et al.,* 771 F.3d 713, 726 (11th Cir. 2014).

Judge Huck's June 5, 2020 Order determines both prongs of the *Stansell* test—assets are blocked and owned by an agency of instrumentality of a terrorist party.

The law is well-settled that the preclusive effect of Judge Huck's June 5, 2020 turnover of the blocked Petrocedeño funds is immediate. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1764, 191 L.Ed.2d 803 (2015) ("[A] judgment's preclusive effect is generally immediate . . . .").

## SDFL Local Rule 7.1(a)(3) Certification

Southern District of Florida Local Rule 7.1(a)(3) is inapplicable at this time.

WHEREFORE Plaintiffs request expedited review and relief and that their motion be granted in the form of the proposed Order attached hereto as **Ex. 6**, including:

1.      That the Court takes judicial notice of the records and proceedings in this district in *Doe v. FARC et al.*, SDFL Case No. 10-cv-21517 (Huck, J. Senior Judge), including the June 5, 2020 Order.  *See Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, 50–51, 54 (D.D.C. 2009) (Court not required to relitigate the issue of the terrorist relationship already decided in the same district).   The law is well-settled that the preclusive effect of Judge Huck's June 5, 2020 turnover of the blocked PetroCedeño funds is immediate. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1764, 191 L.Ed.2d 803 (2015) ("[A] judgment's preclusive effect is generally immediate . . . .").

2.      The assets which Plaintiffs seek to execute on are "blocked assets" within the meaning of TRIA.

3.      Petrocedeño S.A. is an agency or instrumentality of the FARC and therefore its blocked assets are subject to attachment and execution pursuant to the TRIA.

4.      The "blocked assets" are assets "of" and owned by Petrocedeño, S.A., such that TRIA's ownership requirement has been met.

5.      Directing the Clerk of Court to issue Writs of Execution/Garnishment against the blocked assets of Petrocedeno S.A. in the form attached as **Ex. 7** (SSM Petcoke LLC); **Ex. 8** (H.J. Baker & Bro., LLC); **Ex. 9** (Oxbow Carbon LLC); **Ex.10** (Oxbow Energy Solutions LLC)..

6.      Finding that the Clerk of this Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the Court's Order.

Respectfully submitted June 10, 2020

Newton P. Porter (FL Bar: 833738)          Richard B. Rosenthal (FL Bar: 0184853
Tony Korvick (FL Bar: 0768405)             THE LAW OFFICES
PORTER & KORVICK, P.A.                      OF RICHARD B. ROSENTHAL, P.A.
Attorneys for Plaintiffs                    Co-counsel for Plaintiffs
9655 South Dixie Highway Suite 208          1581 Brickell Avenue
Miami, Florida 33156                        Suite 1408
Telephone:     (305) 373-5040              Miami, Florida 33129
nporter@porterandkorvick.com                Telephone: (305) 992-6089
tkorvick@porterandkorvick.com               rbr@rosenthalappeals.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing by electronic mail to the following persons:

OFFICE OF FOREIGN ASSETS CONTROL
U.S. Department of the Treasury
1500 Pennsylvania Ave. NW
Washington DC
[by email service directly to OFAC counsel in compliance with 31 CFR 501.605]

 s/Newt Porter_____
NEWT PORTER (FL Bar 833738)
PORTER & KORVICK, P.A.
Attorneys for Plaintiffs
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:     (305) 373-5040
nporter@porterandkorvick.com