UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20896-SCOLA/TORRES

KEITH STANSELL, et al.

    Plaintiffs,
vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

    Defendants.
_____/

## ORDER

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Ex Parte Expedited Motion for Issuance of a Post-Judgment Writs of Garnishment and Execution (Dkt. Entry __), and all legal authorities cited therein, including the Terrorism Risk Insurance Act of 2002("TRIA"), §201(a), 28 U.S.C. §1610 note; the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333(a) and (e); *Stansell v. FARC*, 771 F.3d 713 (11th Cir. 2014); June 5, 2020 Order in *Doe v. FARC*, SDFL Case No. 10-cv-21517, Dkt Entry 288 (Huck, J.); supporting expert witness affidavits filed in *DOE*; Fed. R. Civ. P. 69(a) and the applicable Florida statutes governing procedures on post-judgment garnishment and execution; it is

    **ORDERED AND ADJUDGED** as follows:

    (1) This Court has subject matter jurisdiction to conduct post-judgment execution proceedings of plaintiffs' final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. §1963, with postjudgment execution under the ATA and TRIA §201.

    (2) Plaintiffs' Ex Parte Expedited Motion (Dkt. Entry __) is hereby granted.

(3) The Court takes judicial notice of the records and proceedings in this district in *Doe v. FARC*, SDFL Case No. 10-cv-21517 (Huck, J. Senior Judge), including the June 5, 2020 Order determining that Petrocedeños S.A. is the owner of blocked assets, is an agency or instrumentality of the terrorist party Revolutionary Armed Forces of Colombia ("FARC"), and that these assets are subject to execution under the TRIA. *See Brewer v. Islamic Republic of Iran*, 664 F.Supp.2d 43, 50–51, 54 (D.D.C. 2009) (Court not required to relitigate the issue of the terrorist relationship already decided in the same district). The law is well-settled that the preclusive effect of Judge Huck's June 5, 2020 turnover of the blocked Petrocedeño S.A. funds is immediate. *Coleman v. Tollefson*, 135 S.Ct. 1759, 1764, 191 L.Ed.2d 803 (2015) ("[A] judgment's preclusive effect is generally immediate . . . ."), and as such this Court determines that Petrocedeños S.A. is an agency or instrumentality of the FARC and its blocked assets are therefore subject to attachment and execution pursuant to TRIA and 18 U.S.C. 2333.

(4) The assets which Plaintiffs seek to execute upon are "blocked assets" within the meaning of TRIA.

(5) The "blocked assets" are assets "of" and owned by Petrocedeño, S.A., such that TRIA's ownership requirement has been met.

(6) The Court concludes that Plaintiffs, through their extensive submissions, have adequately established that 1) they have obtained an Anti-Terrorism Act judgment against a terrorist party (the FARC) that is based on an act of international terrorism, (2) the assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. §2333 and TRIA, (3) the total amount of the executions does not exceed the amount outstanding of the Plaintiffs' ATA Judgment.

(7) The Clerk of this Court is directed to issue Writs of Execution/Garnishment against the blocked assets of Petrocedeno S.A. in the form attached as **Ex. 7** (SSM Petcoke LLC); **Ex. 8** (H.J. Baker & Bro., LLC); **Ex. 9** (Oxbow Carbon LLC); **Ex.10** (Oxbow Energy Solutions LLC).

(8) The Clerk of this Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure, consistent with the Court's Order.

(9) The Plaintiffs are ordered to notify the Court immediately once they have attached all assets that are subject to this order. Upon the earlier of the filing of that notice or **thirty days from the date of this order**, whichever occurs first, the Clerk of the Court is directed to **unseal** the sealed filings in this case, including the Plaintiffs' motion (**ECF No. __**), and this order. **Done and ordered** in chambers, at Miami, Florida, on June __, 2020.

                                                      _____
                                                      Robert N. Scola, Jr.
                                                      United States District Judge