United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Keith Stansell, and others,<br>Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | Case No. 19-20896-Civ-Scola |
| Revolutionary Armed Forces of<br>Columbia, Defendant. | )<br>)<br>) | |

### Order Denying the Defendants' Motion For Reconsideration

The Defendant has asked the Court to reconsider its previous ruling in denying their motion for a stay pending appeal (ECF No. 351) and their motion to a waive the security requirement (ECF No. 349). The Defendants point to the same facts—that Lopez secured the judgement and therefore bond is unnecessary—and the same law in its motion. Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Additionally, Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties,

> or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). The Defendant does not indicate whether it is moving for reconsideration under Rule 59 or 60. Regardless, because the Motion does not present new facts or new law but merely urges the Court to rethink its previous decision, the Court must **deny** the motion (**ECF No. 361**).

The Court notes that the Defendants may obtain a stay by posting a bond pursuant to Rule 62(b) in the total amount reflected in the final judgment. However, the Defendants have not done so, and therefore, they are not entitled to a stay pursuant to that subsection.

**Done and ordered** in chambers, at Miami, Florida, on June 15, 2020.

Robert N. Scola, Jr.
United States District Judge