United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 19-20896-Civ-Scola ) |
| Revolutionary Armed Forces of Columbia, Defendant. | ) ) ) |

### Order Granting Ex Parte Motion for Issuance of Writs of Garnishment

Now before the Court is the Plaintiff's ex parte expedited motion for issuance of writs of garnishment against Petrocedeño S.A. pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"). Upon consideration of the Plaintiffs' motion and the relevant authorities, the Court **grants** the ex parte motion (**ECF No. 360**), and orders as follows:

1. This Court has subject matter jurisdiction to conduct post-judgment execution proceedings of plaintiffs' final judgment under a federal statute (ATA), rendered by a United States district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with postjudgment execution under the ATA and TRIA § 201.

2. The Plaintiffs have adequately established that they have obtained an Anti-Terrorism Act ("ATA") judgment against the Revolutionary Armed Forces of Colombia ("FARC") that is based on an act of international terrorism. *See Stansell v. FARC*, Case No. 8:09-cv-2308 (M.D. Fla. June 15, 2020). The judgment was duly registered in this district on July 28, 2010.

3. In an order turning over blocked assets to a victim of the FARC, Judge Paul C. Huck has previously held, "Petrocedeño S.A. is an agency or instrumentality of the FARC." *Doe v. FARC*, Case No. 10-cv-21517 (S.D. Fla. June 5, 2020) (Huck, J.). The Court takes judicial notice of Judge Huck's order in that case, which determined that Petrocedeño S.A. is the owner of blocked assets, is an agency and instrumentality of the FARC and that its assets are subject to execution under TRIA. As such, this Court determines that Petrocedeño S.A. is an agency or instrumentality of the FARC and its blocked assets are therefore subject to attachment and execution pursuant to TRIA and 18 U.S.C. § 2333.

4. The assets that the Plaintiffs seek to execute on are "blocked assets" as that term is defined under the TRIA and the ATA, 18 U.S.C. § 2333(e).

5. The "blocked assets" are assets "of" and owned by Petrocedeño S.A. such that the ownership requirement has been met.

6. The total amount of the executions does not exceed the amount outstanding of the Plaintiffs' ATA judgment.

7. The **Clerk** is **directed** to issue Writs of Garnishment against the blocked assets of Petrocedeño S.A. in the form attached as ECF No. 360-7 (SSM Petcoke LLC); ECF No. 360-8 (H.J. Baker & Bro., LLC); ECF No. 360-9 (Oxbow Carbon LLC); ECF No. 10 (Oxbow Energy Solutions LLC).

8. The Clerk of this Court is authorized and directed to issue such further writs in aid of execution as warranted under, and in accordance with, Rule 69 of the Federal Rules of Civil Procedure and consistent with the Court's order.

9. The Plaintiffs are ordered to notify the Court immediately once they have attached all assets that are subject to this order. Upon the earlier of the filing of that notice or thirty days from the date of this order, whichever occurs first, the Clerk of Court is directed to unseal the sealed filings in this case, including the Plaintiff's motion (ECF No. 360) and this order.

**Done and ordered** in chambers, at Miami, Florida, on June 16, 2020.

Robert N. Scola, Jr.
United States District Judge