United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-20896-Civ-Scola |
| ) | |
| Revolutionary Armed Forces of ) | |
| Columbia, Defendant. ) | |

### Order on Motion to Intervene

Now before the Court is Loisinette Leiva's expedited motion to intervene and for an order requiring 9.95% of the proceeds of the July 7, 2020 sale to be given to her. For the reasons set forth below, the Court **denies** Leiva's motion (**ECF No. 406**).

On April 29, 2020, the Court entered final turnover judgment against the Defendant Samark Jose Lopez Bello ("Lopez Bello"). (ECF No. 339.) Since, this Court has denied Lopez Bello's motion for a stay pending appeal and denied reconsideration of that order. (ECF Nos. 358, 366.) The Eleventh Circuit and the United States Supreme Court have also denied Lopez Bello's request for a stay. (ECF Nos. 373-1, 396-1.) The Court finally denied an emergency motion for preliminary injunction to stop the sale. (ECF No. 408.) Now, apparently as a delay tactic, Lopez Bello's wife, Loisinette Leiva, moves to intervene, arguing that she is entitled to 9.95% of the proceeds because she is a partial owner of the property. She attaches trust documents to her motion in which Lopez Bello is the settlor and she is the trustee.

The Court cannot consider Leiva's motion because it is untimely. "The Supreme Court has held that the timeliness of a motion to intervene is a threshold factor that must be satisfied before the other factors should be considered." *Hollywood Community Synagogue, Inc. v. City of Hollywood, Fl*, 254 Fed. App'x 769, 771 (11th Cir. 2007). "If [a motion to intervene] is untimely, intervention must be denied. Thus, the court where the action is pending must first be satisfied as to the timeliness." *NAACP v. New York*, 413 U.S. 345, 365 (1973). The timeliness determination is within the discretion of the district court. *Hollywood Community Synagogue, Inc.*, 254 Fed. App'x at 771. The timeliness of a motion to intervene "must account for the chronology leading up to the motion" and the following factors:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983).

After considering the chronology and the timeliness factors, the Court concludes that intervention is untimely in this case. Lopez Bello, his attorneys,[1] and presumably Leiva know as of February 13, 2017 that the Department of the Treasury's Office of Foreign Assets Control (OFAC) blocked the Leucadendra property—and as of March 16, 2020, that a writ of execution was issued directed to the blocked real property at 325 Leucadendra Drive. (ECF No. 313.) Since March 16, 2020, Lopez Bello's attorneys have filed numerous motions listed below challenging the sale of the Leucadendra property scheduled to take place tomorrow July 7, 2020. None of these motions have mentioned that his wife owns an interest in the property.

> (1) Motion to Declare Florida Statute 56.16-56.20 Unconstitutional as applied to TRIA (ECF No. 325);
> (2) Motion to Strike Writ of Execution and Remove the Levy on 325 Leucadendra Drive (ECF No. 327);
> (3) Expedited Motion to Stay the Enforcement of the Judgement Pending Appeal (ECF No. 349);
> (4) Motion for Reconsideration of the Motion to Stay (ECF No. 361); and
> (5) Motion for a Preliminary Injunction Enjoining the Sale (ECF No. 400).

After exhausting numerous legal theories to stop the sale over the course of several months, Levia moves to intervene only days before the sale is scheduled to occur, raising arguments for the first time that she is the real owner of 9.95% of the property. These eleventh-hour arguments are improper, and therefore, her motion (**ECF No. 406**) is **denied** as untimely.

---

[1] The same attorneys who represent Lopez Bello in this action filed the motion to intervene on behalf of Lopez Bello's wife, Leiva.

**Done and ordered**, at Miami, Florida, on July 6, 2020.

                                                                _____
                                                                 Robert N. Scola, Jr.
                                                                 United States District Judge