United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-20896-Civ-Scola |
| ) | |
| Revolutionary Armed Forces of ) | |
| Columbia, Defendant. ) | |

### Omnibus Order

Now before the Court is the Plaintiff's expedited motion for an order determining that the Plaintiff's Antiterrorism Act ("ATA") judgment is for compensatory damages and enforceable in full under the Terrorism Risk Insurance Act of 2002 ("TRIA") and Lopez Bello's cross motion for reconsideration of the denial of the preliminary injunction. For the reasons set forth below, the Plaintiff's motion (**ECF No. 442**) is **granted** and Lopez Bello's motion (**ECF No. 499**) is **denied.**

TRIA provides that a terrorist party's blocked assets "shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." TRIA, Pub. L. No. 107-297 § 201(a). Meanwhile, ATA provides that any national of the United States injured by an act of international terrorism "shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a).

The Plaintiffs now seek an order determining that their $318,030,000 ATA judgment is entirely for compensatory damages (and therefore subject to execution under TRIA) before the United States Marshal disperses the $12 million in proceeds from the sale of one of Lopez Bello's properties. Once the Plaintiffs receive the sale proceeds, the amount that they collected will have exceeded $106,010,000. In response, Lopez Bello argues that the Plaintiffs can only collect $106,010,000, rather than the full $318,030,000 judgment, because the TRIA only allows for the recovery of compensatory damages—and, according to Lopez Bello, the judgment is made up of $106,010,000 in compensatory damages and $212,020,000 in punitive damages.

"[T]here is no rigid rule on characterizing treble damages statutes as either compensatory or punitive." *Alea London Ltd. v. Am. Home Services, Inc.*, 638 F.3d 768, 777-778 (11th Cir. 2011). "In fact, treble damages statutes defy easy

categorization as compensatory or punitive in nature." *Id.* at 777. "Whether treble damages under a given statute are considered compensatory or punitive is an intensely fact-based inquiry that may vary statute-to-statue." *Id.*

A main purpose of TRIA is to compensate United States nationals who are victims of international terrorism. *See* 136 Cong. Rec S4568-01; 1990 WL 49302 at *S4592 ("[TRIA] will serve as a further incentive to those with deep pockets . . . to spend resources and go after terrorists: this bill establishes an express cause of action to gain compensation as fruit of their efforts"). Indeed, ATA is similar to RICO and the Clayton Act, which also allow for the award of treble damages, the cost of the suit, and reasonable attorney's fees. *See* 18 U.S.C. § 2333(a); 18 U.S.C. § 1964(c); 15 U.S.C. § 15(a). The damages provisions of both statutes are remedial. "Both RICO and the Clayton Act are designed to remedy economic injury by providing for the recovery of treble damages, costs, and attorney's fees." *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S.C 143, 151 (1987); *see also Phoenix Bond & Indem. Co. v. Bridge*, 2012 WL 8706, at *3 (N.D. Ill. Jan. 2, 2012) ("The Supreme Court has consistently characterized RICO's treble damages provision (and the parallel treble damages provision in the Clayton Act, on which RICO's damage provision was modeled) as remedial rather than punitive").

Moreover, District Court Judge Lazzara from the Middle District of Florida entered the Plaintiffs' ATA judgment for compensatory damages in the amount of $318,030,000. (ECF No. 1-1) (repeatedly stating that the judgment was for "compensatory damages"). And the Eleventh Circuit has referred to the judgment in this case as compensatory damages. *Stansell v. FARC*, 704 F.3d 910, 913 (11th Cir. 2013) ("In 2010, Appellees collectively obtained a default judgment against FARC for $318 million in compensatory damages."). Therefore, this Court concludes that the $318,030,000 judgment is for compensatory damages.

**Done and ordered** in chambers, at Miami, Florida, on July 15, 2020.

_____
Robert N. Scola, Jr.
United States District Judge