UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20896-SCOLA/TORRES

KEITH STANSELL,  et al.

      Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

      Defendants.

_____/

**PLAINTIFFS' UNOPPOSED**
**MOTION FOR ENTRY OF TRIA TURNOVER JUDGMENT**
**ON GARNISHEE SSM PETCOKE, LLC'S**
**ANSWER TO WRIT OF GARNISHMENT DE 432 & MEMORANDUM OF LAW**

Plaintiffs file this unopposed motion for entry of a TRIA Turnover Judgment directing Garnishee SSM PETCOKE LLC ("SSM")  to turn over the remaining blocked assets of FARC agency or instrumentality PETROCEDENO, S.A., determined to be an agency or instrumentality of the FARC in Court Order [DE 367], to partially satisfy their Final Judgment as U.S. national terrorism victims against Defendants, pursuant to:  : (i) the Anti-Terrorism Act ("ATA"), 18 U.S.C. §2333;  (ii) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), 28 U.S.C. §1610 note;  (iii) Fed. R. Civ. P. 69(a); (iv) Florida garnishment statutes [Ch. 77]; (v) *Stansell v. FARC*, 771 F.3d 713, (11th Cir. 2014); (vi) the International Emergency Economic Powers Act ("IEEPA") Executive Order 13857 (National Emergency with respect to Venezuela); (vii) June 17, 2020 Order DE 367.  Petrocedeno S.A. has failed to appear, file or serve a motion under Fla. Stat § 77.07 (2) despite notice—this proceeding is in default as to Petrocedeno S.A.[1]

---

[1] Fla. Stat § 77.07 (2) ("Failure of the defendant or other interested person to timely file and serve the motion to dissolve within such time limitation . . . and the proceedings shall be in a default posture as to the party involved.").

Plaintiffs have conferred with counsel for Garnishee and Garnishee takes no position on this Motion.

## I.   BACKGROUND

The ATA Judgment was rendered June 15, 2010 by the U.S. District Court for the Middle District of Florida in the amount of $318,030,000 in compensatory damages, and was duly registered in this district on July 28, 2010 pursuant to 28 U.S.C. § 1963, and may now be enforced like a judgment from this district.  *See* Order [Case No.: 8:09-cv-2308 MDFL DE 232] and Judgment [MDFL DE 233] registered herein at Dkt. Entry 1.[2]  The Judgment was obtained pursuant to a civil action brought under the Anti-Terrorism Act, 18 U.S.C. § 2333, arising from the FARC's targeting of Americans and its shoot down of a U.S. civilian narcotics counter-surveillance plane, its murder of Tom Janis (retired U.S. military and former member of the Army's Delta Force) on February 13, 2003 and the FARC's hostage taking and 1,967 days of captivity and torture [2/13/03 – 7/2/08] of Keith Stansell (mission commander, former US Marine), Marc Gonsalves (intel officer, former USAF) and Thomas Howes (co-pilot).[3]

---

[2] DE 460.  In 2015, MDFL Judge Lazzara again confirmed that the entire ATA judgment for compensatory damages in an Order issuing TRIA writs: "Plaintiffs have a federal district court judgment for compensatory damages only under the Anti-Terrorism Act against the FARC, a "terrorist party", for damages arising from "an act of terrorism" [murder and hostage taking], as defined under Section 201(d) of the TRIA."  *See* MDFL Order DE 900 at 10 (emphasis added). *See also* MDFL Orders DE 252 at 3; DE 261 at 3; DE 300 at 12; DE 322 at 11 (where Judge Lazzara repeatedly stated "Plaintiffs' Judgment is solely for compensatory damages.").

[3] A Judgment Lien Certificate has been filed with the Florida Secretary of State pursuant to 28 U.S.C. § 1962 and Fla. Stat. §§ 55.202(2)(a) and 55.203. Plaintiffs do not believe that the Defendants have in their possession visible property on which levy can be made sufficiently to satisfy the said Judgment.  The time for filing an appeal has lapsed.  None of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment in MDFL Case 8:09-cv-2308. Accordingly, no further notice, service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment. Fed. R. Civ. P. 5(a)(2).

There currently remains due and owing $238,536,501.17 on the Judgment awarded (after sharing with the *Pescatore* plaintiffs).[4]

Since 1997 through the present, Defendant FARC has been a U.S. designated Foreign Terrorist Organization ("FTO"), pursuant to the Antiterrorism and Effective Death Penalty Act, 8 U.S.C. § 1189.  The FARC is the world's largest supplier of cocaine.

## II.     THE BLOCKED ASSETS ARE SUBJECT TO EXECUTION UNDER TRIA

Under Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified at 28 U.S.C. § 1610 note, Plaintiffs are entitled to satisfy their ATA judgment from the OFAC-blocked assets of not only the FARC, but also any "agency or instrumentality" of the FARC even if the "agency or instrumentality" itself is not named in the judgment.  Under the Venezuela Sanctions Program 31 C.F.R. Part 591 and Executive Orders 13850 and 13857 OFAC designated Petroleos de Venezuela, S.A. (PDVSA) for operating in the oil sector of the Venezuelan economy.  PdVSA is a Venezuelan state-owned oil company and a primary source of Venezuela's income and foreign currency.  Under E.O. 13857 the term ''Government of Venezuela'' includes the state and Government of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela and Petroleos de Venezuela, S.A. (PDVSA), any person owned or controlled, directly or indirectly, by the foregoing, and any person who has acted or purported to act directly or indirectly for or on behalf of, any of the foregoing, including as a member of the Maduro regime." Petrocedeño, S.A. is a subsidiary of Venezuela's state-owned oil company, PDVSA, and is majority-owned and controlled by PDVSA. Under E.O. 13857, Petrocedeño is synonymous with and an a/k/a for PDVSA.

---

[4] *See* Status Report DE 439 ("*Stansell* Plaintiffs' ATA Judgment currently stands at $245,856,501.17…"); DE 425 (USM 285 sale price of $12,250,000 on the Leucadendra mansion, less USMS statutory fee of $50,000.00, USM proceeds cleared Plaintiffs' trust account, *Stansell* plaintiffs received 60% or $7,320,000.00).  The funds were disbursed.

3

Petrocedeno S.A., a FARC agency or instrumentality, owns the blocked assets at issue here. *See* Order DE 367 at 2.

*Plaintiffs Complied with the Florida Garnishment Statute and*
*Eleventh Circuit Opinion in Stansell for this TRIA Execution*

"Florida law has specific requirements for notice and an opportunity to be heard." *Stansell v. FARC*, 771 F.3d 713, 725 (11th Cir. 2014). Florida's notice requirements apply to these post judgment TRIA executions. *Id. See Stansell v. Lopez Bello*, No. 19-11415, 2020 WL 290423 *3 (11th Cir. Jan. 21, 2020) (Florida garnishments statute's notice requirements as applied to third-party non-judgment debtor again "found to be constitutionally adequate."). Pursuant to Fla. Stat. §77.01, Plaintiffs filed an *ex parte* motion attaching extensive supporting evidence and seeking issuance of TRIA writs on the basis that the property was (and still is) blocked by OFAC, and that the blocked property owner is an "agency or instrumentality" of a terrorist party, i.e., the FARC. *Stansell*, 771 F.3d at 729 ("Before a writ of garnishment or execution pursuant to TRIA § 201 issues, a district court must determine that the property owner is a SDNT designated under TWEA or the IEEPA and is an agency or instrumentality of the judgment debtor terrorist party. The district court did that here, after Plaintiffs made factual proffers on those issues. The risk of erroneous deprivation is therefore diminished."). *See* DE 360 through DE 360-10 (Motion & Exhibits supporting agency or instrumentality and issuance of writs).

This Court engaged in the two-step TRIA analysis as required under the Eleventh Circuit's opinion in *Stansell* before it entered its Order DE 367 to issue the writ finding: (i) that the asset is blocked, and (ii) that the owner of the asset is an agency or instrumentality of the judgment debtor. TRIA § 201(a). *Stansell*, 771 F.3d at 726. Specifically, Your Honor found:

3.  In an order turning over blocked assets to a victim of the FARC, Judge

Paul C. Huck has previously held, "Petrocedeño S.A. is an agency or instrumentality of the FARC." *Doe v. FARC*, Case No. 10-cv-21517 (S.D. Fla. June 2, 2020) (Huck, J.). The Court takes judicial notice of Judge Huck's order in that case, which determined that Petrocedeños S.A. is the owner of blocked assets, is an agency or instrumentality of the FARC, and that its assets are subject to execution under the TRIA. As such, this Court determines that Petrocedeños S.A. is an agency or instrumentality of the FARC and its blocked assets are therefore subject to attachment and execution pursuant to TRIA and 18 U.S.C. § 2333.

    4.   The assets which Plaintiffs seek to execute on are "blocked assets" as that term is defined under the TRIA and ATA, within the meaning of TRIA and 18 U.S.C. § 2333(e).

    5.   The "blocked assets" are assets "of" and owned by Petrocedeño, S.A., such that TRIA's ownership requirement has been met.

    6.   The total amount of the executions does not exceed the amount outstanding of the Plaintiffs ATA Judgment.

June 17, 2020 Order, DE 367 at 1-2. The Clerk issued Writ DE 368 to Garnishee on June 17, 2020. DE 368. The U.S. Marshals served the writ of garnishment on June 22, 2020. **Ex. 1**. Plaintiffs perfected their judgment lien priority over this blocked account by service of this writ. Fla. Stat. §77.06(1).

In post-judgment enforcement cases like this one, pursuant to the Florida garnishment statute, the blocked party account owner does not receive notice of the motion and writ *until after* the writ has been served.[5] Fla. Stat. §77.041 (2) (copy of motion mailed "within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishees, whichever is later."). Here, the SSM writ was served on June 22, 2020 [Ex. 1], and the motion and writ were mailed to the blocked parties on June 23, 2020 complying with the statute. **Ex. 2.**

---

[5] The blocked parties are not entitled to hearing *before* a writ gets issued. *Stansell*, 771 F.3d at 729 ("Because the factors weigh in favor of immediate attachment, Claimants were not constitutionally entitled to a hearing before the writ issued. In sum, Claimants were entitled to notice and to be heard before execution, though not necessarily before attachment."). The TRIA turnover procedures under the Florida garnishment statute and its safeguards are "constitutionally adequate." *Stansell v. Lopez Bello,* 19-11415, 2020 WL 290423 at *1, 3 (11th Cir. Jan. 21, 2020). Service of the writ creates a lien on the property, Fla. Stat. §77.06(1).

Garnishee SSM filed its Answer to the writ timely on July 10, 2020.  DE 432.  On July 14, 2020, Plaintiffs provided statutory notice of the garnishee's answer, and a notice with a certificate of service advising of its  right to dissolve the writ within twenty days from the certificate of service date.  Fla. Stat. §77.055 ("a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days" must be served within 5 days after service of garnishee's answer).  **Ex. 3**.[6]

### The Time Within Which to Move to Dissolve the Writ has Expired
### -Florida Garnishment Statutes' Timing is Strictly Construed

Florida's garnishment statute itself provides for no extension of the 20-day time limitation—for any reason—to file a motion to dissolve the writ. Fla. Stat. § 77.07(2).  *See BNP Paribas v. Wynne III*, 994 So.2d 1004, 1005 (Fla. Dist. Ct. App. 2005) (trial court properly denied request for extension because "the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure."). The Florida statute's 20-day time limit must be "strictly construed."  *Regions Bank v. Hyman*, 91 F.Supp. 3d 1234, 1241 (M.D. Fla. 2015) ("Pursuant to Fed. R. Civ. P. 69(a), proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located. . . . The procedures outlined in Ch. 77, Florida Statutes govern this garnishment proceeding [and] . . . must be strictly construed.").  The Eleventh Circuit in *Stansell* has already determined that, within the TRIA execution context, the provisions of the Florida garnishment statute provide timely and appropriate due process to those who oppose execution. *Stansell,* 771 F.3d at 741  (OFAC-blocked persons/entities are "not prevented from

---

[6]  Plaintiff John Doe also provided prior statutory notices to Petrocedeno S.A. in 2019 in compliance with Fla. Stat. §77.041 and 77.055.  *See* SDFL Case 1:10-cv-21517-PCH, DE 258-3, 258-4.  Petrocedeno S.A. did not appear in *Doe* and its $16.4 million was turned over by Judge Huck on June 8, 2020.  *Id*., DE 288.

taking advantage of Florida law specifically provided for third-party challenges to garnishment proceedings.  *See* Fla. Stat. § 77.07(2).").  *See* Order DE 70.

Under Florida law, Petrocedeno, S.A had a strict "20 days after the date indicated in the certificate of service on the defendant and such other person of the plaintiff's notice required by s. 77.055, stating that any allegation in plaintiff's motion for writ is untrue."  Fla. Stat § 77.07(2).  That 20 day strict time limit expired on August 3, 2020.  Petrocedeno, S.A. never appeared, and has not challenged the motion, its allegations or the writ and no other person or entity has challenged the motion, allegations or writ.  There are no challenges to the Court's Order DE 367.

## III.   THIS COURT HAS JURISDICTION TO ENTER TURNOVER

This Court has previously determined that it has subject matter jurisdiction under TRIA and the ATA. DE 367 at 1.   Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") provides this Court with subject matter jurisdiction over post-judgment execution and attachment proceedings against *blocked assets* of an agency or instrumentality of the judgment-debtor, even if the agency or instrumentality itself is not named in the judgment.  *Stansell v. FARC*, 771 F.3d 713, 737 (11th Cir. 2014) ("The district court had subject matter jurisdiction."). *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010) ("Accordingly, we find it clear beyond cavil that Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment.").  Blocked assets of an agency or instrumentality of the judgment-debtor are subject to execution by ATA Judgment holders like these Plaintiffs.  18 U.S.C. § 2333.  *See Stansell*, 771 F.3d at 730 (blocking makes assets "fall within the ambit of TRIA § 201" and "subject to execution").

Because Petrocedeno S.A. has failed to appear—after multiple statutory notices in 2 separate TRIA executions—and has therefore failed to rebut the Court's agency or instrumentality determination, turnover is appropriate here.   Petrocedeno S.A. had the "opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets."  *See Stansell* 771 F.3d at 726.  It failed to do so, not only in this action, but also in the prior *John Doe* execution proceedings before Judge Huck against this same Garnishee that resulted in turnover of over $16 million of Petrocedeno S.A.'s blocked asset.  Plaintiffs may now execute on the remaining blocked assets of Petrocedeno S.A. as an agency or instrumentality of the FARC held by Garnishee SSM under TRIA.

It is not disputed that the subject assets held by SSM are blocked under IEEPA. Garnishee SSM's Answer identified no other persons or entities who has an ownership interest in the blocked account.

No party has asserted a personal jurisdiction challenge.  Plaintiffs are all U.S. nationals who have registered their judgment and appeared in this district.  Garnishee SSM  has filed an Answer to the writ and has not contested jurisdiction.[7]  This Court has jurisdiction over SSM, the Garnishee holding Petrocedeno S.A.'s blocked account.

## IV.     PLAINTIFFS SATISFY THE REQUIREMENTS FOR TRIA EXECUTION

Plaintiffs have satisfied the requirements of TRIA, they obtained an ATA judgment against the FARC,  a "terrorist party" as defined by the TRIA Section 201(d)(4), on a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B), and now seek to enforce that ATA  judgment against blocked assets of "any agency or instrumentality of that

---

[7] The FARC Defendants, who specifically targeted plaintiffs as Americans, and sent proof of life videos and prisoner exchange demands into the U.S., were determined to be subject to nationwide jurisdiction under the federal long arm statute, Fed. R. Civ. P. 4(k)(2), and also the ATA.  *See* DE 1 [MDFL Order DE 232, pp. 4-5 (*citing* Plaintiffs' Motion for Entry of Default Judgment, DE 228, Sec. II, Personal Jurisdiction Comports With Due Process, pp. 17-29)].

terrorist party" which includes blocked assets of individuals, organizations, entities or cartels that have been designated by Department of Treasury's Office of Foreign Assets Control ("OFAC") and that have a nexus with the FARC.  18 U.S.C. § 2333.  The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

The TRIA allows terrorism victim judgment holders to execute on blocked assets of designated persons, entities or organizations not named in the ATA Judgment.  *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010)("Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment.").

OFAC does not require a license for Plaintiffs to execute on blocked assets under the TRIA.  *Weininger v. Castro*, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006);  *Harrison v. Republic of Sudan*, 838 F.3d. 86, 98 (2nd Cir. 2016).  Plaintiffs have complied with all litigation reporting requirements to OFAC under 31 C.F.R. 501.605.

The Court has subject matter jurisdiction, personal jurisdiction over the garnishee and venue is proper.  All jurisdictional prerequisites are satisfied and TRIA's elements are met.

**WHEREFORE** Plaintiffs request entry a TRIA turnover judgment directing Garnishee SSM PETCOKE LLC  to turn over the remaining blocked property of Petrocedeno S.A. to Plaintiffs in the proposed form attached hereto as Exhibit 4.

<u>SDFL Local Rule 7.1(a)(3) Certification</u>

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), undersigned counsel has conferred with counsel for Garnishee SSM Petcoke LLC and it takes no position on this motion.

Respectfully submitted August 21, 2020

Newton P. Porter (FL Bar: 833738)          Richard B. Rosenthal (FL Bar: 0184853
Tony Korvick (FL Bar: 0768405)             THE LAW OFFICES
PORTER & KORVICK, P.A.                      OF RICHARD B. ROSENTHAL, P.A.
Attorneys for Plaintiffs                    Co-counsel for Plaintiffs
9655 South Dixie Highway Suite 208          1581 Brickell Avenue
Miami, Florida 33156                        Suite 1408
Telephone:    (305) 373-5040                Miami, Florida 33129
nporter@porterandkorvick.com                Telephone: (305) 992-6089
tkorvick@porterandkorvick.com               rbr@rosenthalappeals.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing to the following persons:

Jose Sepulveda, Esq. (via email)
STEARNS WEAVER MILLER et al.
Counsel for Garnishee                       Petrocedeno S.A. (Int'l mail)
Museum Tower, Suite 2200                    Francisco Solano Lopez Ave.
150 West Flagler Street                     Calle Negrin, Business Center Building
Miami, Florida 33130                        Distrito Metropolitano, 1073
Telephone: (305) 789-3200                   Caracas, Venezuela
jsepulveda@stearnsweaver.com
                                            PDVSA Petrocedeño S.A. (Int'l mail)
OFFICE    OF    FOREIGN    ASSETS           Edf. Petroleos de Venezuela
CONTROL (via email 31 CFR 501.605           Torre Este, Piso 9, Avenida Libertado
U.S. Department of the Treasury             Distrito Federal, 1010
1500 Pennsylvania Ave. NW                   Caracas, Venezuela
Washington DC

                                            _s/Newt Porter_____
                                            NEWT PORTER (FL Bar 833738)
                                            PORTER & KORVICK, P.A.
                                            Attorneys for Plaintiffs
                                            9655 South Dixie Highway Suite 208
                                            Miami, Florida 33156
                                            Telephone:    (305) 373-5040
                                            nporter@porterandkorvick.com

10