UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO.: 1:19-cv-20896-SCOLA

KEITH STANSELL,  et al.,

      Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC); et al.,

      Defendants.

_____/

## TRIA TURNOVER JUDGMENT

**UPON DUE AND CAREFUL CONSIDERATION** of Plaintiffs' Unopposed Motion

for TRIA Turnover Judgment (Dkt. Entry 488) on Garnishee SSM PETCOKE LLC'S Answer

(Dkt. Entry 432), and all legal authorities cited therein, including the Terrorism Risk Insurance

Act of 2002 ("TRIA"), §201(a), 28 U.S.C. §1610 note; the Anti-Terrorism Act ("ATA"), 18

U.S.C. §2333; *Stansell v. FARC*, 771 F.3d 713 (11th Cir. 2014); *Stansell v. Lopez Bello*, No. 19-

11415, 2020 WL 290423 *3 (11th Cir. Jan. 21, 2020); Plaintiffs' motion to issue writs of

garnishment (DE 360 and exhibits 360-1 through 10); Order DE 367; Answer DE 432; Plaintiffs'

Unopposed Motion for TRIA Turnover Judgment DE 473 and exhibits, including notice under

Fla.Stat. §§ 77.041 and 77.055; Fed. R. Civ. P. 69(a); and the applicable Florida statutes

governing procedures on post-judgment garnishment; it is hereby

      **ORDERED AND ADJUDGED** as follows:

      1.     Plaintiffs' Unopposed Motion For Entry of TRIA Turnover Judgment On

Garnishee SSM Petcoke LLC's Answer To Writ Of Garnishment DE 432 (Dkt. Entry 488) is

hereby granted.

2.     This Court has subject matter jurisdiction to conduct post-judgment execution proceedings of plaintiffs' final judgment under a federal statute (ATA), rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. §1963, with post-judgment execution under the ATA, TRIA §201, and Fed. Rules of Civ. Pro. 69(a).

3.     Plaintiffs have satisfied the requirements of TRIA, they obtained an ATA judgment against the FARC,  a "terrorist party" as defined by the TRIA Section 201(d)(4), on a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B), and now seek to enforce that ATA  judgment against blocked assets of "any agency or instrumentality of that terrorist party" which includes blocked assets of individuals, organizations, entities or cartels that have been designated by Department of Treasury's Office of Foreign Assets Control ("OFAC") and that have a nexus with the FARC.  18 U.S.C. § 2333.

4.     This Court has determined that Petrocedeno S.A. is an agency or instrumentality of the terrorist party FARC.  Further, Petrocedeno S.A. is the owner of the blocked assets being held by Garnishee SSM Petcoke LLC that remain in Garnishee's custody after its prior compliance with Judge Huck's June 8, 2020 Order in *John Doe v. FARC*, SDFL Case 1:10-cv-21517-PCH, Dkt. Entry 288.  The blocked assets are within the meaning of blocked assets under TRIA and are therefore subject to attachment and execution by Plaintiffs in this case.  DE 367.

5.     Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") provides this Court with subject matter jurisdiction over post-judgment execution and attachment proceedings against blocked assets of an agency or instrumentality of the judgment-debtor, even if the agency or instrumentality itself is not named in the judgment.  *Stansell v. FARC*, 771 F.3d 713, 737 (11th Cir. 2014) ("The district court had subject matter jurisdiction.").  *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 50 (2d Cir. 2010)("Accordingly, we find it clear beyond

cavil that Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment.").  The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

6.      "Florida law has specific requirements for notice and an opportunity to be heard." *Stansell v. FARC*, 771 F.3d 713, 725 (11th Cir. 2014).  Florida's notice requirements apply to these post judgment TRIA executions.  *Id*.  *See Stansell v. Lopez Bello*, No. 19-11415, 2020 WL 290423 *3 (11th Cir. Jan. 21, 2020) (Florida garnishments statute's notice requirements as applied to third-party non-judgment debtor again "found to be constitutionally adequate.").  The Court finds that Plaintiffs have complied with the Florida garnishments statutes and in accordance with *Stansell v. FARC et al.*, 713 F.3d 714 (11th Cir. 2014) to execute on Petrocedeno S.A.'s blocked assets held by Garnishee SSM Petcoke LLC under TRIA:

- filing a motion for issuance of a writ of garnishment with evidence [DE 360 and exhibits];.
- the Court granting the motion [Order DE 367] on June 17, 2020 and the Clerk issuing a writ of garnishment to SSM on June 17, 2020 [DE 23];
- the U.S Marshal properly serving the writ of garnishment on Garnishee on June 22, 2020, [DE 488-1];
- Plaintiffs provided proper and timely notice under Fla. Stat. § 77.041 on June 23, 2020, to Petrocedeno S.A. by providing a copy of the motion with exhibits and writ to its two last known place of business addresses,  [DE 488-2];
- Garnishee SSM Petcoke LLC timely filed its Answer to the writ of garnishment on July 10, 2020 identifying the blocked funds of Petrocedeno S.A. in the amount of $2,416,508.00 [DE 432].
- Plaintiffs provided proper timely notice and service under Fla. Stat. § 77.055 on July 14, 2020 to Petrocedeno S.A. by providing a copy of the Garnishee's Answer, Notice of right to dissolve the writ and certificate of service [DE 488-3].

7.      The Florida statute's 20-day time limit within which to serve and file a motion to dissolve a garnishment or otherwise challenge any allegation in the motion as untrue must be "strictly construed."  *Regions Bank v. Hyman*, 91 F.Supp. 3d 1234, 1241 (M.D. Fla. 2015) ("Pursuant to Fed. R. Civ. P. 69(a), proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located. . . . The procedures outlined in Ch. 77, Florida Statutes govern this garnishment proceeding [and] . . . must be strictly construed.").  Florida's garnishment statute itself provides for no extension of the 20-day time limitation—for any reason—to file a motion to dissolve the writ. Fla. Stat. § 77.07(2).  *See BNP Paribas v. Wynne III*, 994 So.2d 1004, 1005 (Fla. Dist. Ct. App. 2005) (trial court properly denied request for extension because "the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure.").  The Eleventh Circuit in *Stansell* has already determined that, within the TRIA execution context, the provisions of the Florida garnishment statute provide timely and appropriate due process to those who oppose execution. *Stansell,* 771 F.3d at 741  (OFAC-blocked persons/entities are "not prevented from taking advantage of Florida law specifically provided for third-party challenges to garnishment proceedings.  *See* Fla. Stat. § 77.07(2).").

8.      Petrocedeno S.A. has not appeared, either in this action or in the prior *John Doe* action before Judge Huck, and it has never filed a motion to dissolve the garnishment or otherwise challenged any allegation in the motion as untrue.  The Court finds that Petrocedeno S.A. has been afforded the required statutory notice which has been proven to be constitutionally adequate due process to exercise its right to challenge the agency or instrumentality determination in Order DE 367.  *See Stansell v. Lopez Bello*, No. 19-11415, 2020 WL 290423 *3 (11th Cir. Jan. 21, 2020) (Florida garnishments statute's notice requirements as applied to third-

party non-judgment debtor again "found to be constitutionally adequate."). Petrocedeno S.A. has failed to do so despite being provided notice and an opportunity to be heard.

9.      No other person or entity has ever appeared in this action to assert any claim of ownership in these blocked assets, or to otherwise challenge the Order DE 367, the allegations in Motion DE 360 as untrue, or that they have rights in the blocked proceeds that are superior to the perfected lien rights of Plaintiffs.

10.     No OFAC license is required for Garnishee to turn over the blocked funds to Plaintiffs. *Harrison v. Republic of Sudan*, 802 F.3d 399, 406-07 (2d Cir. 2015); *Stansell v. FARC/Mercurio*, 11th Cir. Case Nos: 11-11125 & 11-11690, United States Amicus Brief at 10.

**FOR THE REASONS SET FORTH ABOVE**, Final Judgment in garnishment is hereby entered in favor of Plaintiffs on the SSM Petcoke LLC Answer [DE 432], as follows:

A.       Garnishee SSM PETCOKE LLC is **ORDERED** to turn over to Plaintiffs all blocked assets of Petrocedeno S.A. totaling $2,416,508.00. Turnover shall be accomplished by electronic funds transfer payable to "Porter & Korvick, P.A. Trust Account" within seven (7) business days of receipt from Plaintiffs' counsel of a W-9 form with a tax identification number and bank transfer instructions, and such electronic funds transfer must not make any reference to Petrocedeno S.A. or any blocked party;

B.      Garnishee's counsel is providing to Plaintiffs' counsel its claimed attorneys fees pursuant to Fla. Stat § 77.28.   Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention.  Plaintiffs' counsel is directed to hold in trust the amount of Garnishee's claimed attorneys fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to

pay same from the trust proceeds once the funds have cleared post-turnover, upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses.

      C.    Plaintiffs' counsel shall immediately disburse the remaining proceeds over and above the total amount claimed by Garnishee for fees and expenses, including the $100 statutory garnishment fee deposit if not previously paid to Garnishee.

      D.    Upon turning over all of the blocked assets above to Porter & Korvick, P.A. Trust Account, in satisfaction of this Court's Order, Writ, and Turnover Judgment under TRIA, Plaintiffs, Plaintiffs' counsel, Garnishee SSM Petcoke LLC and its counsel  are all hereby fully and finally released, discharged and absolved from any and all liability under the Writ, including to Plaintiffs, or to Petrocedeno S.A., and to any other third parties, and they are fully released and discharged from this Writ of Garnishment for full compliance with the Writs, Orders and Judgments of this Court.

**DONE AND ORDERED** in chambers, at Miami, Florida, on _____, 2020.

                            _____

                            Robert N. Scola, Jr.
                            United States District Judge