UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-20896-SCOLA/TORRES

KEITH STANSELL, et al.

    Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

    Defendants.

_____/

**PLAINTIFFS' EX PARTE, EXPEDITED MOTION
TO DETERMINE NATIONWIDE GARNISHMENT JURISDICTION AND
TO SPECIALLY APPOINT PROCESS SERVER FOR
<u>ATA NATIONWIDE SERVICE OF PROCESS</u>**

    Plaintiffs request expedited relief to perfect chronological judgment lien priority on newly discovered blocked accounts because a competing judgment creditor is actively trying to attach at least one of the newly discovered blocked accounts.

    This Court has previously denied motions to dissolve writs of garnishment and thereafter entered TRIA turnover judgments against intangible assets (with no true physical situs) held by five garnishee banks holding that:

> Regardless of the accounts' locations, this Court has subject matter jurisdiction. *See Tribie v. United Development Group Intern. LLC*, 2008 WL 5120769, at *3 (S.D. Fla. Dec. 2, 2008) (Moreno, J.). (Florida has not adopted the "Separate Entity Rule, a somewhat dated and seldom-cited legal doctrine, [which] holds that each branch of a bank is a separate legal entity in the context of a garnishment action.").

DE 279, p. 2; DE 339, p. 2.  These five banks all had Florida branches and Florida registered agents, and none of them challenged this Court's personal jurisdiction.

    Plaintiffs have now discovered additional blocked assets held by other U.S. financial institutions headquartered in four different states, none of which have any branches, presence or

registered agent in Florida. One of these newly discovered OFAC blocked accounts from out of state is owned by Petrocedeno, S.A., an entity previously determined by Judge Huck and by this Court to be an agency or instrumentality of the FARC. DE 367. Nevertheless, these entities are subject to personal jurisdiction in Florida under Fed. Rule of Civ. P. 69(a), the Anti-Terrorism Act ("ATA") nationwide service of process provision, 18 U.S.C. §2334, and Fed. Rule Civ. P. 4.1, *Serving Other Process*. *Strauss v. Credit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 26 (E.D.N.Y. 2016) ("the ATA expressly authorizes nationwide service of process, thereby establishing personal jurisdiction over a defendant properly served under the statute"). This Court has never directly addressed the ATA nationwide service of process issue, nor did the district court that rendered the judgment (MDFL).

Rule 69(a)(1) provides that the procedure on execution "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." (emphasis added). Rule 4.1, *Serving Other Process*, provides:

> (a) In General. Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits.

Id. (emphasis added).

It is undisputed that the ATA provides for nationwide service. *See, e.g.*, *Waldman v. Palestine Liberation Organization*, 835 F.3d 317, 325 (2d Cir. 2016) (describing § 2334(a) as "providing for nationwide service of process and venue under the ATA"); *Estates of Ungar & Ungar ex rel. Strachman v. Palestinian Authority*, 325 F. Supp. 2d 15, 59 (D.R.I. 2004) ("[T]he court finds by a preponderance of the evidence that it has personal jurisdiction over the PLO and the PA by virtue of the nationwide service of process provision of 18 U.S.C. § 2334(a) ....");

2

*Burnett v. Al Baraka Investment & Development Corp.*, 274 F. Supp. 2d 86, 95 (D.D.C. 2003) ("[18 U.S.C. § 2334(a)] provides for nationwide service of process ...."); *Weiss v. Nat'l Westminster Bank PLC*, 176 F.Supp.3d 264, 284 (E.D.N.Y. 2016); *Strauss v. Credit Lyonnais, S.A.*, *supra*.

Personal jurisdiction predicated on nationwide service "remains subject to the constraints of the Due Process clause of the Fifth Amendment". *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974). Under the ATA's nationwide service of process provision, the out of state banks are subject to personal jurisdiction for TRIA post-judgment writs of execution/garnishment— "other process" under FRCP 4.1—so long as they have minimum contacts with the United States as a whole, which of course they all do. When a federal statute authorizes nationwide service of process—as the ATA does—"the relevant minimum contacts in these instances simply lie with the United States as a whole and not just the forum state" and "the scope of the minimum contacts test exceeds the forum state's long-arm statute". *Siswanto v. Airbus*, 153 F. Supp. 3d 1024, 1028 (N.D. Ill. 2015) (citations omitted).

A writ of garnishment is clearly a form of other process subject to nationwide service of process. A "Writ of Garnishment is a process, and accordingly, if a party serves the writ in accordance with F.R.B.P. 7004, the same cannot be dissolved." *See In re Premier Sports Tours v. Five Star Tickets, Inc.*, 283 B.R. 601 (Bankr. M.D. Fla. 2002)(trustee properly served a Florida writ of garnishment on the debtor's out of state bank in Illinois because the bankruptcy rule – like the ATA here - authorized nationwide service of process).[1]

One district court has ruled the ATA itself provides for nationwide service of process <u>once its venue clause is satisfied</u> and provides the court with an alternative and independent basis

---

[1] The ATA's nationwide service of process and jurisdiction over bank garnishees nationwide is also consistent with the Restatement (Second) of Conflict of Laws § 68 (1971). Under §68, "a debt may be garnished wherever personal jurisdiction may be exercised over the garnishee." *Ellsworth Land & Livestock v. Bush*, 233 P.3d. 655, 657 (Az. Ct. App. 2010).

for jurisdiction. *Wultz v. Islamic Republic of Iran*, 762 F. Supp. 2d 18, 25-26 (D.D.C. 2011) ("ATA's provision of nationwide service of process rests on the satisfaction of its venue clause."). Here, the ATA's venue clause, 18 U.S.C. §2334(a), was satisfied by these Plaintiffs' ATA suit, which was filed in the Middle District of Florida, where several of the Plaintiffs resided—specifically, Keith Stansell, Thomas Howes, and Jonathan Janis.[2]

COVID-19 workplace restrictions, and another potential government shutdown, have impacted the U.S. Marshals Service operations throughout the U.S., and especially in the northeast. For example, the USMS in the Southern District of New York is *not serving any civil process.* Fed. R. Civ. P. 4.1 specifically authorizes writs to be served by a specially appointed process server in lieu of a U.S. Marshal. Due to the unknown length of the pandemic, and the urgency of perfecting judgment lien priority with valid levies, Plaintiffs respectfully request entry of an Order specially appointing:

> Mike Levey, NY Server LLC d/b/a NYSPS.COM Process Serving
> Licensed Process Serving Agency, License #13455424-DCA
> Process Server Individual License: 1209939-DCA
> 450 Route 25A, East Setauket, NY 11733-5002
> One Penn Plaza #6310, New York NY 10119
> (631) 778-8021

The district court in *In re Premier Sports Tours* noted that "while it would have been better to use the procedure suggested by 28 U.S.C. § 1963, this procedure is not mandatory". *Id*. at 604. It is true that the Stansell plaintiffs could attempt to proceed in other districts to initiate new TRIA executions in those district courts. But this will be inefficient, more costly and will likely result in far greater delays than by proceeding here before this Court which is already well versed in post-judgment execution and garnishment under TRIA and the 11th Circuit's approved "agency or instrumentality" standard.

---

[2] *See* MDFL Case No.: 8:09-cv-2308 Complaint DE 1, ¶¶ 7, 9 and 14; MDFL DE 229-1; 229-3.

Plaintiffs also respectfully ask this Court to direct the Clerk to extend and *continue* the Court's sealing under Order DE 367 related to FARC agency or instrumentality Petrocedeno, S.A. for *60 days after attachment for the newly discovered Petrocedeno accounts.*

Plaintiffs file this motion in an abundance of caution so that if the Court is not inclined to Order nationwide garnishment jurisdiction under the ATA, then we will not take any action here which will eventually disclose additional confidential garnishee and blocked account owner information that other competing creditors will surely copy in an attempt to secure judgment lien priority with competing levies.[3] This information is subject to Bank Secrecy Act confidentiality, and represents substantial attorney work product to discover the subject blocked assets.

WHEREFORE Plaintiffs respectfully request entry of an Order:

1. Determining that the Court has nationwide garnishment jurisdiction and authorizing nationwide service of writs of garnishment pursuant to FRCP 69(a) and 4.1(a), and the ATA 18 U.S.C. §2334(a), including any additional writs of garnishment issued in this case under Order DE 367 for FARC agency or instrumentality Petrocedeno, S.A.;

2. Specially appointing Michael Levey as an additional authorized process server under FRCP 4.1;

3. Directing the Clerk that any additional writs of garnishment issued in this case under Order DE 367 for FARC agency or instrumentality Petrocedeno, S.A. shall be issued under seal for a period of 60 days after attachment before unsealing.

---

[3] The competing creditor knows of at least one of the newly discovered accounts—the Petrocedeno account—but it is unknown if he has yet to identify the others.

Respectfully submitted December 8, 2020

| | |
|---|---|
| Newton P. Porter (FL Bar: 833738) | Richard B. Rosenthal (FL Bar: 0184853) |
| Tony Korvick (FL Bar: 0768405) | THE LAW OFFICES |
| PORTER & KORVICK, P.A. | OF RICHARD B. ROSENTHAL, P.A. |
| Attorneys for Plaintiffs | Co-counsel for Plaintiffs |
| 9655 South Dixie Highway Suite 208 | 1581 Brickell Avenue |
| Miami, Florida 33156 | Suite 1408 |
| Telephone:     (305) 373-5040 | Miami, Florida 33129 |
| nporter@porterandkorvick.com | Telephone: (305) 992-6089 |
| tkorvick@porterandkorvick.com | rbr@rosenthalappeals.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing document and the notice of electronic filing by electronic mail to the following persons:

OFFICE OF FOREIGN ASSETS CONTROL
U.S. Department of the Treasury
1500 Pennsylvania Ave. NW
Washington DC
[by email service directly to OFAC counsel in compliance with 31 CFR 501.605]

    /s/ Tony Korvick
    TONY KORVICK (FL Bar 768405)
    PORTER & KORVICK, P.A.
    Attorneys for Plaintiffs
    9655 South Dixie Highway Suite 208
    Miami, Florida 33156
    Telephone:     (305) 373-5040
    tkorvick@porterandkorvick.com