United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, <br> Plaintiffs, <br><br> v. <br><br> Revolutionary Armed Forces of <br> Colombia, Defendant. | ) <br> ) <br> ) <br> )   Case No. 19-20896-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Sealed Order

This matter is before the Court upon the Plaintiffs' *Ex Parte*, Expedited Motion to Determine Nationwide Garnishment Jurisdiction and to Specially Appoint Process Server for ATA Nationwide Service of Process. (ECF No. 508.) Upon consideration of the motion and the relevant legal authorities, the Court **denies** the Plaintiffs' motion. (**ECF No. 508**.)

The position Plaintiffs take in the instant motion is contrary to the position Plaintiffs have taken in prior motions before this Court. (*Compare* ECF No. 360, at 8-9 (arguing Florida's garnishment and execution statutes govern procedure under Federal Rule 69); ECF No. 473, at 6-7 (same) *with* ECF No. 508 (arguing the Anti-Terrorism Act, 18 U.S.C. § 2334, governs procedure under Federal Rule 69).) It appears that for the sake of expediency, the Plaintiffs' have taken a position seemingly inconsistent with their prior position in this post-judgment execution action and have failed to explain to the Court why these positions are not contrary to each other. Instead, it appears that the Plaintiffs are racing to the finish line because they are concerned that a "competing judgment creditor is actively trying to attach at least one of [Petrocedeno S.A.'s] newly discovered blocked accounts" with another U.S. financial institution that has no branches, presence, or registered agent in Florida. (ECF No. 508, at 1-2.) The Plaintiffs hope to use this Court to attach the above mentioned account, as well as other newly discovered blocked accounts with similarly situated U.S. financial institutions that have no presence in Florida, so they can avoid needing to "initiate new TRIA executions" in "other districts" which the Plaintiffs state will be "inefficient, more costly and will likely result in far greater delays." (ECF No. 508, at 4.)

The Court is mindful of the Plaintiff's concerns with respect to a competing creditor becoming aware of the newly blocked Petrocedeno accounts the Plaintiffs have identified. Accordingly, the Court directs the **Clerk** to **seal** this Order and the Plaintiffs' motion (**ECF No. 508**) for 60 days.

**Done and ordered** at Miami, Florida, on December 9, 2020.

_____
Robert N. Scola, Jr.
United States District Judge