United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others,<br>Plaintiffs,<br><br>v.<br><br>Revolutionary Armed Forces of<br>Columbia and others, Defendants. | )<br>)<br>)<br>)  Case No. 19-20896-Civ-Scola<br>)<br>)<br>)<br>) |

### Order Denying Motion for Protective Order

This matter comes before the Court on the Defendants' motion for a protective order (ECF No. 516). The Plaintiffs have responded. (ECF No. 517.) For the reasons set forth below, the Court **denies** the motion for a protective order. (**ECF No. 516**).

**1. The Plaintiffs Are Entitled to Pre-Trial Discovery**

Federal Rule of Civil Procedure 26(c) allows courts to issue a protective order if "good cause" for the order is shown. Fed. R. Civ. P. 26(c). Rule 26 includes the possibility that a court may enter a protective order preventing a party from appearing for a deposition. But, "protective orders prohibiting depositions are rarely granted." *McBride v. Walmart Stores E., L.P.*, No. 18-25072-CV, 2020 WL 8911052, at *1 (S.D. Fla. Feb. 4, 2020) (Torres, Mag. J.). "The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Id.* (citations omitted). This is a heavy burden, and a court generally should not prohibit the taking of a deposition "[a]bsent a strong showing of good cause and extraordinary circumstances." *Id.* (quoting *Motsinger v. Flynt*, 119 F.R.D. 373, 378 (M.D.N.C. 1988)).

The Defendants seek a protective order preventing the Plaintiffs from deposing Mr. Samark Jose Lopez Bello (one of the Defendants) and from propounding written discovery requests on the Defendants. (Mot. at 3-4.)

The Defendants argue that the Court should grant the protective order because (1) the Court's scheduling order (ECF No. 512) does not permit discovery and because (2) the parties have not conducted a Rule 26(f) scheduling conference. (Mot. at 4.) The Plaintiffs respond that they have the right to take discovery in aid of execution of their judgment, that the Court's scheduling order permits and contemplates such discovery, and that Mr. Lopez may not unilaterally refuse to appear for his noticed deposition. (Resp. at 8-11.)

The Court declines to grant the motion for a protective order. The scheduling order contemplates the abilities of the parties to conduct additional pretrial discovery, the law supports the Plaintiffs' rights to discovery in aid of execution, and the Defendants have not shown good cause and extraordinary circumstances justifying a protective order against Mr. Lopez's deposition or other discovery requests propounded by the Plaintiff.[1]

First, as the Plaintiffs observe, the scheduling order contemplates that the parties may conduct depositions prior to trial where it establishes that the parties must designate any deposition testimony on which they intend to rely at trial "14 days before the deadline to file the joint pretrial stipulation." (ECF No. 512, ¶ 5.) The scheduling order also contemplates the exchange of expert witness discovery, which would be necessary for the filing of *Daubert* motions, as established in Paragraph 1 of the order. (*Id.* ¶ 1.) Therefore, the Plaintiffs are not precluded from seeking pretrial discovery by the terms of the scheduling order.

Second, the Plaintiffs are entitled to seek discovery in aid of execution of a judgment under Florida and federal law. *RPS, Inc. v. Travel Mat Int'l, Inc.*, 823 So. 2d 243, 245 (Fla. 4th DCA 2002) ("Florida law allows a judgment creditor to have liberal rights of discovery in aid of execution."); Fed. R. Civ. P. 69(a)(1) ("The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."). Because Rule 69 states that Florida law and procedure govern these proceedings for the Plaintiffs' execution of judgment, the Defendants' argument that discovery may not be taken without a Rule 26(f) conference is not well-founded. *See Taser Int'l, Inc. v. Phazzer Electronics, Inc.*, No. 6:16-cv-366-PGB-LHP, 2022 WL 1238472, at *2 (M.D. Fla. Feb. 16, 2022) (observing that although "[d]iscovery is normally barred prior to a Rule 26(f) conference . . . once proceedings supplementary have begun, the parties are entitled to discovery.") (cleaned up).

For these reasons alone, the Court declines to grant the Defendants' motion for a protective order preventing the deposition of Mr. Lopez or the exchange of other discovery requests among the parties. The Plaintiffs are allowed to take discovery in aid of execution of judgment.

---

[1] The Defendants have not specifically identified any issues with the "additional discovery" beyond the noticed deposition of Mr. Lopez that the Plaintiffs have propounded. (Mot. at 3-5.) Instead, the Defendants simply assert that any discovery is barred by the scheduling order. (*Id.*) Therefore, the Court is unable to and declines to assess the merits of the "additional discover" that the Plaintiffs have propounded.

### 2. The Fugitive Disentitlement Doctrine

The Plaintiffs also argue in their response that the Defendants may not seek to avoid Mr. Lopez's appearance at his noticed deposition based on his fugitive status. Although they do not directly raise the fugitive disentitlement doctrine in doing so, the Plaintiffs have separately moved for entry of final judgment against the Defendants, including Mr. Lopez, based on the fugitive disentitlement doctrine. (Mot. for Entry of Final J., ECF No. 513.) The Defendants have responded to that motion. (ECF No. 519.) The Court finds that the fugitive disentitlement doctrine serves to bar Mr. Lopez from seeking affirmative relief from the Court and therefore also serves as a sufficient reason to deny the motion for a protective order.[2]

The fugitive disentitlement doctrine allows "a district court to 'sanction or enter judgment against parties on the basis of their fugitive status.'" *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017). Such sanction may include the denial of affirmative relief requested by motions made by a fugitive defendant. *Id.* at 1259-61 (affirming the district court's denial of a fugitive criminal defendant's motion to specially appear and seek dismissal of the indictment). The fugitive disentitlement doctrine is "[a]n equitable doctrine" that "reflects the principle that a fugitive demonstrates such disrespect for the legal process that he has no right to call upon the court to adjudicate his claim." *Ener v. Martin*, 987 F.3d 1328, 1331-32 (11th Cir. 2021) (cleaned up). The "doctrine applies in both civil and criminal proceedings." *Id.* at 1332; *see also Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) ("Although the 'classic case' in which the doctrine has been applied involves the direct appeal of a criminal defendant, the doctrine has also been applied where the fugitive was not a criminal defendant, but instead was a civil litigant who continued to ignore court orders and evade arrest."). "A court may apply the fugitive disentitlement doctrine to dismiss a lawsuit or appeal if the party against whom it is invoked is a fugitive, her fugitive status has a sufficient connection to the present action, and dismissal is 'necessary to effectuate the concerns underlying' the doctrine." *Id.* (citation omitted). Courts may apply the doctrine sua sponte, if appropriate. *See F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1163 n.6 (11th Cir. 1999).

### A. Fugitive Status

First, Mr. Lopez is clearly a fugitive. Counsel for Mr. Lopez and the other Defendants admitted as much in arguments before the Eleventh Circuit. (Tr. of

---

[2] The Court makes no determination regarding the Plaintiff's motion for entry of final judgment and at this time.

11th Cir. Oral Arg. Of Feb. 9, 2022, at 7) ("CHIEF JUDGE PRYOR: And under those rulings, he [Mr. Lopez] is a fugitive? MR. FELS: We would say, again, we think it would be an improper application but yes. We don't think there's any real argument there."). The Eleventh Circuit confirmed this in its subsequent opinion. *Stansell v. Revolutionary Armed Forces of Colombia*, 14 F.4th 1340, 1348 (11th Cir. 2022) ("Mr. López has not turned himself in or been arrested, and remains a fugitive.").

### B. Sufficient Connection

Second, Mr. Lopez's fugitive status has sufficient connection to this action. Mr. Lopez continues to evade arrest on an indictment from the Southern District of New York for conspiracy to "defraud the United States by impairing, obstructing, and defeating the lawful functions of the Treasury Department and OFAC [the Office of Foreign Asset Control], to wit, by engaging in transactions and obtaining services" in violation of "the Venezuelan Sanctions Regulations" and "the Kingpin Act." (Indictment, ECF No. 67, *United States v. Maddah*, No. 19-cr-00144 (S.D.N.Y.), ¶¶ 22, 23.) Mr. Lopez was indicted for his alleged role as a "key frontman" for Tareck Zaidan El Aissami, another defendant in the same case, accused of "narcotics activities" on behalf of Nicolas Maduro's regime in Venezuela. *Stansell*, 14 F.4th at 1347.

OFAC has designated Mr. Lopez as a "specially designated narcotics trafficker" for his role in Venezuelan drug-trafficking schemes, which includes drug trafficking on behalf of the FARC. *Id.*; (OFAC Press Release of Feb. 13, 2017, ECF No. 18-2); *Lopez Bello v. Bradley Smith*, Case No. 1:21-cv-01727-RBW (D.D.C.), ECF No. 8 at 17-18, ¶¶ 77-80; *Stansell v. Revolutionary Armed Forces of Colombia*, No. 1:16-mc-00405-P1, ECF No. 19, at ¶ 3 (finding "the OFAC Kingpin Act designated members of the 'EL AISSAMI & LOPEZ BELLO NETWORK'" to be "each an agency or instrumentality of the FARC."). Mr. Lopez's fugitive status due to his support for Venezuelan drug-trafficking operations on behalf of the FARC is therefore sufficiently related to these proceedings, which seek to execute a judgment against his assets for his role as an "agent or instrumentality" of the FARC. *See, e.g., Ener*, 987 F.3d at 1332 (holding that a fugitive plaintiff's claims for relief "spring[] from the family-court proceedings from which she fled.").[3]

---

[3] The Court makes no judgment regarding whether Mr. Lopez may be considered an agent or instrumentality of the FARC at this time, which must be decided by a jury. *Stansell*, 14 F.4th at 1358. Rather, the Court finds only that the Plaintiffs' action to determine whether Mr. Lopez and the other Defendants are agents or instrumentalities of the FARC is sufficiently related to the indictment in the Southern District of New York from which Mr. Lopez is a fugitive.

### C. The Doctrine's Equitable Purposes

Third, the denial of Mr. Lopez's attempt to seek affirmative relief "serves the doctrine's equitable purposes." *Id.* Allowing Mr. Lopez to avoid discovery in this action would be "to 'allow a fugitive to use court resources only if the outcome is an aide to him.'" *Id.* (cleaned up). This would be fundamentally unfair and would "turn[] the litigation into 'a one-way street.'" *Id.* (cleaned up). The Court will not allow Mr. Lopez to engage in such "gamesmanship" that causes "prejudice to the nonfugitive party." *Id.* If Mr. Lopez desires to seek affirmative relief from the Court, he may choose to cease evading arrest and turn himself in to United States authorities. *Id.*; *Pesin*, 244 F.3d at 1253.

### 3. Conclusion

The Defendants' motion for a protective order is **denied**. Mr. Lopez must appear for deposition withing **seven (7) days** from the date of this order by mutual coordination of the parties. He may appear for deposition remotely.[4] The Court **resets** the deadline to submit deposition designations to **October 26, 2022**, and the deadline to file objections to deposition designations to **October 31, 2022**. The Defendants must also respond to other discovery requests propounded by the Plaintiffs within the appropriate timeframe. The failure of the Defendants to respond to appropriate discovery requests **will** result in sanctions, up to and including the striking of the Defendants' pleadings and entry of final judgment against the Defendants. Fed. R. Civ. P. 37(b)(2)(C).

**Done and ordered** in chambers, at Miami, Florida, on October 12, 2022.

_____
Robert N. Scola, Jr.
United States District Judge

---

[4] Whether Mr. Lopez may appear remotely at trial is not before the Court at this time, and the Court makes no determination on that issue.