United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>Revolutionary Armed Forces of )<br>Columbia and others, Defendants. ) | Case No. 19-20896-Civ-Scola |

### Order Denying Motion for Protective Order

This matter comes before the Court on the Defendants' emergency motion for a protective order (ECF No. 525). The Plaintiffs have responded. (ECF No. 526.) For the reasons set forth below, the Court **denies** the motion for a protective order. (**ECF No. 525**).

**1. Mr. Lopez's Deposition**

The Defendants seek an emergency protective order preventing one of the Defendants, Mr. Samark Jose Lopez Bello, from being deposed on Monday, October 17, as noticed by the Plaintiffs. (Mot. at 2.) The Defendants instead request that the Court move Mr. Lopez's deposition to October 19, 2022. (*Id.* at 4.)

The Court ***again*** declines to grant the motion for a protective order with regards to Mr. Lopez's deposition. The only reason that the Defendants provide for seeking to change Mr. Lopez's deposition is that the Defendants' counsel sought to change the date of the deposition to October 19, and the Plaintiffs' counsel refused.[1] This is not good cause to change the deposition date. *See, e.g., McBride v. Walmart Stores E., L.P.*, No. 18-25072-CV, 2020 WL 8911052, at *1 (S.D. Fla. Feb. 4, 2020) (Torres, Mag. J.). Further, the Court observes that in its previous order denying the Defendants' motion for a protective order with regards to Mr. Lopez's deposition, Mr. Lopez is barred from seeking affirmative relief from the Court by the fugitive disentitlement doctrine. (Order, ECF No. 523, at 3-5.) The Court need not recount its analysis here, but the same outcome applies. The Court will not entertain further motions seeking affirmative relief for Mr. Lopez, unless and until he ceases evading capture and

---

[1] In fact, only the Plaintiffs' response identifies why the Defendants seek emergency relief from the deposition notice. (Resp. at 2.) *One* of the Defendants' team of attorneys is traveling on that date. The Court is confident that one of the Defendant's other attorneys can capably defend the deposition, as noticed. Indeed, one of the Plaintiffs' counsel is also apparently unavailable on October 19. (*Id.* at 5 n.2.)

turns himself in to United States authorities. (*Id.*) Mr. Lopez will appear for his deposition on October 17, at 9:00 A.M. Eastern time, as noticed, unless the parties agree otherwise.

### 2. The Duces Tecum Requests

The Defendants also request that the Court grant a protective order against the duces tecum document requests attached to the deposition notice for Mr. Lopez. (Mot. at 4-10.) The Defendants assert that Federal Rule of Civil Procedure 34 requirements for the timing of responses to discovery requests still apply to duces tecum requests and also raise various arguments regarding the permissibility of specific requests. (*Id.*) The Plaintiffs argue in response that the duces tecum requests are timely under Rule 30(b)(2) and that the Defendants do not establish good cause for a protective order. (Resp. at 5-6.)

The Court also declines to grant the motion for a protective order with regards to the duces tecum requests. As discussed above, Mr. Lopez is barred from seeking affirmative relief from the Court so long as his fugitive status persists. (Order, ECF No. 523, at 3-5.) The Court therefore declines to address any of the Defendants' specific arguments regarding the permissibility of certain requests at this time. The Court also observes that Rule 30(b)(2) states that a "notice to a party deponent may be accompanied by a request **under Rule 34** to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2) (emphasis added). If the Plaintiffs have issues with the Defendants' responses to specific discovery requests, the Plaintiffs may raise those issues with the Court by motion at the appropriate time.

### 3. Conclusion

The Defendants' emergency motion for a protective order is **denied**. Mr. Lopez must appear for deposition as noticed, unless the parties agree to an alternate date and time that complies with the Court's original deadline. The failure of the Defendants to respond to appropriate discovery requests **will** result in sanctions, up to and including the striking of the Defendants' pleadings and entry of final judgment against the Defendants. Fed. R. Civ. P. 37(b)(2)(C).

**Done and ordered** in chambers, at Miami, Florida, on October 14, 2022.

Robert N. Scola, Jr.
United States District Judge