United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>Revolutionary Armed Forces of )<br>Columbia and others, Defendants. ) | Case No. 19-20896-Civ-Scola |

## Order

This matter comes before the Court on the Plaintiffs' motion for entry of final judgment on all outstanding writs (ECF No. 513) against the Defendants Samark Jose Lopez Bello ("Mr. Lopez), Yakima Trading Corporation, Profit Corp. CA, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 64E LLC, 200G PSA Holdings LLC, SMT Technologia CA, and PYP International LLC (collectively, the "Corporate Defendants" and, with Mr. Lopez, the "Defendants") and the Court's orders denying the Defendants' motions for protective orders (ECF Nos. 523, 527). The Defendants have responded to the Plaintiffs' motion. (ECF No. 519.) The Plaintiffs timely replied. (ECF No. 531.) For the reasons set forth below, the Court **denies** the motion for entry of final judgment (**ECF No. 513**) but **enters default judgment** against Defendant Samark Jose Lopez Bello as sanctions for his failure to comply with the Court's orders denying the Defendants' motions for protective orders. (ECF Nos. 523, 527.)

### 1. Background

This matter is before the Court on remand from the Eleventh Circuit, which held that this Court must hold a jury trial to determine whether the Defendants "qualify as agencies and instrumentalities" of the Revolutionary Armed Forces of Colombia (the "FARC"), such that the Plaintiffs may garnish the Defendants' assets to satisfy the $318 million judgment that the Plaintiffs previously obtained against the FARC for murder and kidnapping. *Stansell v. Revolutionary Armed Forces of Colom.*, 45 F.4th 1340, 1346 (11th Cir. 2022).

Upon remand, the Court entered a scheduling order and set a trial date for the two-week period beginning on November 21, 2022. (Sched. Order, ECF No. 512.) Shortly thereafter, the Plaintiffs moved to seek entry of default judgment against the Defendants under the fugitive disentitlement doctrine. (Mot. at 1.)

While the parties submitted briefing on the Plaintiffs' motion, they also began engaging in pre-trial discovery pursuant to the scheduling order. The Court had to resolve multiple discovery disputes between the parties, with the Defendants at first arguing that discovery was not allowed under the scheduling order, and then seeking an emergency protective order against the scheduled deposition of Mr. Lopez. (ECF Nos. 516, 525.) The Court confirmed that the Plaintiffs may properly take pre-trial discovery under the terms of the scheduling order. (ECF No. 523.) The Court also denied the Defendants' original motion for a protective order for the dual reasons that the Defendants had failed to demonstrate good cause for a protective order against Mr. Lopez's deposition and that Mr. Lopez was prohibited from seeking affirmative relief from the Court under the fugitive disentitlement doctrine. (*Id.* at 1-5.) The Court again denied the Defendants' emergency motion for a protective order, again finding both that the Defendants had failed to establish good cause and that the fugitive disentitlement doctrine barred their requested relief. (ECF No. 527, at 1-2.) The Court ordered Mr. Lopez to appear at his deposition—with the option to appear remotely by Zoom—as scheduled, on October 17, 2022, at 9:00 A.M., "unless the parties ***agree[d]*** to an alternate date and time." (*Id.* at 2) (emphasis added).

In spite of the clear directive in the Court's order, and without seeking a stay from this Court, Mr. Lopez failed to appear for his deposition despite the Court's multiple orders requiring him to do so. (Reply at 1; Dep. Trans. of S. Lopez Bello ("Lopez Dep."), dated Oct. 17, 2022, ECF No. 532-1, at 3:10 – 4:9.) Counsel for Mr. Lopez asserted at the scheduled deposition that Mr. Lopez "will not be appearing at **any** deposition until the appeal is heard." (Lopez Dep. At 4:7-9) (emphasis added). Mr. Lopez's counsel also asserted the same position by email. (Email from A. Fels dated Oct. 16, 2022, ECF No. 531-4.) And, unbeknownst to the Court at the time it issued its original decisions on the motions for protective orders, Mr. Lopez had already previously failed to appear for deposition on the date noticed by the Plaintiffs. (Reply at 1.)

### 2. Legal Standard

"The fugitive disentitlement doctrine empowers courts to dismiss the lawsuits or appeals of fugitives from the law." *Ener v. Martin*, 987 F.3d 1328, 1331 (11th Cir. 2021). The doctrine also allows "a district court to 'sanction or enter judgment against parties on the basis of their fugitive status.'" *United States v. Shalhoub*, 855 F.3d 1255, 1259 (11th Cir. 2017). Such sanction may include the denial of affirmative relief requested by motions made by a fugitive defendant. *Id.* at 1259-61 (affirming the district court's denial of a fugitive criminal defendant's motion to specially appear and seek dismissal of the

indictment). The fugitive disentitlement doctrine is "[a]n equitable doctrine" that "reflects the principle that a fugitive demonstrates such disrespect for the legal process that he has no right to call upon the court to adjudicate his claim." *Ener v. Martin*, 987 F.3d 1328, 1331-32 (11th Cir. 2021) (cleaned up). The "doctrine applies in both civil and criminal proceedings." *Id.* at 1332; *see also Pesin v. Rodriguez*, 244 F.3d 1250, 1253 (11th Cir. 2001) ("Although the 'classic case' in which the doctrine has been applied involves the direct appeal of a criminal defendant, the doctrine has also been applied where the fugitive was not a criminal defendant, but instead was a civil litigant who continued to ignore court orders and evade arrest."). "A court may apply the fugitive disentitlement doctrine to dismiss a lawsuit or appeal if the party against whom it is invoked is a fugitive, her fugitive status has a sufficient connection to the present action, and dismissal is 'necessary to effectuate the concerns underlying' the doctrine." *Id.* (citation omitted). Courts may apply the doctrine sua sponte, if appropriate. *See F.D.I.C. v. Pharaon*, 178 F.3d 1159, 1163 n.6 (11th Cir. 1999). The fugitive disentitlement doctrine may not, however, "be applied to strike a civil defendant's answer and enter judgment against him" without more than just the doctrine itself at issue. *Id.* at 1163.

Federal Rule of Civil Procedure 37 authorizes courts to prohibit parties from supporting their defenses, strike parties' pleadings, and enter default judgment against parties that fail to participate in discovery. Fed. R. Civ. P. 37(b)(2)(A) (ii), (iii), (vi), (d)(1)(A)(i). "This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders; however, this discretion is guided by judicial interpretation of the rule." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). To enter a default judgment as a sanction under Rule 37, a court must find "a willful or bad faith failure to obey a discovery order." *Id.* "Finally, the severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.*

### 3. Analysis

#### A. Application of the Fugitive Disentitlement Doctrine

In its previous orders, the Court denied the defendants' motions for protective orders based, in part,[1] on the fugitive disentitlement doctrine because the defendants sought affirmative relief preventing the taking of Mr. Lopez's deposition. (ECF No. 523 at 1-5, 527 at 1-2.) Essentially, Mr. Lopez and

---

[1] The Court also found that Mr. Lopez and the other Defendants failed to provide good cause, as is required, for the issuance of protective orders. (ECF No. 523 at 1-2, 527 at 1.) Both grounds were independently sufficient for the Court to deny the motions for protective orders.

the other Defendants sought to use the Court's processes to their own advantage to obtain relief from the discovery process prior to trial. This would have been unfairly and unnecessarily prejudicial to the Plaintiffs. *See, e.g., Ener*, 987 F.3d at 1332.

Preventing Mr. Lopez (and his companies) from defending themselves *at all* in this case, however, would be a step too far under the Eleventh Circuit's precedent. *Id.*; *Pharaon*, 178 F.3d at 1163. Read cohesively, the Eleventh Circuit's precedent clearly establishes that the fugitive disentitlement doctrine may be appropriate as a basis by which to deny affirmative relief, in the form of an appeal, a lawsuit, or a motion. *Ener*, 987 F3d at 1333 (affirming dismissal of civil lawsuit where plaintiff was a fugitive in related case); *Pesin*, 244 F.3d at 1253 (dismissing a civil defendant's *appeal* where that defendant had ignored multiple court orders, including contempt orders, in the underling case). But the Eleventh Circuit also clearly holds that the fugitive disentitlement doctrine may not be used to prevent a civil defendant from defending himself. *Pharaon*, 178 F.3d at 1163 ("We therefore hold that the fugitive disentitlement doctrine, without more, may not be applied to strike a civil defendant's answer and enter judgment against him.").

Regardless of the formal specifics of Mr. Lopez's (and his companies') role in this matter, they are defending the Plaintiffs' efforts to garnish their property. (Resp. at 8). The Court will not allow Mr. Lopez to game its procedures or prejudice the Plaintiffs, as indicated in the Court's orders denying Mr. Lopez's motions for protective orders. (ECF No. 523 at 3-5, 527 at 1-2.) It cannot, however, completely bar the Defendants from asserting their defenses in this matter on the basis of the fugitive disentitlement doctrine. *Ener*, 987 F3d at 1333; *Pharaon*, 178 F.3d at 1163. The Court therefore declines to enter judgment against the Defendants under the fugitive disentitlement doctrine and **denies** the Plaintiffs' motion for entry of judgment. (**ECF No. 513**).

### B. Sanctions for Violation of the Court's Discovery Orders

Although the Court may not enter a default against the Defendants and strike their pleadings because of the fugitive disentitlement doctrine, it may do so for their failure to comply with the Court's orders regarding discovery and other pre-trial matters. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993); Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi), (d)(1)(A)(i). Based on Mr. Lopez's failure to appear at his Court-ordered deposition on October 17, 2022, at 9:00 A.M., the Court determines that default sanctions should be entered against the Defendants. *Mishkin v. Jeannine Gurian Trust No. One*, No. 06-

80489-CIV, 2008 WL 708733, at *6 (S.D. Fla. Mar. 14, 2008) (Ryskamp, J.); Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi).

The Court clearly (and repeatedly) ordered Mr. Lopez to appear for his deposition. (ECF Nos. 523 at 5, 527 at 2). In both orders, the Court clearly stated that sanctions for failure to abide by those orders **would** "result in sanctions, up to and including the striking of the Defendants' pleadings and entry of final judgment against the Defendants." (ECF Nos. 523 at 5, 527 at 2); *Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Instead of abiding by the Court's orders and appearing for deposition—which the Court allowed the Defendant to do remotely by Zoom, despite his fugitive status—the Defendants simply refused to comply. (ECF Nos. 523 at 5, 527 at 2; Reply at 1; Lopez Dep. At 4:7-9.) And the pending notice of appeal filed by the Defendants on the Saturday before the scheduled deposition does not relieve Mr. Lopez of his requirement to appear. *See Spano v. Satz*, No. 09-60255-CIV, 2010 WL 11515690, at *2 (S.D. Fla. May 3, 2010) (Rosenbaum, Mag. J.) ("The Court's Order denying Plaintiff's Motion for Protective Order is a valid and functional court order with which Plaintiff must comply until such time, if ever, that it is ***reversed or modified***.") (emphasis added). The Defendants' ongoing gamesmanship and disregard of the Court's orders demonstrate that the violation here is willful and therefore deserving of sanctions. *See Malautea*, 987 F.2d at 1542 (affirming sanctions where the defendants "willfully violat[ed] the court's three clear orders"); (Reply at 1; Cert. of Non-Appearance dated Oct. 12, 2022, ECF No. 531-1.)

Further, the Court generally lacks an ability to compel Mr. Lopez to obey its orders and require him to participate in discovery based on the Defendants' conduct and Mr. Lopez's fugitive status. (Reply at 1; Lopez Dep. At 4:7-9.) In light of his conduct to date, the Court finds that less severe sanctions would not ensure compliance with its orders and "can think of no other sanction that would adequately punish and deter this conduct." *Mishkin*, 2008 WL 708733, at *6. Therefore, the Court **enters default judgment** against Defendant Samark Jose Lopez Bello.

### 3. Conclusion

The Plaintiffs' motion for entry of final default judgment is **denied**. (**ECF No. 513**.) The Court **enters default judgment** against **Defendant Samark Jose Lopez Bello** as sanctions for Mr. Lopez's failure to appear at his scheduled deposition and failure to comply with the Court's orders. Fed. R. Civ. P. 37(b)(2)(A)(ii), (vi), (d)(1)(A)(i). Further, because it appears that Mr. Lopez is

the principal of the Corporate Defendants, the Corporate Defendants are ordered to **show cause** why the Court should not also enter default judgment against them for Mr. Lopez's failure to appear at his deposition and comply with the Court's orders. The Defendants shall respond to the order to show cause in writing, no later than **October 25, 2022**, and shall limit their response to five pages. The Plaintiffs may reply no later than **November 1, 2022**, with the same limitations.

      **Done and ordered** in chambers, at Miami, Florida, on October 18, 2022.

_____
Robert N. Scola, Jr.
United States District Judge