United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Keith Stansell, and others, <br> Plaintiffs, <br><br> v. <br><br> Revolutionary Armed Forces of <br> Columbia and others, Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 19-20896-Civ-Scola |

### Order

This matter comes before the Court on the Court's order to show cause why the Court should not enter default judgment against the Defendants Yakima Trading Corporation, Profit Corp. CA, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 64E LLC, 200G PSA Holdings LLC, SMT Technologia CA, and PYP International LLC (collectively, the "Corporate Defendants") due to Defendant Samark Jose Lopez Bello's ("Mr. Lopez") failure to appear at his deposition in violation of this Court's orders. (ECF No. 536.) and the Court's orders denying the Defendants' motions for protective orders (ECF Nos. 523, 527). The Defendants have responded to the Court's order. (ECF No. 539.) The Plaintiffs timely replied. (ECF No. 544.) For the reasons set forth below, the Court **enters default judgment** against the Corporate Defendants as sanctions for Mr. Lopez's failure to comply with the Court's orders denying the Defendants' motions for protective orders. (ECF Nos. 523, 527.)

The Court, having entered default judgment against Defendant Samark Jose Lopez Bello for his failure to appear at his scheduled deposition, in violation of the Court's orders denying his and the Corporate Defendants' motion for a protective order (ECF No. 536), now finds that default judgment may similarly be entered against the Corporate Defendants for Mr. Lopez's violation. The Court finds three independent, sufficient reasons each support the entry of default judgment against the Corporate Defendants as sanctions for Mr. Lopez's conduct.

First, in the Corporate Defendants' response to the Court's order to show cause, the Corporate Defendants concede by silence that they may are controlled by Mr. Lopez. (Resp. at 1-3.) Instead, the Corporate Defendants argue only that they should not be defaulted because the Court's order sanctioning Mr. Lopez was in error, based on the Defendants' appeal of the Court's denials of their motions for protective orders. The Defendants are wrong on this point. Mr. Lopez

was required to comply with this Court's order and appear at his deposition, regardless of the status of his appeal, because this Court did not stay its order and its order was not reversed. *See, e.g., Spano v. Satz*, No. 09-60255-CIV, 2010 WL 11515690, at *2 (S.D. Fla. May 3, 2010) (Rosenbaum, Mag. J.) ("The Court's Order denying Plaintiff's Motion for Protective Order is a valid and functional court order with which Plaintiff must comply until such time, if ever, that it is reversed or modified."). The Court therefore accepts the Defendants' silence on the substance of the issue as a concession and finds that the Corporate Defendants should be sanctioned for Mr. Lopez's failure to obey the Court's orders. *See GolTV, Inc. v. Fox Sports Latin Am. Ltd.*, 277 F. Supp. 3d 1301, 1311 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned.").

Second, sufficient evidence exists in the record for the Court to find that the Corporate Defendants are wholly owned or controlled by Mr. Lopez. The Defendants themselves have put forth consistent evidence that Lopez owns or controls each of the Corporate Defendants. (Decl. of S. Lopez Bello, dated Apr. 3, 2019, ECF No. 157-3, ¶ 3 ("I make this Declaration on behalf of myself and several entities owned or controlled by me. Those entities include: Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63-F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, and 200 PSA Holdings LLC ('Lopez Entities')."); Decl. of W. Marquardt, dated Mar. 20, 2019, ECF No. 97-1, at 3, 7 ¶ 5, App'x 3 (identifying and listing the Corporate Defendants as "owned or controlled by Samark Jose Lopez Bello" and as the "Samark Jose Lopez Bello Entities.").) And this Court has previously rejected the argument that it should treat the Corporate Defendants as separate from Mr. Lopez where they have not appeared separately from him. (*See, e.g.,* Report & Rec., ECF No. 248, at 24 ("If these entities were truly independent of Lopez Bello and his related corporations, it was necessary for *those entities* to appear before this Court and set forth the reasons why execution cannot take place.") (emphasis in original); Order Adopting Report & Rec., ECF No. 279.)

Third, the Corporate Defendants are judicially estopped from asserting that they should be considered separate from Mr. Lopez because they have presented themselves as wholly owned or controlled by him in previous filings in this action. (*See, e.g.,*, Decl. of S. Lopez Bello, dated Apr. 3, 2019, ECF No. 157-3, ¶ 3); *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180-81 (11th Cir. 2017) ("Stated simply, the doctrine of judicial estoppel rests on the principle that 'absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory.'"). The Corporate Defendants have

consistently argued that they are owned or controlled by Mr. Lopez to date and should not be allowed to argue to the contrary to obtain an advantage now.

Because the Court finds that the Corporate Defendants are wholly owned or controlled by Mr. Lopez, it finds that the entry of default judgment as sanctions against the Corporate Defendants is warranted due to Mr. Lopez's willful violation of this Court's discovery orders. (Order, ECF No. 536.) The Court finds that less severe sanctions would not ensure compliance with its orders and "can think of no other sanction that would adequately punish and deter this conduct." *Mishkin*, 2008 WL 708733, at *6.

The Court therefore **enters default judgment** against **Defendants Yakima Trading Corporation**, **Profit Corp. CA**, **EPBC Holdings, Ltd.**, **1425 Brickell Ave 63-F LLC**, **1425 Brickell Ave Unit 46B LLC**, **1425 64E LLC**, **200G PSA Holdings LLC**, **SMT Technologia CA**, and **PYP International LLC** as sanctions for Mr. Lopez's failure to appear at his scheduled deposition and failure to comply with the Court's orders. Fed. R. Civ. P. 37(b)(2). The Court **directs** the Plaintiffs to submit a proposed order of final judgment against the Defendants no later than **November 8, 2022**.

**Done and ordered** in chambers, at Miami, Florida, on November 1, 2022.

_____
Robert N. Scola, Jr.
United States District Judge