IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KEITH STANSELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,<br><br>Defendants. | Case No: 1:19-cv-20896-RNS |

## AMENDED MOTION TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS

Undersigned counsel Jeffrey M. Scott, Kerri E. Chewning, Jeffrey M. Kolansky, Adam S. Fels, and Glen M. Lindsay hereby file this Motion to Withdraw from representing Samark López Bello ("López Bello"), Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, EPBC Holdings, Leucadendra 325, LLC, and MFAA Holdings Limited due to a complete breakdown in communication with López Bello.

1. Samark López Bello was arrested in Venezuela on April 9, 2024 and remains in Venezuelan custody.

2. Undersigned counsel has not been able to communicate with López Bello either directly or through counsel since López Bello's publicly reported arrest in Venezuela.

3. There has been a total breakdown in communications between López Bello and the undersigned counsel due to López Bello's current incarceration and the inability of any counsel to communicate with him. *See, e.g., Scurtu v. Hospitality & Catering Mgmt. Servs.,* 2012 U.S. Dist. LEXIS 84635 (S.D. Ala. Jun. 19, 2012) (granting motion to withdraw given total breakdown in

1

communications between client and counsel of record); *Trans. All. Bank, Inc. v. Peewee's Hauling, Inc.,* 2020 U.S. Dist. LEXIS 65331 (M.D. Fla Mar. 27, 2020) (same).

4. Counsel Adam Fels's withdrawal from the representation of López Bello in *Marron v. Maduro*, Case No. 21-cv-23190-FAM[1] was precipitated by a court order requiring López Bello to turn over financial and tax documents without any confidentiality protection. While Mr. Fels did then, as he does here, reference as support for his motion the total breakdown in communications between López Bello and the undersigned counsel due to López Bello's current incarceration, the primary reason for withdrawal was that Mr. Fels was ethically obligated to confer with López Bello and obtain his informed consent before making any decisions regarding his representation which could be adverse to López Bello's interests, namely, the public disclosure of López Bello's documents and information and the potential negative impact that could cause given López Bello's arrest and incarceration in Venezuela. See Attachment "B," Emergency Mot. to Withdraw, DE 196 in *Marron v. Maduro*, Case No. 21-cv-23190-FAM.

5. While the breakdown in communications between López Bello and undersigned counsel did not prevent counsel from responding to Stansells' motion to garnish assets which this Court already transferred over to the Southern District of New York based on the procedural history and record, it will prevent counsel from further representing the client on new issues that will come up in litigation about which Counsel has not previously discussed with the client in the past.

6. Local Rule 11.1(d)(3)(A) provides that counsel seeking to withdraw must first notify the client and opposing counsel and then obtain leave of court. In accordance with this rule

---

[1] f\    The Saaverdra Goodwin Law Firm and The Law Firm of Archer & Greiner did not represent Lopez Bello in *Marron v. Maduro.*

and Local Rule 7.1(a)(3), the undersigned did provide notice to and has attempted to confer with Plaintiffs' counsel to determine their position on the motion by email.

7. Given the total breakdown in communications, undersigned counsel has been unable to provide notice to the client of their intent to withdraw. On October 30, 2024, Mr. Fels did speak with an immediate family member of Mr. López Bello's to notify that family member that undersigned counsel were ethically required to move to withdraw from the representation in this case.

8. Local Rule 11.1(d)(3)(A) also requires that a motion to withdraw also include a current mailing address for the attorney's client or the client's new or remaining counsel. While it is not clear whether Mr. López Bello can receive mail at the facility where he is incarcerated, the mailing address for Mr. López Bello is: Business Center Galipan, Centro Empresarial Galipan, Avenida Francisco de Miranda, Caracas 1060, Miranda, Venezuela.

9. A district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Martinez v. Experian Info. Sols., Inc.*, Case No. 22-20443-CIV-SCOLA, 2022 U.S. Dist. LEXIS 163993, *2 (S.D.Fla. Sep. 12, 2022), quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997). It is particularly appropriate to stay litigation pending the outcome of related proceedings in another forum. *See Martinez, id.,* citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982).

10. If this Court does not deny the Motion for Final Turnover for the reasons set forth in the Response (DE 579), then the Court should stay proceedings on Plaintiffs' attempts to obtain turnover of the Citibank accounts referenced in the Notice to Appear (DE 569).

11. In determining whether a stay should be issued, courts generally examine three factors: "1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party;

2) whether a stay will simply the issues and streamline the trial; and 3) whether a stay will reduce the burden of litigation on the parties and on the court," *Martinez, id.,* quoting *George E. Warren Corp. v. OceanConnect LLC,* 12-CV-14125-KMM, 2012 U.S. Dist. LEXIS 183977, *19.

12. The undersigned seeks a stay of the proceedings as they relate to the Citibank accounts sought to be turned over to Plaintiffs, as these accounts are currently the subject of ongoing litigation in the Southern District of New York. The stay here will not prejudice Plaintiffs and indeed will prevent inconsistent results and avoid confusion, thereby promoting judicial economy. *See Martinez*, *id.* at *4.

13. Plaintiffs will not be prejudiced if this Court were to grant the instant Motion. The Citibank Accounts that are the subject of Plaintiffs' Motion for Turnover and all legal questions related to this property were transferred by this Court on April 30, 2020. (ECF No. 340). All legal questions relating to the Citibank Accounts, including the legal questions of whether the property is attachable and collectible under TRIA, are pending before the the Southern District of New York.

14. The Southern District of New York has issued a stay of all proceedings related to the Citibank Accounts. When the stay is lifted, Plaintiffs will be able to litigate all issues relating to the Citibank Accounts in the Southern District of New York. Thus, Plaintiffs will inure no prejudice by granting this Motion.

15. The undersigned respectfully request a stay of these proceedings until such time as Mr. Lopez Bello is allowed to speak with counsel and indicate whether he wishes to obtain substitute counsel to proceed in this matter.

16. The Second Circuit Court of Appeals recently granted a stay of Mr. Lopez Bello's appeal in Case No. 23-6456. *See* Attachment "B."

4

17. Counsel will remain available to update this Court in 60-day intervals about whether Mr. Lopez Bello has had an opportunity to speak with counsel and whether Mr. Lopez Bello seeks to retain new counsel.

18. Pursuant to the Local Rules, counsel requested opposing counsel's position on the motion for a stay and opposing counsel indicated in a filing that they do not take a position on the request to withdraw so long as the order of withdrawal contains terms mirroring those entered by Judge Moreno in *Marron v. Maduro*, No. 21-CV-23190-FAM. *See* DE 582 at 3.

WHEREFORE, Jeffrey M. Scott, Kerri E. Chewning, Jeffrey M. Kolansky, Adam S. Fels, and Glen M. Lindsay respectfully move the Court to grant their Motion to Withdraw from representing Samark López Bello ("López Bello"), Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, Leucadendra 325, LLC, and MFAA Holdings and to grant a stay in these proceedings so Mr. López can speak with counsel and indicate whether he wishes to obtain substitute counsel to

proceed in this matter.

                        Respectfully submitted,

*/s Adam S. Fels*
Adam S. Fels
Fridman Fels & Soto, PLLC
150 Alhambra Cir.
Suite 715
Coral Gables, FL 33134
Telephone: (305) 569-7701
afels@ffslawfirm.com

Jeffery M. Scott, Esq. (Pro Hac Vice)
Kerri E. Chewning, Esq. (Pro Hac Vice)
Jeffrey M. Kolansky, Esq. (Pro Hac Vice)
ARCHER & GREINER, P.C.
Three Logan Square
1717 Arch Street
Philadelphia, Pa 19103
Tel: 215-279-9693
Email: jscott@archerlaw.com
Email: kchewning@archerlaw.com


Glen M. Lindsay
Saavedra Goodwin
312 SE 17th Street, 2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333
Email: glindsay@saavlaw.com

*Attorneys for* Samark López Bello ("López Bello"), Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings