IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| KEITH STANSELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC), et al.,<br><br>Defendants. | Case No: 1:19-cv-20896-RNS |

## REPLY IN SUPPORT OF AMENDED MOTION TO WITHDRAW AS COUNSEL AND STAY PROCEEDINGS

In their second Response, Plaintiffs again do not object to an order discharging Counsel but continue to object to a stay in the Southern District of Florida. Discharge of Counsel is not only warranted, but a stay should be granted pending the outcome of the SDNY litigation.

They do not concede that they used the wrong standard for a stay in their first response, but instead claim that under the *Martinez* standards, a stay is unwarranted. Plaintiffs essentially claim that Section 56.29 provides this Court with personal jurisdiction over Lopez-Bello, Yakima Trading Company, foreign corporation Bank J Safra Sarasin Basel Switzerland, and jurisdiction over foreign accounts and securities. Again, Plaintiffs are incorrect on this point. This Court's jurisdiction is based on TRIA, not Florida law, as Plaintiffs so admit. (ECF No. 571 at 1).

At the outset, the Court must determine that it has subject matter jurisdiction before it can entertain Plaintiff's Motion for Turnover. *Verdejo v. HP Inc.,* 2021 U.S. Dist. LEXIS 215726, *32-34 (S.D. Fla. Nov. 7, 2021) (J. Scola) (citing *Burke v. Smith,* 252 F.3d 1260, 1263 (11th Cir. 2001)

1

(a judgment is void if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process). This Court has subject matter jurisdiction pursuant to *TRIA,* not Section 56.29 of Florida law.

Plaintiffs seek to bypass the statutory requirements of TRIA by using Section 56.29 to convert Lopez Bello and Yakima Trading Corporation into the original judgment-debtors. Such a result would be improper as López Bello was always considered, and still considered, a non-judgment debtor third party. *Stansell I,* 771 F.3d at 727*; This That And The Other Gift And Tobacco, Inc. v. Cobb Cnty., Ga.,* 439 F.3d 1275, 1283 (11th Cir. 2006)("Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.")

The judgment debtor here is FARC, not Lopez Bello. To properly invoke Section 56.29, Plaintiffs would have had to provide specific facts establishing that there is property ***of the FARC*** not exempt from execution in the hands of Lopez Bello or any property, debt, or other obligation due ***to the FARC*** which may be applied toward the satisfaction of the judgment, which they did not, and cannot do. *See* Fla. Stat. § 56.29. "Impleader under § 56.29 does not establish the third party's liability." *Fuller v. Carollo,* No. 1:18-CV-24190-RS, 2024 WL 3838520, at *2 (S.D. Fla. Apr. 5, 2024) *Off. Bldg., LLC v. CastleRock Sec., Inc.*, No. 10-61582-CIV, 2011 WL 1674963, at *3 (S.D. Fla. May 3, 2011). Moreover, with § 56.29, "after due process concerns have been met, the court may order any property of the judgment debtor, ***not exempt from execution***, in the hands of an impleaded party to be applied toward satisfaction of the judgment debt." *Id.* Whether the foreign accounts are exempt from execution is the very question pending before the SDNY. Under the Kingpin Act, "blocked assets" are defined as:

2

> (a) All property and interests in property that are in the United States, that come within the United States, or that are or come within the possession or control of any U.S. person, of a specially designated narcotics trafficker are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in.
> \*\*\*\*
>
> (c) Unless authorized by this part or by a specific license expressly referring to this part, any dealing in securities (or evidence thereof) held within the possession or control of a U.S. person and either registered or inscribed in the name of, or known to be held for the benefit of, or issued by, a specially designated narcotics trafficker is prohibited. This prohibition includes the transfer (including the transfer on the books of any issuer or agent thereof), disposition, transportation, importation, exportation, or withdrawal of, or the endorsement or guaranty of signatures on, any securities on or after the effective date. This prohibition applies irrespective of the fact that at any time (whether prior to, on, or subsequent to the effective date) the registered or inscribed owner of any such securities may have or might appear to have assigned, transferred, or otherwise disposed of the securities.

31 C.F.R. § 598.202.  Here, the accounts at issue, as admitted by Plaintiffs, are not located in the United States. Turnover Mot. at 20 (Proposed Order directing foreign corporation Bank J Safra Sarasin Basel Switzerland to transfer Samark Jose Lopez Bello and Yakima Trading Corporations security entitlements and cash identified to "Porter & Korvick, P.A. Securities Trust Account" in Miami).  Turnover Mot. at 7 ("All four of Citibank's Answers filed to date [2019, 2019, 2020 and 2021] uniformly state that "Citibank was not and is not indebted to Lopez Bello or Yakima", and Citibank "has not had any tangible or intangible personal property of Lopez Bello or Yakima in its possession or control.").

Because the accounts are located outside the United States and are not in the possession of, or in control of, by any U.S. person, the accounts and securities located outside the jurisdiction of the United States **are not subject to TRIA blocking, TRIA attachment, and TRIA execution**. 21 U.S.C. § 1904 (only property and interests in property within the United States, or within the

possession or control of any United States person are subject to OFAC blocking). TRIA does not authorize courts to garnish funds held in bank accounts in jurisdictions outside the territorial limits of the State of Florida. *Stansell v. Revolutionary Armed Forces of Colombia (FARC),* 149 F. Supp. 3d 1337, 1342 (M.D. Fla. 2015). Florida law does not give this Court jurisdiction over foreign assets that are not subject to the regimen and scheme of the Federal Sanctions programs.

Nor does Section 56.29 grant a United States district court personal jurisdiction over a foreign bank, nor does it grant jurisdiction over the "res" located in a foreign country. The Court must have jurisdiction over the property or "res" that is the subject of the requested relief. *Stansell,* 149 F. Supp. 3d at 1339. Any order which directs international Bank J Safra Sarasin Basel Switzerland to liquidate the funds as requested by Plaintiffs would be void as a matter of law. *Burke,* 252 F.3d at 1263. **TRIA does not permit execution on funds located outside the United States because such funds are not subject to blocking as the property must be located within the United States.** Thus, Plaintiffs' request would amount to a void order because this Court has no personal jurisdiction over Bank J Safra Sarasin Basel Switzerland. Nor does the Court have subject-matter jurisdiction over the res located in a foreign country.

Plaintiffs claim that a stay will act as a *de facto* death-knell of their claim. This argument also fails; litigation over the assets in question is ongoing in the SDNY. Plaintiffs claim that a stay is not appropriate because Section 56.29 is a new/separate action, claiming that the parties in the SDFL litigation are different than the parties in the SDNY litigation. The relevant parties in both jurisdictions are The Stansell Plaintiffs, Lopez Bello and Yakima Trading Corporation.

When this Court transferred the the matter to the SDNY on April 30, 2020, the entire TRIA action related to the accounts and securities (Citibank Accounts) which included all pleadings, and all defenses raised by López Bello. López Bello, in his SDFL pleadings, argued among others, that

4

the Citibank Accounts were not attachable nor were the Citibank Accounts subject to execution. Citibank's Interpleader Action did not override López Bello's defenses and somehow make the Interpleader Action the primary action. Every single issue related to the Citibank Accounts were transferred to the SDNY, where it should remain for the reasons articulated in the April 30, 2020 Transfer Order. (ECF Nos. 323 and 340).

Plaintiffs now argue that Citibank is not a proper garnishee and therefore the matters related to the very subject matter of the accounts (Citibank Writ of Garnishment) listed in the Notice to Appear, which are the current subject matter of the SDNY case is no longer valid. If that were true, Plaintiffs would have discontinued their first-filed action in the SDNY. Plaintiffs, however, did not abandon the original first-filed action in the SDNY. Thus, the question of whether TRIA permitted the Citibank Accounts to be attached and executed upon is very much alive in the SDNY. A stay of the instant Turnover Motion in the Southern District of Florida will not cause any prejudice to the Plaintiffs.

A district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Martinez v. Experian Info. Sols., Inc.*, Case No. 22-20443-CIV-SCOLA, 2022 U.S. Dist. LEXIS 163993, *2 (S.D.Fla. Sep. 12, 2022), quoting *Clinton v. Jones,* 520 U.S. 681, 706 (1997). It is particularly appropriate to stay litigation pending the outcome of related proceedings in another forum. *See Martinez, id.,* citing *CTI-Container Leasing Corp. v. Uiterwyk Corp.,* 685 F.2d 1284, 1288 (11th Cir. 1982). Plaintiffs will not be prejudiced if this Court were to grant the instant Motion and issue a stay pending the outcome of the SDNY litigation.

The only remaining third-party claim is related to the accounts and the securities that are the subject of Plaintiffs' Motion for Turnover. All legal questions related to this property were transferred by this Court on April 30, 2020. (ECF No. 340). A stay, pending the outcome of the

SDNY litigation, will reduce the burden of litigation on the parties and on the court," *Martinez, id.,* quoting *George E. Warren Corp. v. OceanConnect LLC,* 12-CV-14125-KMM, 2012 U.S. Dist. LEXIS 183977, *19, as the issues relating to the foreign accounts, including the legal questions of whether the property is attachable and collectible under TRIA are pending before the were transferred to Southern District of New York.

This Court should grant the Amended Motion in its entirety.

Respectfully submitted,
*/s Adam S. Fels*
Adam S. Fels
Fridman Fels & Soto, PLLC
150 Alhambra Cir.
Suite 715
Coral Gables, FL 33134
Telephone: (305) 569-7701
afels@ffslawfirm.com

Jeffery M. Scott, Esq. (Pro Hac Vice)
Kerri E. Chewning, Esq. (Pro Hac Vice)
Jeffrey M. Kolansky (Pro Hac Vice)
ARCHER & GREINER, P.C.
Three Logan Square
1717 Arch Street
Philadelphia, Pa 19103
Tel: 215-279-9693
Email: jscott@archerlaw.com
Email: kchewning@archerlaw.com

Glen M. Lindsay
Saavedra Goodwin
312 SE 17th Street, 2nd Floor
Fort Lauderdale, FL 33316
Tel.: (954) 767-6333
Email: glindsay@saavlaw.com

*Attorneys for* Samark López Bello ("López Bello"), Yakima Trading Corporation, EPBC Holdings, Ltd., 1425 Brickell Ave 63F LLC, 1425 Brickell Ave Unit 46B LLC, 1425 Brickell Ave 64E LLC, 200G PSA Holdings LLC, and MFAA Holdings