UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:19-cv-20896-SCOLA

KEITH STANSELL, et al.
    Plaintiffs,
vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,
    Defendants.
_____/

### PLAINTIFFS' EXPEDITED MOTION TO TOLL THE TIME WITHIN WHICH TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

**[Requesting Ruling by Monday February 3, 2025]**

Plaintiffs file this **expedited motion** to toll the time within which to file objections to Report and Recommendation [ECF 654]. This Court issued Report and Recommendation ECF 654 (R&R) on January 22, 2025. Objections to this R&R are due within 14 days or February 5, 2025. ECF 654; Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73. Your Honor's paperless Order today directed Responses to the motion for reconsideration by February 4, 2025, making Plaintiffs' Reply due after the current deadline for filing Objections to the R&R on February 5, 2025. **Plaintiffs respectfully request a ruling on this expedited motion by Monday February 3, 2025**.

The R&R recommends granting the Garnishee, JPMorgan Chase Bank ("JPMCB")'s motion to transfer [ECF 619] this interpleader to the Southern District of New York. ECF 654. The central premise of the R&R is that the blocked account of Petrocedeno S.A.—an OFAC sanctioned entity and an agency or instrumentality of the FARC in this district [TRIA Turnover Judgment ECF 499]—is located in New York.

On January 28, 2025, Plaintiffs filed a Motion for Reconsideration of the R&R based on newly discovered evidence produced by JPMCB less than 24 hours before the issued R&R which demonstrate that the blocked account is actually located in Florida, not New York. *See* ECF 655. and Exhibits 1-9 attached thereto (JPMCB account statements with a Tampa Florida address for the blocked account). The Court did not have the benefit of reviewing these newly discovered documents with a Florida account address when it issued its R&R. Based on this evidence, (1) the matter could not have been brought in New York, which lacks jurisdiction over accounts in

Florida[1] and (2) even if the matter could have been brought in New York, the convenience factors favor Florida, where the account is found.

This newly discovered evidence bears directly on the Court's recommendation to order transfer of this interpleader, and directly contradicts JPMCB's assertions that the account is located in New York which forms the basis of the R&R.  These account statements contradict JPMCB's sworn testimony filed in this matter.  ***This newly discovered evidence is the <u>only documentary evidence addressing the location of the blocked account – and it expressly shows a Florida account with no mention of New York</u>***.  Plaintiffs have requested that the Court order an evidentiary hearing after Plaintiffs conduct jurisdictional discovery over this disputed material fact.  ECF 655.  *See Gibson v. NCL Bahamas*, No. 11-24343-CIV, 2012 U.S. Dist. LEXIS 74653, 2012 WL 1952670, *3 (S.D. Fla. May 30, 2012) (allowing jurisdictional discovery because "[w]ithout jurisdictional discovery, Plaintiff cannot refute the statements made in the affidavit submitted by Grupo Cacum's legal representative concerning the corporation's lack of contacts with Florida").

As such, Plaintiffs submit that this newly discovered evidence demonstrates good cause to toll the time within which to file objections to R&R ECF 654, until the Court rules on the Motion for Reconsideration.  This Court has authority to extend the time under these circumstances of newly discovered evidence and a timely filed motion filed before February 5, 2025.  *See* Fed. R. Civ. P. 6(b)(1)(A) ("Extending Time. . . [T]he court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires").

WHEREFORE, Plaintiffs respectfully request that this Court toll the 14-day deadline in which to file any objections to Report and Recommendation ECF 654, such that the 14-day period does not begin to run until such time as the Court issues a ruling on Plaintiffs' Motion for Reconsideration.

**Plaintiffs respectfully request a ruling on this expedited motion to toll time by Monday February 3, 2025**.

---

[1] New York follows the separate entity rule, and therefore its courts cannot reach out-of-state assets.  As this Court recognized in its R&R, Plaintiffs have cited evidence that Florida does not follow this Rule.  R&R, ECF No. 654, at 13 n.4.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

Plaintiffs conferred with Counsel for JPMCB which represented that it opposes this motion unless Plaintiffs forego filing a motion for reconsideration.

Respectfully submitted January 27, 2025.

| | |
|---|---|
| /s/ Newton P. Porter (FL Bar: 833738) | /s/ Richard B. Rosenthal (FL Bar: 0184853) |
| /s/ Tony Korvick (FL Bar: 0768405) | THE LAW OFFICES |
| PORTER & KORVICK, P.A. | OF RICHARD B. ROSENTHAL, P.A. |
| Attorneys for Plaintiffs | Co-counsel for Plaintiffs |
| 4000 Ponce de Leon Blvd. Suite 470 | 1581 Brickell Avenue |
| Coral Gables, Florida 33146 | Suite 1408 |
| Telephone:    (305) 373-5040 | Miami, Florida 33129 |
| nporter@porterandkorvick.com | Telephone: (305) 992-6089 |
| tkorvick@porterandkorvick.com | rbr@rosenthalappeals.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing document and the notice of electronic filing by electronic mail to the following persons:

OFFICE OF FOREIGN ASSETS CONTROL
U.S. Department of the Treasury
1500 Pennsylvania Ave. NW
Washington DC
[by email service directly to OFAC counsel in compliance with 31 CFR 501.605]

/s/ Tony Korvick
TONY KORVICK  (FL Bar 0768405)
PORTER & KORVICK, P.A.
Attorneys for Plaintiffs
4000 Ponce de Leon Blvd Suite 470
Coral Gables, Florida 33146
Telephone:    (305) 373-5040
tkorvick@porterandkorvick.com