UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20896-CIV-Scola/Torres

KEITH STANSELL, *et al.*,

    *Plaintiffs*,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*

    *Defendants*.

_____/

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

This cause comes before the Court on Plaintiffs' Motion for Reconsideration [D.E. 655] of this Court's recent Report and Recommendation. [D.E. 654]. JPMorgan Chase Bank, N.A. ("JPMorgan") and Antonio Caballero have filed responses [D.E. 663; 664] and Plaintiffs have filed their reply. [D.E. 666]. The Motion, therefore, is ripe for disposition. After careful review of the briefing and relevant authorities, and for the reasons set forth below, Plaintiffs' Motion is **DENIED**.

## I. BACKGROUND

On January 22, 2025, this Court issued a Report and Recommendation that (among other things) recommended the writ of garnishment proceedings concerning a certain bank account ("the Valero account") be transferred to the Southern District of New York. The Court, in part, recommended transfer because the corpus of the relevant account is located in the Southern District of New York.

In the pending Motion, Plaintiffs seek reconsideration of that recommendation. In support, Plaintiffs proffer "newly-discovered evidence" that the Valero account is actually located in Tampa, Florida—not New York. Because, as Plaintiffs argue, the account is not located in New York, the Court has no viable basis to recommend that the garnishment proceedings be transferred to the Southern District of New York.

JPMorgan (the bank that administers the Valero account) avers in response that the new evidence pointing to a Tampa location is misleading. Further, JPMorgan supplemented the record and offered several other pieces of evidence documenting that the account is indeed found in New York. Thus, JPMorgan argues that the Report and Recommendation is sound and should not be changed.

## II. ANALYSIS

"The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). Moreover, "[a] motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision.'" *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-CV-764-T-36JSS, 2020 WL 1674329, at *2 (M.D. Fla. Jan. 8, 2020) (quoting *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

Here, the "newly-discovered evidence" Plaintiffs point to is an account statement that lists, underneath the account holder, an address in Tampa, Florida. This, Plaintiffs argue, is probative evidence that the account is not located in New York as JPMorgan claimed. So the Court should vacate its Report and Recommendation.

In response, JPMorgan points to a myriad of reasons and evidence to demonstrate that the account is indeed located in New York. As an initial matter, JPMorgan provides the 2024 Blocking Report, which was sent by JPMorgan to the Office of Foreign Assets Control. That Blocking Report states clearly and unambiguously the location of the account is New York. [D.E. 664-2 at 3]. Additionally, JPMorgan provides communications between itself and Valero that state "[t]he blocked account will be opened on the NY branch under one of our OFAC product types." [D.E. 664-4 at 3].

JPMorgan also offers evidence to explain why the account statement lists a Tampa address. Specifically, JPMorgan attaches the affidavit of Denice A. Richarts—an Executive Director at JPMorgan who is "responsible for overseeing JPMorgan's Blocked Assets and Licensing Unit." [D.E. 664-1 at ¶ 1]. There, Ms. Richarts explains that the account is "one of more than 8,000 accounts blocked in the U.S. under OFAC

sanctions regulations that JPMorgan holds in New York." [*Id*. at ¶ 4]. Ms. Richarts further avers that JPMorgan's Global Sanctions Compliance Group has employees in multiple locations, including Tampa. And while, for typical customer accounts, the customer's address is included in routine bank statements, that is not the practice for OFAC-blocked accounts. Instead, it was the "Global Sanction Compliance's practice to insert its Tampa office address as a dummy/default address on the account opening form in order to open accounts." [*Id*. at ¶ 8]. Thus, "in the rare instances in which account statements for blocked accounts are prepared," the "Tampa address may appear … even though the accounts are opened and located in New York." [*Id*.].

Plainly, JPMorgan has presented sufficient affirmative evidence to both demonstrate that the Valero account is held in New York and explain why the Tampa address is listed on the account statement. Hence, this supplemental evidence only bolsters the conclusions reached in the Report and Recommendation that the presence of the corpus of the account in New York compels the transfer of the pending dispute to the Southern District of Florida.

For their part neither Plaintiffs' Motion nor the reply undermine the persuasiveness of JPMorgan's Blocking Report (i.e., representations to the federal government); JPMorgan's general practice of administering blocked accounts in New York; Ms. Richarts' sworn explanation that the account is held in New York; and Ms. Richarts' sworn explanation as to why a Tampa address was listed. Further, Plaintiffs provide no reason why the Court should doubt the veracity of JPMorgan's numerous representations (to this Court, to OFAC, and through Ms. Richart's affidavit) that the

account is held in New York. At best, Plaintiffs' motion provided a good faith basis to revisit this issue, which we have done. After doing so, however, the Court's conclusion remains fully supported and legally sound.

Accordingly, Plaintiffs have not carried their burden of demonstrating why reconsideration is appropriate in this case, and their Motion is therefore denied. *See Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.,* No. 2:07-CV-00468-JLQ, 2009 WL 10670066, at *2 (M.D. Fla. June 15, 2009) (holding that "the Defendant has not demonstrated why the 'extraordinary remedy' of reconsideration is appropriate in this case. This extraordinary remedy must be used sparingly, and this is not an appropriate circumstance for its application."); *Castillo v. Lonergan*, No. 19-24088-CIV, 2019 WL 13255506, at *1 (S.D. Fla. Nov. 5, 2019) (quoting *Weiz Co., LLC v. Transp. Ins. Co.*, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) ("Further, the party seeking reconsideration has the burden to 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' Plaintiff's Motion for Reconsideration reveals no facts or law of a 'strongly convincing nature' to demonstrate any change in law, new available evidence, clear error, or manifest injustice to warrant reversing the Court's earlier decision."); *Collier v. Antinelli*, No. 5:21-CV-2-SPC-PRL, 2022 WL 2132942, at *1 (M.D. Fla. June 14, 2022) ("Plaintiff did not meet his burden to show reconsideration is needed. … Because Plaintiff failed to demonstrate any reason to reconsider the Court's Order, the Motion is denied.").[1]

---

[1] We also deny Plaintiffs' request to refrain any further ruling on the Valero proceedings until Plaintiffs' jurisdictional discovery is completed. To be clear, Plaintiffs can continue engaging in that discovery if they see fit. But the Court, given

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion [D.E. 655] is **DENIED**. The Court's Report and Recommendation [D.E. 654] recommending transfer of proceedings related to the Valero account to the Southern District of New York remains in place. The extension of time [D.E. 661] for any objections to that Report and Recommendation is now Vacated. Any objections must be filed no later than February 26, 2025.

**DONE and ORDERED** in Chambers at Miami, Florida this 12th day of February, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

this is a post-judgment proceeding in which dispositive relief is not being awarded, is satisfied by JPMorgan's evidentiary showing that the Valero account is located in New York—especially because we need not make an ultimate finding of fact or law on that score.