United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others,<br>Plaintiffs,<br><br>v.<br><br>Revolutionary Armed Forces of<br>Columbia, Defendant. | )<br>)<br>)<br>)  Case No. 19-20896-Civ-Scola<br>)<br>)<br>)<br>) |

**<u>Order Adopting Magistrate Judge's Report and Recommendations</u>**

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendations on non-party JPMorgan Chase Bank, N.A.'s motion to consolidate and transfer the *Stansell* and *Osio* Interpleader Proceedings to the Southern District of New York.[1] (Mot., ECF No. 619; Order of Referral, ECF No. 621.) Judge Torres issued a report, recommending that the Court grant the motion and transfer the *Stansell* and *Osio* Interpleader Proceedings to the Southern District of New York. (R. & R., ECF No. 654.) The Plaintiffs filed objections. (ECF No. 669.) Third-party Defendant Antonio Caballero responded (ECF No. 683), as did JPMorgan Chase Bank (ECF No. 684). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendations (**ECF No. 654**), **overrules** the Plaintiffs' objections (**ECF No. 669**), and **grants** JPMorgan's motion (**ECF No. 619**).

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D.

---

[1] The *Stansell* proceeding refers to this case, Case No. 19-20896-Civ-Scola. The *Osio* proceeding refers to *Osio et al. v. Maduro Moros et al.*, No. 21-20706-CIV-GAYLES (S.D. Fla. filed Feb. 22, 2021) (Gayles, J).

Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

1. **Discussion**

The Plaintiffs' objections can be organized into four buckets: (1) Florida law requires at least an evidentiary hearing on the location of the at-issue bank account before transfer; (2) Judge Torres ignored the law of the case; (3) Judge Torres improperly weighed the transfer factors; and (4) the Court does not have subject matter jurisdiction over JPMorgan's interpleader action and thus the Court cannot transfer JPMorgan's interpleader. The Plaintiffs also (5) raise arguments which they could have, but did not, raise with respect to the original motion. The Court takes these objections in turn.

A. **Whether Florida Law Requires an Evidentiary Hearing on the Location of the At-Issue Bank Account**

The Plaintiffs believe that under Fla. Stat. § 77.083, they are entitled to an evidentiary hearing on the location of the at-issue bank account, as "there is a substantial disputed issue of fact regarding the state(s) in which the account is 'located.'" (Pls.' Objs., at 4.) Specifically, the Plaintiffs cite account statements that list a Tampa, Florida address. (*Id.*) In his order denying reconsideration of his report and recommendations, however, Judge Torres explained that "JPMorgan has presented sufficient affirmative evidence to both demonstrate that the [at-issue] account is held in New York and explain why the Tampa address is listed on the account statement." (Order on Mot. for Reconsideration, ECF No. 667, at 4.)

The Court agrees. As JPMorgan explains, the Tampa address is listed consistent with the bank's policy with respect to blocked accounts. (*See id.*) That the Tampa address is listed on the bank account does not, therefore, change the fact that the at-issue bank account is based in New York. (*Id.*) Thus, the Court, like Judge Torres, agrees that the listing of a Tampa address

on the bank statement for the at-issue bank account does not warrant an evidentiary hearing under Florida law.

### B. Whether Judge Torres Ignored the Law of the Case

The Plaintiffs also believe that Judge Torres ignored his own prior ruling in this case in which he found that the Court had jurisdiction over an out-of-state bank account. (Pls.' Objs., at 6-7.) Here, Judge Torres explained "that at most the Court wants for jurisdiction [over the out-of-state bank account], and at least there is a colorable argument that the Court wants for jurisdiction." (R. & R., at 14.) But as Caballero points out, in Judge Torres's prior ruling cited by the Plaintiffs, Citibank, as the real party in interest there, did not make the jurisdictional arguments now made by JPMorgan. (Caballero's Objs., at 6-7.) Judge Torres thus never ruled on the specific issue now before the Court. Therefore, Judge Torres's ruling on JPMorgan's motion does not conflict with the law of the case.

### C. Whether Judge Torres Properly Analyzed the Transfer Factors

The Plaintiffs next take issue with Judge Torres's balancing of the transfer factors. Under 28 U.S.C. § 1404(a), the factors the Court should consider are:

> (1) Convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). The Plaintiffs believe that Judge Torres improperly weighed these factors, specifically by "only consider[ing] three factors 'that materially apply': the parties' initial choice of forum, the convenience of the parties involved, and the impact of the jurisdictional analysis." (Pls.' Objs., at 8 (citing R.&R. at 8).)

The Court agrees with Judge Torres's analysis. To start, Judge Torres was not mistaken when he focused his analysis on the three factors "that materially apply." (R. & R. at 8.) Judge Torres simply found that the other

factors, on balance, were not relevant based on the circumstances of this case. The Court agrees. (*See id.* at 8 (noting that "because these proceedings almost undoubtedly will not be brought to a trial, we need not consider the location of witnesses").)

The Court also agrees that the convenience of the parties and efficiency concerns outweigh the Plaintiffs' initial choice of forum (the Southern District of Florida). As Judge Torres notes, all three parties who have a stake in the at-issue account have clear interests in litigating the action in New York. (*See id.* at 9 ("On balance, out of the three parties who have a stake in the Valero account, (1) the *Caballero* plaintiff is already seeking the Valero account in New York[2], (2) the *Stansell* plaintiffs are litigating a different post-judgment matter in New York, and (3) the three *Osio* plaintiffs reside in New York.").) Moreover, that the Plaintiffs' counsel has less means of litigating this action than JPMorgan's is not legally relevant. (*See id.* (citing *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004).)

Moreover, it is judicially efficient to transfer this case to New York, where there is no question as to the Southern District of New York's *in rem* jurisdiction over the at-issue bank account. As Judge Torres notes, there is a litany of case law that calls into question a Florida federal court's *in rem* jurisdiction over an out-of-state bank account. (*See id.* at 10-11 (collecting cases).) Thus, by transferring the interpleader action to the Southern District of New York, the Court ensures jurisdiction and thus judicial efficiency.

Finally, "a transfer would minimize the chances that this Court enters a turnover order . . . that conflicts with a turnover order entered by the Southern District of New York." (*Id.* at 14.) And given that multiple plaintiffs seek one account, "[u]ndoubtedly, that action should be resolved in one jurisdiction to avoid inconsistent judgments." (*Id.* at 15.)

The Court understands that a plaintiff's choice of forum should generally be respected and "not [] disturbed unless it is clearly outweighed by other considerations." (R. & R. at 9 (citation omitted).) But this is a unique case, for all the reasons discussed above and in Judge Torres's report and recommendation. The Court finds that on balance, the other relevant considerations here—the convenience of the parties and judicial efficiency—clearly outweigh the considerations the Court must give to the Plaintiffs' choice of forum. Judge Torres was thus correct in concluding that the § 1404(a) factors weigh in favor of transfer.

---

[2] The Southern District of New York case is captioned *Caballero v. Fuerzas Armados Revolucionarias de Colombia et al.*, No. 20-mc-00249 (Caproni, J.).

### D. Whether the Court Has Subject Matter Jurisdiction

The Plaintiffs also believe that the Court lacks subject matter jurisdiction over JPMorgan's interpleader action because JPMorgan has yet to deposit the disputed funds into the Court registry. (Pls.' Objs., at 19.) And because the Court lacks subject matter jurisdiction over the interpleader, according to the Plaintiffs, the Court cannot transfer the case. (*Id.* at 19-20.)

The Court notes that the Plaintiffs did not make this argument when opposing the original motion to transfer. (*See generally* Pls.' Resp., ECF No. 627.) Typically, "arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation." *Golden v. Univ. of Miami*, 484 F.Supp.3d 1255, 1257 (S.D. Fla. 2020) (Louis, J.) (cleaned up)). However, the Court will consider the Plaintiffs' argument, given that "[f]ederal courts have an obligation to examine *sua sponte* their own jurisdiction over a case, notwithstanding the contentions of the parties." *DeRoy v. Carnival Corp.*, 963 F.3d 1302, 1311 (11th Cir. 2020) (citation omitted).

The Plaintiffs focus solely on 28 U.S.C. § 1335, and the fact that JPMorgan has not deposited the blocked funds into the Court registry. (*See* Pls.' Objs. at 19.) Section 1335 is clear: there is no subject matter jurisdiction under that section unless the disputed funds are deposited into the Court registry. *See Alley, Maas, Rogers & Lindsay, O.A. v. Pretzel Ltd.*, CASE NO. 23-CV-80664-AMC/BER, 2023 WL 7005091, at *1 (S.D. Fla. Oct. 5, 2023) (Reinhart, J.).

JPMorgan argues it would "be ridiculous for JPMorgan to deposit the funds," and that this Court "lacks the authority anyway to direct the blocked funds to be deposited into the registry." (JPM's Objs., at 19.) That may be true, but the statute says what it says, and JPMorgan does not provide any authority excepting it from the statute's jurisdictional requirement.

Nevertheless, the Court, at the very least, has supplemental subject matter jurisdiction under 28 U.S.C. § 1367, because JPMorgan's claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Importantly, "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Id.*

The Court thus has subject matter jurisdiction over JPMorgan's interpleader action and may transfer this action.

### E. Other Concerns Not Raised in the Initial Motion Briefing

Lastly, the Court notes that the Plaintiffs raise additional arguments that were not raised in the original briefing. (*See, e.g.*, Pls.' Objs. at 17 ("The very pendency of the *Stansell* and *Alban* [Fla. Stat.] § 56.29 proceedings supplementary in this District should prevent the Court from transferring the garnishments action.") But as mentioned above, "arguments that are not raised before a magistrate judge cannot be raised for the first time as an objection to a report and recommendation." *Golden*, 484 F.Supp.3d at 1257 (cleaned up). The Court thus declines to hear these arguments.

### 2. Conclusion

The Court finds that the Plaintiffs' objections are without merit. The Court thus **affirms and adopts** Judge Torres's report and recommendations (**ECF No. 654**), **overrules** the Plaintiffs' objections (**ECF No. 669**), and **grants** JPMorgan's motion (**ECF No. 619**).

Accordingly, the Court **consolidates** and **transfers** the following motions to the Southern District of New York:

(1) JPMorgan's Answer, Counterclaim and Third-Party Complaint for Relief in Interpleader (ECF No. 585 in *Stansell*; ECF No. 242 in *Osio*)[3];

(2) the *Stansell* and *Osio* Plaintiffs' Motions to Dismiss JPMorgan's Counterclaim and Third-Party Complaint (ECF No. 603 in *Stansell* and ECF No. 300 in *Osio*);

(3) the *Stansell* Plaintiffs' Motion for Entry of Final TRIA Turnover Judgment regarding the Valero account (ECF No. 624);

(4) the *Osio* Plaintiffs' Motion to Compel Production of Documents from Valero Energy (ECF No. 262 in *Osio*); and

---

[3] *Osio et al. v. Maduro Moros et al.*, No. 21-20706-CIV-GAYLES (S.D. Fla. filed Feb. 22, 2021).

(5) the *Stansell* and *Osio* Plaintiffs' Motion to Direct Deposit Into Court Registry (ECF No. 629 in *Stansell*).

**Done and ordered** in Miami, Florida, on April 1, 2025.

_____
Robert N. Scola, Jr.
United States District Judge