United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others,<br>Plaintiffs,<br><br>v.<br><br>Revolutionary Armed Forces of<br>Columbia, Defendant. | )<br>)<br>)<br>)  Case No. 19-20896-Civ-Scola<br>)<br>)<br>)<br>) |

### **Order Adopting Magistrate Judge's Report and Recommendations**

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendations on the Plaintiffs' motion for final turnover judgment. (Mot., ECF No. 571; Order of Referral, ECF No. 583.) Judge Torres issued a report, recommending that the Court deny the motion without prejudice because "the first-filed rule requires disposition in the S.D.N.Y." (Report & Recommendations, ECF No. 722 at 4.) The Plaintiffs filed objections. (ECF No. 727.) After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendations (**ECF No. 722**), **overrules** the Plaintiffs' objections (**ECF No. 727**), and **denies** the Plaintiffs' motion (**ECF No. 571**) **without prejudice**.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (cleaned up). Objections are "improper" if they amount to "nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge," as the "parties are not to be afforded a 'second bite at the apple' when they file objections to a [report and recommendation]." *Melillo v. United States*, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018) (Bloom, J.) (quoting *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (Moreno, J.)). The objections must also present "supporting legal authority." L. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (cleaned up). To the extent a party fails to

object to parts of the magistrate judge's report, those portions may be reviewed for clear error. *Macort*, 208 F. App'x at 784.

  Here, the Plaintiffs present a litany of objections to Judge Torres's report. (*See generally* Pls.' Objs., ECF No. 727.) The Plaintiffs' objections try to pick apart various factual determinations with Judge Torres's report. (*See id.*) These objections, however, are a red herring—the Plaintiffs do not explain how any of their objections, assuming they had merit, would make incorrect Judge Torres's conclusion "that the first-filed rule requires disposition in the S.D.N.Y." (Report & Recommendations, at 4.) For example, Judge Torres explained that "[w]hile Plaintiffs seek to disguise under Florida law their collection effort of the same exact funds, that does not affect our 2020 first-filed rule analysis." (*Id.*) Moreover, Judge Torres explained that the Plaintiffs' "transform[ation]" of Mr. Lopez Bello and Yakima into "judgment debtors" "fails to stave off application of our first-filed rule analysis." (*Id.* at 5.) On these two points, the Plaintiffs fail to explain how their objections, should they have merit, warrant a different result under the first-to-file rule. In fact, the Plaintiffs only tangentially refer to the first-to-file rule when they argue that a judgment here would not result in inconsistent judgments. (Pls.' Objs. at 5.) But the risk of inconsistent judgments is but *one* rationale of the first-to-file rule; it is not a necessary condition for the rule to apply. Again, the Plaintiffs fail to tie their objections to Judge Torres's holding.

  Therefore, the Court **affirms and adopts** Judge Torres's report and recommendations (**ECF No. 722**), **overrules** the Plaintiffs' objections (**ECF No. 727**), and **denies** the Plaintiffs' motion (**ECF No. 571**) **without prejudice**. The motion is denied without prejudice to allow the Plaintiffs to re-file their motion in the Southern District of New York.

  **Done and ordered** in Miami, Florida, on June 18, 2025.

                 _____
                 Robert N. Scola, Jr.
                 United States District Judge