United States District Court

for the
Southern District of Florida

| | |
|---|---|
| Keith Stansell, and others, Plaintiffs, ) | |
| ) | |
| v.                                     ) | Case No. 19-20896-Civ-Scola |
| ) | |
| Revolutionary Armed Forces of  ) | |
| Columbia, Defendant.             ) | |

### Order on Motion for Reconsideration

This matter is before the Court on the Plaintiffs' motion for reconsideration of the Court's order granting JPMorgan Chase Bank N.A.'s motion to transfer certain interpleader proceedings to the Southern District of New York. (Mot., ECF No. 726.) Third-party Defendant Antonio Caballero responded (ECF No. 779), as did JPMorgan Chase Bank (ECF No. 780). The Plaintiffs have filed a reply (ECF No. 792). After reviewing the filings, the applicable law, and the record, the Court **denies** the Plaintiffs' motion for reconsideration (**ECF No. 726**).

### I.    Background

This Court initially referred non-party JPMorgan Chase Bank, N.A.'s motion to consolidate and transfer the *Stansell* and *Osio* Interpleader Proceedings to the Southern District of New York ("S.D.N.Y.") to United States Magistrate Judge Edwin G. Torres for a report and recommendations.[1] (Mot. to Transfer, ECF No. 619; Order of Referral, ECF No. 621.) Judge Torres issued a report, recommending that the Court grant the motion and transfer the *Stansell* and *Osio* Interpleader Proceedings to the S.D.N.Y. (R. & R., ECF No. 654.) This Court affirmed and adopted Judge Torres's report and recommendations over the Plaintiffs' objections. (Order Adopting R. & R., ECF No. 687.)

The Plaintiffs now seek reconsideration of that order, arguing that an intervening change in Florida law warrants denying the motion to transfer the interpleader actions to the S.D.N.Y. (*See generally* Mot.)

---

[1] The *Stansell* proceeding refers to this case, Case No. 19-20896-Civ-Scola. The *Osio* proceedings refers to *Osio et al. v. Maduro Moros et al.*, Case No. 21-20706-CIV-GAYLES (S.D. Fla. filed Feb. 22, 2021) (Gayles, J).

## II. Legal Standard

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, No. 04-20520, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (cleaned up). In order to obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.*

## III. Analysis

Because this Court has transferred the interpleader actions to the S.D.N.Y., and such transfer has been effectuated, this Court currently lacks jurisdiction over the interpleader actions. On April 8, 2025, after this Court granted the motion to transfer, the Clerk of Court for the Southern District of Florida confirmed that the interpleader actions had been transferred to the S.D.N.Y. (*See* Clerk's Notice of Transfer, ECF No. 690.) On May 19, 2025, the S.D.N.Y. confirmed the transfer. *See Stansell et al. v. Revolutionary Armed Forces of Colombia*, Case No. 1:25-cv-4181 (S.D.N.Y. June 17, 2025). "Upon physical transfer of the case file to the transferee forum, the transferor court is stripped of jurisdiction to review its transfer order." *Forbes v. Lenox Financial Mortgage, LLC*, NO. 08-60455-CIV-MARRA/JOHNSON, 2008 WL 11331979, at *2 (S.D. Fla. Sept. 10, 2008) (Marra, J.) (collecting cases). Because the Southern District of New York "received the case file and docketed this case," the Court is "divest[ed]" of jurisdiction. *See id.*

The Plaintiffs believe that this Court does have jurisdiction, citing to *Nissim Corporation v. Time Warner, Inc.*, No. 07-20624-CIV, 2008 WL 11407185 (S.D. Fla. Apr. 3, 2008) (Cooke, J.). (*See* Mot., at 3.) In that case, Judge Cooke—understanding that CM/ECF creates an increasingly paperless world in federal district courts—applied a three-part test to determine whether the court still had jurisdiction: "(1) whether the original transfer order was intended to be effective instantly; (2) whether the transferee court had attempted to assert jurisdiction; and, (3) whether either party attempted to persuade the transferee court to exercise jurisdiction." *Nissim*, 2008 WL 11407185, at *2 (citing *Chamberlain v. US Bankcorp Cash Balance Retirement Plan*, 2005 WL 2757921

(S.D. Ill. Oct. 25, 2005)). Even under *Nissim*, the Court does not have jurisdiction over the interpleader actions.

To start, the Plaintiffs spend just one sentence applying *Nissim* to this case. (*See* Mot., at 4.)[2] Their conclusory argument does not satisfy the Plaintiffs' heavy burden on a motion for reconsideration. Moreover, "the original transfer order was intended to be effective instantly." *Nissim*, 2008 WL 11407185, at *2. In its order granting the motion, the Court stated that it "consolidates and transfers" certain motions to the Southern District of New York. (Order Adopting R. & R., at 6.) The Court thus intended for the consolidation and transfer "to be effective instantly." *Nissim*, 2008 WL 11407185, at *2. That same day, Judge Torres denied as moot certain motions in light of the transfer. (Paperless Order, ECF No. 689.) And just six days later, the Clerk of Court confirmed the transfer. (Clerk's Notice of Transfer, ECF No. 690.)

Additionally, the S.D.N.Y. has "attempted to assert jurisdiction." *Nissim*, 2008 WL 11407185, at *2. The Plaintiffs contend that the S.D.N.Y. "has not taken *any actions whatsoever* regarding the ostensibly-transferred *Stansell* writ." (Mot., at 4.) But that takes a narrow view of what is an assertion of jurisdiction under *Nissim*. In *Nissim*, Judge Marra noted that the transferee court asserted jurisdiction where the case was assigned to a judge, discovery was referred to a magistrate judge, and the district judge entered a standing order as well as "an Order relieving certain attorneys as counsel of record." *Nissim*, 2008 WL 11407185, at *2. Here, a district and magistrate judge have been assigned in the S.D.N.Y., instructions regarding Individual Practices of assigned District Judge have been docketed, and an order granting *pro hac vice* status to Stansells' and Osio's counsel have been entered. (*See* Cabelloro's Resp., ECF No. 779-1 (docket sheet for S.D.N.Y. *Stansell* action); ECF No. 779-2 (docket sheet for S.D.N.Y. *Osio* action).) The S.D.N.Y., as the transferee court, has not only *attempted* to assert jurisdiction, but also *has* asserted jurisdiction.

Finally, all parties have "attempted to persuade the transferee court to exercise jurisdiction." *Nissim*, 2008 WL 11407185, at *2. The Stansells and Osios have filed motions for pro hac vice status, and the Stansells themselves

---

[2] In their reply, the Plaintiffs likewise spend only one conclusory sentence applying *Nissim*. (*See* Reply, at 3-4.) The Plaintiffs also raise new jurisdictional arguments in their reply—namely, that "it is not clear that this Court's transfer Order [ECF 687] has been completed;" and that this Court can "direct[] the transferor court to request retransfer of the case." (*See id.* at 1-3.) However, the Court will not consider arguments first raised in a party's reply in support of its motion. In any event, for the reasons discussed in this section, the Court does not have jurisdiction over the motion for reconsideration, even under *Nissim*.

have asked the transferee court to transfer the case back here. (*See* Cabelloro's Resp., ECF No. 779-1 (docket sheet for S.D.N.Y. *Stansell* action).) Additionally, JPMorgan asked for an extension of time to respond to the motion for re-transfer. (*See id.*)

Because this Court lacks jurisdiction, the Court will not address the Plaintiffs' arguments regarding the alleged intervening change of law. *See Nissim*, 2008 WL 11407185, at *2 ("As this Court lacks jurisdiction over the Motion for Leave to Appeal Interlocutory Transfer Order, I decline to address Plaintiff's arguments regarding the interpretation and application of 28 U.S.C. § 1404 . . . ."). However, the Court notes that the Plaintiffs are incorrect that the "'unclear' legal issue" regarding Florida law was "the crucial deciding factor in this court's decision to order a Section 1404(a) transfer." (*See* Mot., at 1.) As this Court made clear in its original order, Judge Torres was correct in finding "that the convenience of the parties and efficiency concerns outweigh the Plaintiffs' initial choice of forum," and that "a transfer would minimize the chances that this Court enters a turnover order that conflicts with a turnover order entered by the Southern District of New York." (Order Adopting R. & R. at 4 (quoting R. &. R. at 14 (cleaned up)).) Any change of Florida law does not alter that conclusion.

## IV. Conclusion

For the reasons explained above, the Court **denies** the Plaintiffs' motion for reconsideration (**ECF No. 726**).

**Done and ordered** at Miami, Florida on June 24, 2025.

_____
Robert N. Scola, Jr.
United States District Judge