UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO.: 19-CV-20896-RNS

KEITH STANSELL, et al.,

Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES
OF COLUMBIA (FARC); et al.,

Defendants,

and

BANK OF AMERICA, N.A.,

Garnishee.
_______________________________________/

**NOTICE OF FILING OF AFFIDAVIT PURSUANT TO FLORIDA STATUTE 77.16 AND RESPONSE BY UNIVERSAL WEATHER AND AVIATION, INC. TO GARNISHMENT OF BANK OF AMERICA ACCOUNTS**

Universal Weather and Aviation, Inc., n/k/a Universal Weather and Aviation, LLC ("Universal") responds to the garnishment by Plaintiffs against Bank of America, N.A. ("BOA"), and provides its affidavit pursuant to Florida Statutes 77.16 relating to its claims to the garnished property. The funds garnished from BOA include $29,524.92 in funds exclusively and solely belonging to Universal; the balance of the funds are held in accounts titled in the name of Universal alone and, while earmarked for third parties, the funds remain Universal's property at this time.

1. On June 11, 2025, BOA filed its answer to Plaintiffs' Writ of Garnishment regarding Petroleos De Venezuela S.A. a/k/a PDVSA ("PdVSA") (Doc. 756, "BOA Answer").

2. Universal opposes the garnishment of the subject accounts, as some if not all of the funds held in these accounts are property of Universal. An affidavit relating to Universal's claim to the garnished funds pursuant to Florida Statute 77.16 is attached as **Exhibit A** ("Affidavit").

3. As stated in the BOA Answer, Universal has numerous accounts with BOA holding a total balance of $475,367.77 (the "Universal Accounts"). The Universal Accounts are in the name of Universal, and consist of (a) $29,524.92 for fees owed to Universal ("Universal Fees") and (b) $445,842.85 in funds earmarked for payment to PdVSA for services rendered but blocked by Universal due to compliance with Executive order 13850 issued on January 28, 2019, that prohibited dealings with Venezuelan entities including PdVSA (the "Blocked Funds"). The Blocked Funds have not been paid to PdVSA and remain Universal's property. Affidavit ¶ 6.

4. Plaintiffs seek to garnish the Universal Accounts.

5. The Universal Fees are exclusively Universal's property. They are not owed to PdVSA, and PdVSA has no claim to those funds. Affidavit ¶ 7.

6. Further, while the Blocked Funds have been earmarked for payment to PdVSA, those funds remain Universal's funds at this time and remain Universal's property. Affidavit ¶8.

7. To the extent that any funds contained in the Universal Accounts are ultimately not considered Universal's asset or otherwise garnishable, Universal seeks a determination that garnishment of the Universal Accounts are garnishable in this instance. As stated by both BOA and PdVSA in their respective pleadings (*see* BOA Answer and Doc. 827), it is an open question whether funds of or owed to an entity of a sovereign nation can be garnished at this juncture, and Universal requests a court determination to protect Universal from potential PdVSA claims that Universal will still owe PdVSA the funds in the event funds in the Universal Accounts are paid to Plaintiffs pursuant to the garnishment. Affidavit ¶ 9.

WHEREFORE, Universal claims ownership to some, if not all, of the funds in the Universal Accounts, seeks an order denying garnishment of Universal's property, and seeks a determination by this Court whether garnishment of the subject funds is proper.

Respectfully submitted,

/s/ *Adam P. Schwartz*

Adam P. Schwartz (FBN 83178)
J. Ryan Yant (FBN 104849)
Carlton Fields, P.A.
4221 W. Boy Scout Blvd., Ste 1000
Tampa Florida 33607-5780
Phone 813-229-4336
Fax 813-229-4133
Email aschwartz@carltonfields.com
ryant@carltonfields.com
Counsel for Universal Weather
and Aviation, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10, 2025, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel and parties of record.

/s/ *Adam P. Schwartz*
Adam P. Schwartz

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION CASE NO.: 19-CV-20896-RNS

KEITH STANSELL, et al.,

Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES
OF COLUMBIA (FARC); et al.,

Defendants,

and

BANK OF AMERICA, N.A.,

Garnishee.
______________________________________/

**AFFIDAVIT OF UNIVERSAL WEATHER**
**AND AVIATION, INC., IN ACCORDANCE WITH FLORIDA STATUTES 77.16**

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BEFORE ME, the undersigned authority duly authorized to administer oaths, personally appeared Kathlynn L. Self ("Affiant"), who being first duly sworn, on oath deposes and says that:

1. This Affidavit is made pursuant to §77.16, Florida Statutes.

2. My name is Kathlynn L. Self. I am a Senior Vice President, Chief Compliance Officer and Data Protection Officer and am an authorized agent of Universal Weather and Aviation, Inc., n/k/a Universal Weather and Aviation, LLC ("Universal").

3. I am authorized to make this Affidavit on Universal's behalf.

4. The Plaintiffs in this case are attempting to garnish funds from certain Bank of America, N.A. bank accounts held in the name of Universal containing $474,706.50 in the aggregate.

5. On June 11, 2025, BOA filed its answer to Plaintiffs' Writ of Garnishment regarding Petroleos De Venezuela S.A. a/k/a PDVSA ("PdVSA") (Doc. 756, "BOA Answer").

6. As stated in the BOA Answer, Universal has numerous accounts with BOA holding a total balance of $475,367.77 (the "Universal Accounts"). The Universal Accounts are in the name of Universal and consist of (a) $29,524.92 for fees owed to Universal ("Universal Fees") and (b) $445,842.85 in funds earmarked for payment to PdVSA for services rendered but blocked by Universal due to compliance with Executive Order 13850 issued on January 28, 2019, that prohibits dealings with Venezuelan entities including PdVSA (the "Blocked Funds"). The Blocked Funds have not been paid to PdVSA and remain Universal's property.

7. Universal claims the Universal Fees as its sole and exclusive property, and therefore the funds should not be subject to garnishment here. They are not owned by PdVSA, and PdVSA has no claims to those funds.

8. Further, while the Blocked Funds have been earmarked for payment to PdVSA, those funds remain Universal's funds at this time and remain Universal's property.

9. To the extent that any funds contained in the Universal Accounts are ultimately not considered Universal's asset or otherwise garnishable, Universal seeks a determination that garnishment of the Universal Accounts are garnishable in this instance. As stated by both BOA and PdVSA in their respective pleadings (*see* BOA Answer and Doc. 827), it is an open question whether funds of or owed to an entity of a sovereign nation can be garnished at this juncture, and Universal requests a court determination to protect Universal from potential PdVSA claims that

Universal will still owe PdVSA the funds in the event funds in the Universal Accounts are paid to Plaintiffs pursuant to the garnishment.

FURTHER AFFIANT SAYETH NAUGHT.

__________________________
(signature)

Kathlynn L. Self________________
(printed name)

SWORN TO AND SUBSCRIBED to before me, a notary public duly authorized to take oaths and acknowledgements in the above State and County, this 10th day of July, 2025 by Kathlynn L. Self, Senior Vice President, Chief Compliance Officer and Data Protection Officer of Universal Weather and Aviation, LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed said instrument in the capacity therein stated for the purposes and consideration therein expressed as the corporate act and deed of said company.

__________________________
Notary Public – State of Texas
Print Name: Bill L. Manning_________
My commission expires: 06/13/2028___

BILL L. MANNING
654888-1
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 13, 2028
NOTARY PUBLIC ★ STATE OF TEXAS