## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20896-CIV-SCOLA/TORRES

KEITH STANSELL, *et al.*,

     *Plaintiffs*,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*

     *Defendants*.

_____/

## REPORT AND RECOMMENDATION ON
## PLAINTIFFS' MOTION FOR TURNOVER JUDGMENT

This cause comes before the Court on Plaintiffs' Motion for Final TRIA Turnover Judgment. [D.E. 835]. No party has filed any response or objection, and the time do so has passed. The Motion, therefore, is ripe or disposition.[1] After careful review of the Motion and relevant authorities, and for the reasons set forth below, we recommend that Plaintiffs' Motion be **GRANTED**, and that a turnover judgment be entered in their favor.

---

[1] On July 23, 2025, the Honorable Robert N. Scola referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 875].

# I.    BACKGROUND

In an effort to collect on their outstanding judgment [D.E. 1][2] against Defendants, Plaintiffs have garnished several accounts and assets that purportedly belong to Defendants' agencies or instrumentalities. Recovery of such assets, provided all requirements are met, is permitted under the Terrorism Risk Insurance Act ("TRIA").

In the pending Motion, Plaintiffs seek turnover of a set of funds ("the Blocked Funds") held by Garnishee, Terrabank, N.A. ("Terrabank"). In Terrbank's initial blocking report as to the Blocked Funds, Terrabank indicates that the originator of the Blocked Funds, which are a wire transfer, is Sapphire Rose Gold Inc. ("Sapphire") The beneficiary, meanwhile, is Pavimentos Delta CA ("Pavimentos"). Terrabank, during the course of a review of the funds, issued questions to Sapphire to decipher the origin of the Blocked Funds. In response, Sapphire provided an invoice, in which it billed Directional Plus de Venezuela, C.A. for the sale of tires. This transaction was the source of the wire transfer.

Terrabank then inquired further. It learned that Directional Plus de Venezuela, C.A. is solely owned by Directional Plus International LTD, which in turn is solely owned by Corporacion Profit C.A. Terrabank then further learned that Sapphire and Directional Plus de Venezuela, C.A. lists the same managing members. Further, Corporacion Profit C.A. was revealed to have the same official address as

---

[2] The judgment is a registered foreign judgment, obtained by Plaintiffs in Case No. 8:09-cv-02308, D.E. 233.

Profit Corporation, C.A. (an entity deemed by this Court to be an agency or instrumentality of Defendants [D.E. 548]). Consequently, because Corporacion Profit, C.A. produced a "98% match within OFAC's Sanctions List Search to sanctioned entity Profit Corporation, C.A., coupled with the observance of both entities purportedly operating as contractors to the Government of Venezuela through PDVSA … guidance was requested from OFAC …." [D.E. D.E. 835-1 at 2]. Consequently, after receiving OFAC guidance, Terrabank blocked the funds based on their association with Profit Corporation C.A.

Consequently, Plaintiffs seek turnover of the Blocked Funds under the TRIA, based on their belief that Samark Jose Lopez Bello and Profit Corporation C.A. are the ultimate recipient of the funds.

## II.    ANALYSIS

First, we will determine whether Plaintiffs have satisfied their notice and service requirements under Florida law, before assessing whether Plaintiffs satisfy the requirements of the TRIA.

### A. *Florida Law*

Under § 77.041, Fla. Stat. the following notice requirements are imposed:

The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Plaintiffs certify that notice of the motion for writ of garnishment, as well as the subsequent writ, were provided to Mr. Lopez Bello and Profit Corporation C.A. [D.E. 775-2]. Specifically, Plaintiffs confirmed that they "mail[ed] a copy of the writs

of garnishment … and the motion for writ of garnishment … via first class mail" to Mr. Lopez Bello and Profit Corporation C.A. [D.E. 775-22 at 1]. Plaintiffs, therefore, have satisfied § 77.041.

Next, § 77.055, Fla. Stat. imposes further notice requirements once an answer to a writ of garnishment has been served:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, Plaintiffs similarly docketed confirmation that they provided Mr. Lopez and Profit Corporation, C.A. with notice of Terrbank's answer to the relevant writ. [D.E. 776-3]. Consequently, Plaintiffs have satisfied § 77.055.

### B. *TRIA*

Having found that Plaintiffs satisfied their notice requirements under Florida law, we next determine whether Plaintiffs satisfy the TRIA.

To "attach the assets of a third party who is alleged to be an agency or instrumentality of a terrorist party," a movant "must prove (1) that he obtained a judgment against a terrorist party for a claim based on an act of terrorism, (2) that the amount sought to be executed or attached does not exceed the compensatory damages awarded to the movant, (3) that the assets of the third party are blocked (as

that term is defined under the TRIA), and (4) that the third party is an agency or instrumentality of the terrorist party." *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1347 (11th Cir. 2022) (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014)).

The first requirement is readily met. As this Court has already held, "Plaintiffs … have adequately established that they have obtained an Anti-Terrorism judgment against a terrorist party (the FARC) that is based on an international act of terrorism." [D.E. 22 at 1].

As to the second requirement, Plaintiffs have represented in their Motion—in a manner that is unopposed by the Garnishee or any other interested party—that the amount of Blocked Funds does not exceed Plaintiffs' outstanding compensatory damages award. That requirement, then, is also met.

Third, the relevant assets are blocked for purposes of the TRIA. Indeed, Plaintiffs provide Terrabank's blocking report, which confirms the funds were blocked after Terrabank's consultation with OFAC, based on the funds "producing a '98% match' within OFAC's Sanctions List Search to sanctioned entity Profit Corporation, C.A." [D.E. 835-1 at 2].

Lastly, the fourth requirement is satisfied, as this Court has held (and has been upheld on appeal) that Mr. Lopez Bello and Profit Corporation C.A. are both agencies or instrumentalities of Defendants for purposes of the TRIA. *See* [D.E. 548], *aff'd*, *Stansell v. FARC*, No. 22-13798 (11th Cir. Oct. 30, 2024). The Blocked Funds, meanwhile, were blocked by Terrabank (after guidance from OFAC) because of the

parent company of the recipient of the funds "producing a '98% match' within OFAC's Sanctions List Search to sanctioned entity Profit Corporation, C.A." [D.E. 835-1 at 2]. More specifically, Directional Plus de Venezuela, C.A. (the recipient of the funds, per the invoice provided by Sapphire to Terrabank) is solely owned by Directional Plus International LTD, which in turn is solely owned by Corporacion Profit C.A.—that entity produced a 98% match under OFAC guidance to the agency or instrumentality, Profit Corporation C.A.

Absent evidence or argument to suggest that the funds are not sufficiently associated with an agency or instrumentality of Defendants (i.e., Mr. Lopez Bello and/or his entity Profit Corporation, C.A.), Plaintiffs have carried their burden of showing that the recipient of the Blocked Funds is Mr. Lopez Bello/his entity Profit Corporation, C.A. Thus, this fourth requirement is satisfied.

Accordingly, Plaintiffs have satisfied the requirements of both Florida law and the TRIA as to the Blocked Funds. The pending turnover Motion should, therefore, be granted as to the Blocked Funds.

### III.   CONCLUSION

For the reasons set forth above, we recommend that Plaintiffs' Motion for Turnover Judgment [D.E. 835] be **GRANTED**. We further recommend that a turnover judgment should be entered to direct Garnishee, Terrabank, N.A., to turnover to Plaintiffs the Blocked Funds; i.e., those funds identified in Plaintiffs' Motion, that Terrabank confirmed in its answer to Plaintiffs' writ of garnishment [D.E. 749] are blocked based on guidance from OFAC. Upon satisfaction of the

turnover judgment requirements, the Garnishee's obligations under the writ shall be discharged.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 27th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge