**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-20896-CIV-SCOLA/TORRES

KEITH STANSELL, *et al.*,

    *Plaintiffs*,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*

    *Defendants*.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR TURNOVER JUDGMENT

This cause comes before the Court on Plaintiffs' Motion for Final TRIA Turnover Judgment. [D.E. 836]. Garnishee, Archer-Daniels-Midland Company, has filed a response [D.E. 870], to which Plaintiffs have replied. [D.E. 886]. No other party or non-party has filed a response or sought to dissolve the underlying writ of garnishment. The Motion, therefore, is ripe or disposition.[1] After careful review of the Motion and relevant authorities, and for the reasons set forth below, we recommend that Plaintiffs' Motion be **GRANTED**, and that a turnover judgment be entered in their favor.

---

[1] On July 2, 2025, the Honorable Robert N. Scola referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 822].

1

## I.  BACKGROUND

In an effort to collect on their outstanding judgment [D.E. 1][2] against Defendants, Plaintiffs have garnished several accounts and assets that purportedly belong to Defendants' agencies or instrumentalities. Recovery of such assets, provided all requirements are met, is permitted under the Terrorism Risk Insurance Act ("TRIA").

In the pending Motion, Plaintiffs seek turnover of a set of funds ("the Blocked Funds") held by Garnishee, Archer-Daniels-Midland Company ("ADM"). In their response to this Motion, ADM confirms that it holds approximately $708,903.60 in an OFAC-blocked account for Postar Intertrade Limited ("Postar"). Plaintiffs, meanwhile, argue that Postar is owned by Mr. Lopez Bello, who has been held by this Court to be an agency or instrumentality of the Judgment Debtors. [D.E. 548]. Consequently, Plaintiffs seek turnover of the Blocked Funds under the TRIA.

In response, ADM essentially requests clarification that Plaintiffs may recover Postar's funds under the TRIA. ADM further requests that, if a turnover order is entered, its obligations under the pending writs be discharged.

## II.  ANALYSIS

We will first decide whether Plaintiffs have satisfied their notice requirements under Florida law before assessing whether Plaintiffs have satisfied the TRIA.

---

[2] The judgment is a registered foreign judgment, obtained by Plaintiffs in Case No. 8:09-cv-02308, D.E. 233.

A. *Florida Law*

Under § 77.041, Fla. Stat. the following notice requirements are imposed:

> The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Plaintiffs certify that notice of the motions for writ of garnishment, as well as the subsequent writs, were provided to Mr. Lopez Bello and Postar. [D.E. 775-6, 775-21]. Specifically, Plaintiffs confirmed that they "mail[ed] a copy of the writs of garnishment … and the motion for writ of garnishment … via first class mail" to Mr. Lopez Bello and Postar. [*Id.*]. Plaintiffs, therefore, have satisfied § 77.041.

Next, § 77.055, Fla. Stat. imposes further notice requirements once an answer to a writ of garnishment has been served:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, Plaintiffs similarly docketed confirmation that they provided Mr. Lopez Bello and Postar with notice of ADM's answers to the relevant writs. [D.E. 776-6, 802-3]. Consequently, Plaintiffs have satisfied § 77.055.

### B. *TRIA Requirements*

Having found that Plaintiffs satisfied their notice requirements under Florida law, we next determine whether Plaintiffs satisfy the TRIA.

To "attach the assets of a third party who is alleged to be an agency or instrumentality of a terrorist party," a movant "must prove (1) that he obtained a judgment against a terrorist party for a claim based on an act of terrorism, (2) that the amount sought to be executed or attached does not exceed the compensatory damages awarded to the movant, (3) that the assets of the third party are blocked (as that term is defined under the TRIA), and (4) that the third party is an agency or instrumentality of the terrorist party." *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1347 (11th Cir. 2022) (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014)).

The first requirement is readily met. As this Court has already held, "Plaintiffs … have adequately established that they have obtained an Anti-Terrorism judgment against a terrorist party (the FARC) that is based on an international act of terrorism." [D.E. 22 at 1].

As to the second requirement, Plaintiffs have represented in their Motion—in a manner that is unopposed by the Garnishee or any other interested party—that the amount of the Blocked Funds does not exceed Plaintiffs' outstanding compensatory damages award. That requirement, then, is also met.

Third, the relevant assets are blocked by the Office of Foreign Assets Control. Indeed, AMD confirms in its response to this Motion that it holds the "OFAC-blocked"

funds. [D.E. 870 at 1]. Further, ADM admitted in its answers to the writs of garnishment that the funds are blocked. *See* [D.E. 750 at ¶ 1] ("The Blocked Funds are blocked or frozen pursuant to the Foreign Narcotics Kingpin Designation Act, 21 U.S.C. §§ 1901 *et seq.*, and the regulations promulgated thereunder at 31 C.F.R. Part 598."); [D.E. 799 at ¶ 1] (same).

Lastly, the fourth requirement is also satisfied. The Court must determine that the Blocked Funds are "assets of any agency or instrumentality." TRIA § 201(a). Plaintiffs contend that Postar is owned by Mr. Lopez Bello (who this Court has deemed to be an agency or instrumentality under the TRIA), and thus, the Blocked Funds are "assets of an agency or instrumentality." *Id*. We agree. For one, Plaintiffs assertion that Postar is owned by Mr. Lopez Bello is uncontested; in fact, ADM blocked the assets on the basis that "Postar … is owned by Bello." [D.E. 750 at ¶ 1; 799 at ¶ 1]. Further, the Southern District of New York has decided on a similar turnover motion relating to assets of Postar (in an opinion that is, while certainly not binding, factually similar and persuasive) that the blocked funds were recoverable based on Mr. Lopez Bello's interest. *See Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, No. 20-MC-249 (VEC), 2025 WL 486365, at *3 (S.D.N.Y. Feb. 12, 2025) (granting turnover motion under facts where "[t]he Blocked Account is the property of Postar, which is indirectly owned by Lopez Bello, whose interest in the Blocked Account is the basis for the blocking of the account under 31 C.F.R. Part 598, as stated in Bunge's Blocking Report to OFAC").

5

Having been satisfied by Plaintiffs showing that Mr. Lopez Bello has a sufficient interest in Postar and its blocked assets, particularly in light of no opposition or undermining evidence, we find that Plaintiffs have satisfied the requirements of the TRIA.

Consequently, because Plaintiffs have satisfied the requirements of both Florida law and the TRIA as to the Blocked Funds, the pending turnover Motion should be granted.

### III. CONCLUSION

For the reasons set forth above, we recommend that Plaintiffs' Motion [D.E. 836] be **GRANTED**. We further recommend that a turnover judgment should be entered to direct Garnishee, Archer-Daniels-Midland Company, to turnover to Plaintiffs the Blocked Funds; i.e., those funds specified in Plaintiffs' Motion, that Archer-Daniels-Midland Company confirmed in its answers to Plaintiffs' writs of garnishment [D.E. 750 at ¶ 1; D.E. 799 at ¶ 1] are blocked by OFAC based on Postar Intertrade Limited's (and therefore Samark Lopez Bello's) interest in the funds. Upon satisfaction of the turnover judgment requirements, the Garnishee's obligations under the writs shall be discharged.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or

legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 27th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge