UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20896-CIV-SCOLA/TORRES

KEITH STANSELL, *et al.*,

    *Plaintiffs*,

v.

REVOLUTIONARY ARMED FORCES OF
COLOMBIA, *et al.*

    *Defendants*.

_____/

# REPORT AND RECOMMENDATION ON
# MOTION FOR TURNOVER JUDGMENT

This cause comes before the Court on Plaintiffs' Motion for Final TRIA Turnover Judgment [D.E. 899]. No party has filed any response or objection, and the time to do so has passed. The Motion, therefore, is ripe for disposition.[1] After careful review of the Motion and relevant authorities, and for the reasons set forth below, we recommend that Plaintiffs' Motion be **GRANTED**, and that a turnover judgment be entered in their favor.

---

[1] On August 5, 2025, the Honorable Robert N. Scola referred this Motion to the Undersigned Magistrate Judge for disposition. [D.E. 911].

1

## I. BACKGROUND

In an effort to collect on their outstanding judgment [D.E. 1][2] against Defendants, Plaintiffs have garnished several accounts and assets that purportedly belong to Defendants' agencies or instrumentalities. Recovery of such assets, provided all requirements are met, is permitted under the Terrorism Risk Insurance Act ("TRIA").

In the pending Motion, Plaintiffs seek turnover of a set of funds ("the Blocked Funds") held by SAFRA National Bank of New York ("SAFRA"). The funds are held by SAFRA for the benefit of PYP International LLC ("PYP"). Plaintiffs aver that PYP, a dissolved Florida LLC, is wholly owned by Samark Lopez Bello, whom has been held by this Court to be an agency or instrumentality of the FARC. [D.E. 548]. Consequently, Plaintiffs seek the Blocked Funds under the TRIA.

## II. ANALYSIS

First, we will determine whether Plaintiffs have satisfied their service and notice requirements under Florida law, before assessing whether Plaintiffs satisfy the requirements of the TRIA.

### A. *Florida Law*

Under § 77.041, Fla. Stat. the following notice requirements are imposed:

> The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, and, if the defendant is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

---

[2] The judgment is a registered foreign judgment, obtained by Plaintiffs in Case No. 8:09-cv-02308, D.E. 233.

Plaintiffs certify that notice of the motion for writ of garnishment, as well as the subsequent writ, were provided to Mr. Lopez Bello and PYP. [D.E. 868]. Specifically, Plaintiffs confirmed that they "mail[ed] a copy of the writ of garnishment … and the motion for writ of garnishment … via first class mail to Samark Jose Lopez Bello and his entities," including PYP. [*Id.* at 1]. Plaintiffs, therefore, have satisfied § 77.041.

Next, § 77.055, Fla. Stat. imposes further notice requirements once an answer to a writ of garnishment has been served:

> Within 5 days after service of the garnishee's answer on the plaintiff or after the time period for the garnishee's answer has expired, the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. The plaintiff shall file in the proceeding a certificate of such service.

Here, Plaintiffs similarly docketed confirmation that they provided Mr. Lopez Bello and PYP with notice of SAFRA's answer to the relevant writ. [D.E. 896]. Consequently, Plaintiffs have satisfied § 77.055.

### B. *TRIA*

Having found that Plaintiffs satisfied their notice requirements under Florida law, we next determine whether Plaintiffs satisfy the TRIA.

To "attach the assets of a third party who is alleged to be an agency or instrumentality of a terrorist party," a movant "must prove (1) that he obtained a

3

judgment against a terrorist party for a claim based on an act of terrorism, (2) that the amount sought to be executed or attached does not exceed the compensatory damages awarded to the movant, (3) that the assets of the third party are blocked (as that term is defined under the TRIA), and (4) that the third party is an agency or instrumentality of the terrorist party." *Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1347 (11th Cir. 2022) (citing *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713 (11th Cir. 2014)).

The first requirement is readily met. As this Court has already held, "Plaintiffs … have adequately established that they have obtained an Anti-Terrorism judgment against a terrorist party (the FARC) that is based on an international act of terrorism." [D.E. 22 at 1].

As to the second requirement, Plaintiffs have represented in their Motion—in a manner that is unopposed by the Garnishee or any other interested party—that the amount of Blocked Funds does not exceed Plaintiffs' outstanding compensatory damages award. That requirement, then, is also met.

Third, the relevant assets are blocked by the Office of Foreign Assets Control. Indeed, SAFRA confirms in its answer to the underlying writ of garnishment that SAFRA "has blocked the funds in the PYP Account pursuant to 31 C.F.R. § 598.202(a) and has reported the blocked PYP Account to [OFAC]." [D.E. 895 at ¶ 2].

Lastly, the fourth requirement is satisfied, as Plaintiffs have satisfied their burden of showing that the Blocked Funds are funds "of any agency or instrumentality." TRIA § 201(a).

4

This Court has held that Mr. Lopez Bello is an agency or instrumentality of Defendants for purposes of the TRIA. *See* [D.E. 548], *aff'd*, *Stansell v. FARC*, No. 22-13798 (11th Cir. Oct. 30, 2024). Plaintiffs, in turn, argue that PYP is wholly owned by Mr. Lopez Bello, and thus its assets are susceptible to turnover.

In support, Plaintiffs argue that Mr. Lopez Bello disclosed PYP as his entity earlier in this case. And in fact, Plaintiffs are correct that in an exhibit to support a motion to dissolve a writ of garnishment, Mr. Lopez Bello did identify PYP as one of his entities. [D.E. 112-1 at 17]. Moreover, a Final Default Judgment that includes PYP has been entered in this case. *See* [D.E. 548] ("Accordingly, the Court enters final judgment … in favor of Plaintiffs … against … PYP International, LLC, for which let execution issue.").

Consequently, seeing that (1) PYP is a judgment debtor in this case, (2) Plaintiffs have offered evidence that PYP is Mr. Lopez Bello's entity, and (3) no counter-evidence or opposing argument has been offered to undermine Plaintiffs' showing, we find that Plaintiffs have satisfied their burden under prong four, and have demonstrated that the Blocked Funds are funds "of any agency or instrumentality." TRIA § 201(a).

Accordingly, Plaintiffs have satisfied the requirements of both Florida law and the TRIA as to the Blocked Funds. The pending turnover Motion should, therefore, be granted as to the Blocked Funds.

### *III.     CONCLUSION*

For the reasons set forth above, we recommend that Plaintiffs' Motion for Turnover Judgment [D.E. 899] be **GRANTED**. We further recommend that a turnover judgment should be entered to direct Garnishee, SAFRA National Bank of New York, to turnover to Plaintiffs the Blocked Funds; i.e., those funds specified in Plaintiffs' Motion, that SAFRA confirmed in its answer to Plaintiffs' writ of garnishment [D.E. 895] are blocked under 31 CFR Part 598 based on PYP International LLC's interest in the funds. Upon satisfaction of the turnover judgment requirements, the Garnishee's obligations under the writ shall be discharged.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to expedite objections. Accordingly, the parties and any non-parties have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers at Miami, Florida this 28th day of August, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge